DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 175394
Chief Deputy City Attorney
MOLLIE M. LEE, SBN 251404
Chief of Strategic Advocacy
SARA J. EISENBERG, SBN 269303
Chief of Complex and Affirmative Litigation
NANCY E. HARRIS, SBN 197042
KARUN A. TILAK, SBN 323939
Deputy City Attorneys
Fox Plaza
1390 Market Street, 7th Floor
San Francisco, CA 94102-5402
Telephone:   (415) 355-3308
Facsimile:   (415) 437-4644
E-Mail:      karun.tilak@sfcityatty.org

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO

TONY LOPRESTI, SBN 289269
County Counsel
KAVITA NARAYAN, SBN 264191
Chief Assistant County Counsel
MEREDITH A. JOHNSON, SBN 291018
Lead Deputy County Counsel
STEFANIE L. WILSON, SBN 314899
RAJIV NARAYAN, SBN 334511
Deputy County Counsels
BILL NGUYEN, SBN 333671
Litigation Fellow
70 W. Hedding Street, East Wing, 9th Floor
San José, CA 95110
Telephone:   (408) 299-5900
Facsimile:   (408) 292-7240
E-Mail:      tony.lopresti@cco.sccgov.org

Attorneys for Plaintiff
COUNTY OF SANTA CLARA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, COUNTY OF SANTA CLARA, CITY OF PORTLAND, MARTIN LUTHER KING, JR. COUNTY, CITY OF NEW HAVEN, CITY OF OAKLAND, CITY OF EMERYVILLE, CITY OF SAN JOSÉ, CITY OF SAN DIEGO, CITY OF SACRAMENTO, CITY OF SANTA CRUZ, COUNTY OF MONTEREY, CITY OF SEATTLE, CITY OF MINNEAPOLIS, CITY OF ST. PAUL, CITY OF SANTA FE,<br><br>   Plaintiffs,<br><br>   vs.<br><br>DONALD J. TRUMP, President of the United States, UNITED STATES OF AMERICA, PAMELA BONDI, Attorney General of the United States, EMIL BOVE, Acting Deputy Attorney General, UNITED STATES DEPARTMENT OF JUSTICE, KRISTI NOEM, Secretary of United States Department of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, DOES 1-100,<br><br>   Defendants. | Case No. 3:25-cv-1350-WHO<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing Date:  Wednesday, April 23, 2025<br>Time:          2:00 P.M<br>Judge:         Honorable William H. Orrick<br>Place:         Courtroom 2<br><br>Date Filed:    February 7, 2025 |

On March 17, 2025, Plaintiffs[1] filed a Motion for Preliminary Injunction ("Motion") and a hearing on the Motion was held before this Court on Wednesday April 23, 2025, at 2:00 p.m. The Court, having considered the Motion and documents filed therewith, all of the papers on file in this action, and the evidence and arguments presented at the hearing, hereby GRANTS Plaintiffs' Motion.

Issuance of a preliminary injunction is warranted if the movant establishes (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of relief; (3) that the balance of equities tips in the movant's favor; and (4) that granting relief is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Courts in the Ninth Circuit evaluate these factors on a "sliding scale" such that "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and the injunction is in the public interest." *Arc. of Cal. v. Douglas*, 757 F.3d 975, 983 (9th Cir. 2014) (cleaned up). As government entities are parties to this case, the final two factors merge. *Roman v. Wolf*, 977 F.3d 935, 940–41 (9th Cir. 2020).

Plaintiffs' First Amended Complaint challenges Executive Order 14,159, entitled "Protecting the American People Against Invasion;" Executive Order 14,218, entitled "Ending Taxpayer Subsidization of Open Borders;" and the February 5, 2025 "Sanctuary Jurisdictions Directives" Memorandum from Defendant Attorney General Pamela Bondi (the "Bondi Directive"). Plaintiffs have moved this Court to preliminarily enjoin Defendants[2] and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them from taking any action to withhold, freeze, or condition federal funds based on (1) Section 17 of Executive Order 14,159; (2) Section 2(a)(ii) of Executive Order 14,218; or (3) the Bondi Directive to

---

[1] Plaintiffs are City and County of San Francisco, County of Santa Clara, City of Portland, Martin Luther King, Jr. County, City of New Haven, City of Oakland, City of Emeryville, City of San Jose, City of San Diego, City of Sacramento, City of Santa Cruz, County of Monterey, City of Seattle, City of Minneapolis, City of St. Paul, and City of Santa Fe.

[2] Defendants are Donald J. Trump, President of the United States; the United States; the United States Department of Justice; Pamela Bondi in her official capacity as Attorney General of the United States; Emil Bove in his capacity as Acting Deputy Attorney General of the United States; the United States Department of Homeland Security; and Kristi Noem in her official capacity as Secretary of the Department of Homeland Security.

jurisdictions on the basis that they have policies limiting (i) the honoring of civil immigration detainer requests; (ii) cooperation with administrative warrants for purposes of immigration enforcement; (iii) sharing of information with federal immigration authorities other than immigration or citizenship status; (iv) the use of local law enforcement to arrest or detain individuals solely for civil immigration violations; or (v) the use of local resources to assist with civil immigration enforcement activities.

The Court finds that Plaintiffs have established they are likely to prevail on the merits of each of their claims. The challenged directives in the Executive Orders and the Bondi Directive to withhold, freeze, or condition federal funding violate the Constitution's separation of powers principles, the Spending Clause, and the Fifth Amendment. *See City & Cnty. of S.F. v. Trump*, 897 F.3d 1225, 1234–35 (9th Cir. 2018); *Cnty. of Santa Clara v. Trump, et al.*, 250 F.Supp.3d 497, 530–32, 534–36 (N.D. Cal. 2017). The Executive Orders' directives to withhold or freeze federal funding also violate the Tenth Amendment. *See Cnty. of Santa Clara*, 250 F. Supp. 3d at 533. Lastly, the Bondi Directive's directive to freeze all DOJ funds is arbitrary and capricious, contrary to the Constitution, and *ultra vires* final agency action under the Administrative Procedure Act. 5 U.S.C. § 706(2).

Plaintiffs have further demonstrated a likelihood of irreparable harm in the absence of relief, as the threat to withhold funding causes irreparable harm in the form of budgetary uncertainty, deprivation of constitutional rights, and undermining trust between Plaintiffs and the communities they serve. *See City & Cnty. of S.F.*, 897 F.3d at 1244 (budgetary harms); *Washington v. Trump*, 847 F.3d 1151, 1169 (9th Cir. 2017) (constitutional harms); *City of Los Angeles v. Sessions*, 2018 WL 6071072, at *3 (C.D. Cal. Sept. 13, 2018) (community harms), *aff'd sub nom. City of Los Angeles v. Barr*, 941 F.3d 931 (9th Cir. 2019). Lastly, the balance of the equities favors Plaintiffs, and the requested relief is in the public interest. *City & Cnty. of S.F.*, 897 F.3d at 1244.

**PRELIMINARY INJUNCTION**

Now, therefore, it is hereby ORDERED that:

1.  Defendants[3] and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them ARE HEREBY RESTRAINED AND ENJOINED from directly or indirectly taking any action to withhold, freeze, or condition federal funds based on (1) Section 17 of Executive Order 14,159, entitled "Protecting the American People Against Invasion," (2) Section 2(a)(ii) of Executive Order 14,218, entitled "Ending Taxpayer Subsidization of Open Borders," or (3) the February 5, 2025 Memorandum from the Attorney General entitled "Sanctuary Jurisdictions Directives" to jurisdictions on the basis that they have policies that limit (i) the honoring of civil immigration detainer requests; (ii) cooperation with administrative warrants for purposes of immigration enforcement; (iii) sharing of information with federal immigration authorities other than immigration or citizenship status; (iv) the use of local law enforcement to arrest or detain individuals solely for civil immigration violations; or (v) the use of local resources to assist with civil immigration enforcement activities.

2.  Defendants are instructed to provide written notice of this Order to all federal departments and agencies. The written notice shall instruct those agencies that they may not take steps to withhold, freeze, or condition funds to any jurisdiction having the policies described in the preceding paragraph based on Section 17 of Executive Order 14,159, Section 2(a)(ii) of Executive Order 14,218, or the February 5, 2025 Memorandum from the Attorney General entitled "Sanctuary Jurisdictions Directives."

3.  This Order shall apply to the maximum extent provided for by Federal Rule of Civil Procedure 65(d)(2) and 5 U.S.C. §§ 705 and 706.

---

[3] Defendant President Donald J. Trump is not enjoined by the Court's Order with respect to the "performance of his official duties." *See Franklin v. Massachusetts*, 505 U.S. 788, 802–03 (1992) (citation and quotation marks omitted). However, the injunction does run against any federal agency or official, including the other named Defendants and any other agency or individual acting in concert with or as an agent of the President or other Defendants to implement the enjoined provisions of Executive Orders 14,159 and 14,128 and the Bondi Directive. *See Hawaii v. Trump*, 859 F.3d 741, 788 (9th Cir. 2017) ("Injunctive relief, however, may run against executive officials"), *rev'd on other grounds*, *Trump v. Hawaii*, 583 U.S. 941 (2017); *see also* Fed. R. Civ. Proc. 65(d)(2) (preliminary injunction may reach "other persons who are in active concert or participation with" the enjoined parties).

4. Defendants shall file a status report within seven (7) days of this Order apprising the Court of the status of their compliance with this Order, including by providing a copy of the written notice described above.

IT IS SO ORDERED.

Dated: _____

                     WILLIAM H. ORRICK
                     United States District Judge