1  DAVID CHIU, SBN 189542
   City Attorney
2  YVONNE R. MERÉ, SBN 175394
   Chief Deputy City Attorney
3  MOLLIE M. LEE, SBN 251404
   Chief of Strategic Advocacy
4  SARA J. EISENBERG, SBN 269303
   Chief of Complex and Affirmative Litigation
5  NANCY E. HARRIS, SBN 197042
   KARUN A. TILAK, SBN 323939
6  Deputy City Attorneys
   Fox Plaza
7  1390 Market Street, 7th Floor
   San Francisco, CA  94102-5408
8  Telephone:     (415) 355-3308
   Facsimile:      (415) 437-4644
9  E-Mail:         karun.tilak@sfcityatty.org

TONY LOPRESTI, SBN 289269
County Counsel
KAVITA NARAYAN, SBN 264191
Chief Assistant County Counsel
MEREDITH A. JOHNSON, SBN 291018
Lead Deputy County Counsel
STEFANIE L. WILSON, SBN 314899
RAJIV NARAYAN, SBN 334511
Deputy County Counsels
BILL NGUYEN, SBN 333671
Litigation Fellow
70 W. Hedding Street, East Wing, 9th Floor
San José, CA 95110
Telephone:     (408) 299-5900
Facsimile:      (408) 292-7240
E-Mail:         tony.lopresti@cco.sccgov.org

10 Attorneys for Plaintiff
   CITY AND COUNTY OF SAN FRANCISCO

Attorneys for Plaintiff
COUNTY OF SANTA CLARA

11

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14 CITY AND COUNTY OF SAN FRANCISCO,        Case No. 25-CV-01350-WHO
   COUNTY OF SANTA CLARA, CITY OF
15 PORTLAND, MARTIN LUTHER KING, JR.
   COUNTY, CITY OF NEW HAVEN, CITY OF       **DECLARATION OF HENRY BLUESTONE
16 OAKLAND, CITY OF EMERYVILLE, CITY        SMITH IN SUPPORT OF PLAINTIFFS'
   OF SAN JOSÉ, CITY OF SAN DIEGO, CITY     REQUEST FOR PRELIMINARY
17 OF SACRAMENTO, CITY OF SANTA CRUZ,       INJUNCTION**
   COUNTY OF MONTEREY, CITY OF
18 SEATTLE, CITY OF MINNEAPOLIS, CITY
   OF ST. PAUL, CITY OF SANTA FE,
19
20         Plaintiffs,

21         vs.

22 DONALD J. TRUMP, President of the United
   States, UNITED STATES OF AMERICA,
23 PAMELA BONDI, Attorney General of the
   United States, EMIL BOVE, Acting Deputy
24 Attorney General, UNITED STATES
   DEPARTMENT OF JUSTICE, KRISTI NOEM,
25 Secretary of United States Department of
   Homeland Security, UNITED STATES
26 DEPARTMENT OF HOMELAND SECURITY,
   DOES 1-100,
27
           Defendants.
28

**DECLARATION OF HENRY BLUESTONE SMITH**

I, Henry Bluestone Smith, do hereby declare as follows:

1.     I am an attorney duly admitted to practice before the United States District Courts for the Northern District of California.

2.     I am a Deputy County Counsel with the Monterey County Counsel, the counsel of record for Plaintiff County of Monterey.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently so testify.

3.     I make this declaration in support of Plaintiffs' request for preliminary injunctive relief.

**County of Monterey Policies and Enactments**

4.     Attached hereto as Exhibit "A" is a true and correct copy of the County of Monterey's guidance document entitled "U.S. Immigration and Customs Enforcement Activity in Monterey County," dated February 10, 2025.

5.     Attached hereto as Exhibit "B" is a true and correct copy of the portion of the Monterey County Sheriff's Office Custody Manual that describes Sheriff's Office policy with respect to immigration detainers and immigration inquiries.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that this declaration was executed on March 10, 2025, in Salinas, Monterey County, California.


Dated:  March 12, 2025

HENRY BLUESTONE SMITH
Deputy County Counsel

# Exhibit A

County of Monterey guidance document
dated February 10, 2025

# County of Monterey



**OFFICE OF THE COUNTY COUNSEL**
Susan K. Blitch, County Counsel

## MEMORANDUM

**DATE:**      February 10, 2025

**TO:**        Elected Officials & Department Heads

**FROM:**      Henry Smith, Deputy County Counsel, Office of the County Counsel

**SUBJECT:**   U.S. Immigration and Customs Enforcement Activity in Monterey County

---

  This memorandum is offered as guidance to the County of Monterey ("County"), its political sub-divisions, and all employees thereof regarding their legal obligations when responding to U.S. Immigrations and Customs Enforcement ("ICE") activity in the County. The Office of the County Counsel recommends sharing this memorandum with staff in your office/department, and to reach out with any questions or concerns.

  The County Board of Supervisors recently reiterated its commitment to maintaining the County as a "Welcome County for Immigrants and Refugees" and declared the County to be a "Place of Trust and Safety for Immigrants." In addition, the California Values Act generally limits the use of local and state resources for federal immigration enforcement, and this law is broadly understood to prohibit public employees from using county time, data systems, properties, or funding in support of federal immigration enforcement activity. Pursuant to these local and state enactments, county employees may not in the course of their employment give their consent to federal immigration enforcement activities. While federal law prevents public employees from being legally prohibited from sharing information about an individual's immigration status with federal immigration officials, employees are also under no legal obligation to share such information, and consistent with state law may not take it upon themselves to use public resources to assist with any federal immigration enforcement.

  The purpose of these policies is to ensure that all residents trust county government, cooperate with the County's institutions, and participate in the County's programs that promote the public health, safety, and welfare. For example, the County needs crime victims and witnesses to cooperate with the Sheriff's Office and District Attorney's Office, to make Monterey County safe. The County needs parents to send their children to school and for employees to feel safe going to work, to keep Monterey County's economy strong. Additionally, the County needs people to seek medical care, to prevent the spread of disease. For these reasons, and others like them, the County needs all residents to know they can access the

Re: U.S. Immigration and Customs Enforcement Activity in Monterey County

County's services without fear of federal immigration consequences.

Consistent with these authorities and the requirements of federal law, there are three specific situations in which federal law enforcement may access the County's property to undertake immigration enforcement activities. These three situations apply with respect to both the County's facilities/physical locations and the County's records/data systems. These situations are:

- Federal law enforcement may access those portions of the County's property or records that are open to the <u>public</u>;

- Federal law enforcement may gain access to non-public locations or information if they present a <u>valid warrant</u> signed by a federal judge; and

- Federal law enforcement may gain access to non-public locations in exceedingly rare cases of "<u>exigent circumstance</u>".

County employees who are approached by federal law enforcement agents must immediately notify and obtain direction from appropriate office/department staff in their office/department, including their supervisors and/or senior staff specifically identified by their offices/departments for this purpose. **Senior staff identified by each office/department are the only county employees who may offer determinations to federal law enforcement agents regarding whether a valid warrant or exigent circumstances permit federal agents to access non-public parts of the County's property.**

Under no circumstances are county employees advised to physically attempt to interfere with any enforcement action. State law requirements of non-assistance do not create a right or a duty to interfere with federal agents regardless of whether those agents are heeding or ignoring the responses provided by employees or senior staff.

1. **What to do if approached by federal law enforcement agents.**

- If approached by federal law enforcement agents, county employees should immediately contact their supervisor or a senior staff member who is physically present at the location where agents have arrived. Employees should also contact the County Counsel personnel assigned to provide legal guidance to their office/department as soon as possible.

- County employees are not required to speak or interact with federal law enforcement agents. Employees are under no obligation to show personal identification of any kind.

Re: U.S. Immigration and Customs Enforcement Activity in Monterey County

- If a federal law enforcement agent who has approached a county employee attempts to present any document, asks for information of any kind, or asks for help in gaining access to the County's property, the employee should advise the agent that the agent must direct their inquiry to a qualified senior staff member, and should inform the agent that a manger is being contacted or is on the way.

- If a federal law enforcement agent who has approached a county employee attempts to gain access to non-public areas or records without waiting for a senior staff to arrive, employees should not physically interfere with agents and should do their best to document the agents' activity to the extent it is safe to do so.

2. **What constitutes a public or non-public part of County property.**

- Generally, parts of the County's property that are accessible to the public without requiring appointment, sign-in, passwords, or key cards are "public areas." Federal law enforcement agents may access these areas just as members of the public may access them. If federal law enforcement agents arrive in public areas, county employees should notify supervisors, but should otherwise take no action, consistent with their legal obligations to not assist and not interfere.

- Those parts of the County facilities that require key cards or permission for access, or that are not generally open to individuals who are not engaged in county business, are "non-public" areas. Employees may not help facilitate access to these locations for federal law enforcement agents, and may instead explain to those agents that a senior staff member is on the way to help address the situation.

- Every part of the County's password-protected computer or information technology systems, along with all information and data contained in those systems, should be considered "non-public." The systems may not be accessed, and data may not be obtained, except by a senior staff member who has determined that the situation legally requires the County to provide access to federal law enforcement agents.

- The County will develop facility-specific plans that help provide additional clarity regarding what constitutes "public" or "non-public" areas or information in each work location.

3. **Office/Department and Senior Staff Responsibilities.**

- Offices/Departments are hereby directed to identify Senior Staff Member(s) who are empowered to offer determinations to federal law enforcement agents regarding whether a valid warrant or exigent circumstances permit federal agents to access non-public parts of the County's property.

Re: U.S. Immigration and Customs Enforcement Activity in Monterey County

- Senior Staff members, working with County Counsel, are directed to develop facility-specific plans and to clarify for employees what constitutes "public" or "non-public" areas within a given county facility or workspace.

- Senior Staff members will be provided with additional legal guidance to ensure that they have clear understandings of: (1) what constitutes a valid warrant issued by a federal judge; and (2) what constitutes exigent circumstances that would justify providing assistance or access to federal agents during enforcement actions.

- Senior Staff members will receive guidance regarding how to report activities to the County Counsel's Office, and how to document any instances where federal law enforcement agents have attempted to access non-public areas or property without proper authority to do so.

SUSAN K. BLITCH, County Counsel

By _Hal Smith_____

Henry Bluestone Smith
Deputy County Counsel

# Exhibit B

Excerpt of Monterey County Sheriff's Office
Custody Manual

**Policy**

**502**

**Monterey County Sheriff's Office**

Monterey County SO Custody Manual

# Inmate Reception

### 502.1  PURPOSE AND SCOPE

The Monterey County Sheriff's Office has a legal and methodical process for the reception of arrestees into this facility. This policy establishes guidelines for security needs, the classification process, identification of medical/mental health issues and the seizure and storage of personal property.

### 502.2  POLICY

This office shall use the following standardized policies when receiving arrestees to be booked into this facility. This is to ensure security within the facility and that arrestees are properly booked and afforded their applicable rights.

### 502.3  PRE-BOOKING SCREENING

All arrestees shall be screened prior to booking to ensure the arrestee is medically acceptable for admission and that all arrest or commitment paperwork is present to qualify the arrestee for booking. Required paperwork may include the following:

(a)  Arrest reports

(b)  Probable cause declarations

(c)  Warrants or court orders

(d)  Victim notification information

(e)  Special needs related to religious practices, such as diet, clothing and appearance (see the Religious Programs Policy)

(f)  Accommodation requests related to disabilities (see the Inmates with Disabilities Policy)

(g)  Information regarding suicidal statements or actions

Any discrepancies or missing paperwork should be resolved before accepting the arrestee for booking from the arresting or transporting deputy.

Prior to accepting custody of an arrestee who claims to have been arrested due to a mistake of the arrestee's true identity or an arrestee who claims that identity theft led to the issuance of a warrant in the arrestee's name, staff shall make reasonable efforts to investigate the arrestee's claim of identity fraud or mistake. Staff shall notify a supervisor when an arrestee makes a claim of mistaken identity or identity fraud.

Arrestees who can post bail or qualify for a release on their Own Recognizance (O.R.), citation, or Penal Code § 849(b) will be processed and released (15 CCR 1029(a)(5)).

Copyright Lexipol, LLC 2025/02/03, All Rights Reserved.
Published with permission by Monterey County Sheriff's Office

# Monterey County Sheriff's Office
Monterey County SO Custody Manual

## Inmate Reception

### 502.3.1   IMMIGRATION DETAINERS
No individual should be held based solely on a federal immigration detainer under 8 CFR 287.7 (Government Code § 7284.6).

Notification to a federal authority may be made prior to release of an individual who is the subject of a notification request only if the person meets at least one the following (Government Code § 7282.5; Government Code § 7284.6):

(a)   Has been arrested and had a judicial probable cause determination for a serious or violent felony identified in Penal Code § 667.5(c) or Penal Code § 1192.7(c)

(b)   Has been arrested and had a judicial probable cause determination for a felony punishable by time in a state penitentiary

(c)   Has been convicted of an offense as identified in Government Code § 7282.5(a)

(d)   Is a current registrant on the California Sex and Arson Registry

(e)   Is identified by the U.S. Department of Homeland Security's (DHS) Immigration and Customs Enforcement (ICE) as the subject of an outstanding federal felony arrest warrant

### 502.3.2   NOTICE TO INDIVIDUALS
Individuals in custody shall be given a copy of documentation received from ICE regarding a hold, notification or transfer request along with information as to whether the Office intends to comply with the request (Government Code § 7283.1).

If the Office provides ICE with notification that an individual is being, or will be, released on a certain date, the same notification shall be provided in writing to the individual and to his/her attorney or to one additional person whom the individual may designate (Government Code § 7283.1).

### 502.3.3   ICE INTERVIEWS
Before any interview between ICE personnel and an individual in custody for civil immigration violations, the office shall provide the individual with a written consent form that explains the purpose of the interview, that the interview is voluntary, and that he/she may decline to be interviewed or may choose to be interviewed only with his/her attorney present. The consent form must be available in the languages specified in Government Code § 7283.1.

### 502.3.4   IMMIGRATION INQUIRIES PROHIBITED
Deputies shall not inquire into an individual's immigration status for immigration enforcement purposes (Government Code § 7284.6).

## 502.4   SEARCHES BEFORE ADMISSION
All arrestees and their property shall be searched for contraband by the booking person before being accepted for booking. All contraband items will be handled according to facility policy. Items of possible evidentiary value may be turned over to the arresting or transporting deputy for processing or processed according to the facility's rules for handling evidence. Approved personal property and clothing will be accepted. Items not approved will be returned to the arresting or

Copyright Lexipol, LLC 2025/02/03, All Rights Reserved.
Published with permission by Monterey County Sheriff's Office

*Inmate Reception*

transporting deputy prior to the arrestee being accepted for booking. A description of the items returned to the arresting or transporting deputy shall be documented on the arrestee's booking record.

Strip searches shall be conducted in accordance with the Searches Policy.

## 502.5  ADMISSION PROCESS

A unique booking number shall be obtained specific to the current admission. Photographs and fingerprints shall be taken.

The admission process should include an attempt to gather a comprehensive record of each arrestee, including the following:

- Identifying information, including name and any known aliases or monikers

- Current or last known address and telephone number

- Date and time of arrest

- Date and time of admission

- Name, rank, agency, and signature of the arresting deputy and transporting deputy, if different

- Health insurance information

- Legal authority for confinement, including specific charges, arrest warrant information, and court of jurisdiction

- Sex

- Age

- Date and place of birth

- Race

- Height and weight

- Occupation and current or most recent employment

- Preferred emergency contact, including name, address, telephone number, and relationship to inmate

- Driver's license number and state where issued, state identification number, or passport number

- Social Security number

- Additional information concerning special custody requirements or special needs

- Local, state, and federal criminal history records

- Photographs, fingerprints, and notation of any marks or physical characteristics unique to the inmate, such as scars, birthmarks, deformities, or tattoos

Copyright Lexipol, LLC 2025/02/03, All Rights Reserved.
Published with permission by Monterey County Sheriff's Office

*Inmate Reception*

- Medical, dental, and mental health screening records, including suicide risk

- Inventory of all personal property including clothing, jewelry, and money

- A record of personal telephone calls made at the time of booking or the time the opportunity was provided to place calls if the calls were not made

The inmate shall be asked if the inmate served in the U.S. military. The response shall be documented and made available to the inmate, the inmate's counsel, and the District Attorney (Penal Code § 4001.2).

Inventoried items of rare or unusual value should be brought to the attention of a supervisor. The inmate's signature should be obtained on the booking record and on any forms used to record money and property.

### 502.5.1  LEGAL BASIS FOR DETENTION
Arrestees admitted to the facility shall be notified of the official charge for their detention or legal basis of confinement in a language they understand.

### 502.5.2  ADMISSION OF SEX OFFENDER REGISTRANTS
The Records Division shall inform the California Department of Justice when inmates required to register address changes under Penal Code § 290.013 have been admitted into the jail within 15 days of the admission (Penal Code § 290.013).

### 502.6  TRANSITION FROM RECEPTION TO GENERAL POPULATION
The Shift Commander is responsible for ensuring only arrestees who qualify are placed into general population cells or housing. Those who will not be placed into general population include:

(a) Arrestees who are eligible for release following citation.

(b) Arrestees who are intoxicated or under the influence of any chemical substance.

(c) Arrestees who are arranging bail. They shall be permitted a reasonable amount of time, at the discretion of the Shift Commander, to make telephone calls before being placed in general population.

### 502.6.1  MONITORING FOR SIGNS OF INTOXICATION AND WITHDRAWAL
Staff shall respond promptly to medical symptoms presented by inmates to lessen the risk of a life-threatening medical emergency and to promote the safety and security of all persons in the facility.

Custody staff should remain alert to signs of drug and alcohol overdose and withdrawal, which include but are not limited to sweating, nausea, abdominal cramps, anxiety, agitation, tremors, hallucinations, rapid breathing, and generalized aches and pains. Any staff member who suspects that an inmate may be suffering from overdose or experiencing withdrawal symptoms shall promptly notify the supervisor, who shall ensure that the appropriate medical staff is notified.

### 502.6.2  INMATE SEPARATION
Inmates should be kept separate from the general population during the admission process. Newly admitted inmates should be separated according to the facility's classification plan.

Copyright Lexipol, LLC 2025/02/03, All Rights Reserved.
Published with permission by Monterey County Sheriff's Office

Monterey County Sheriff's Office
Monterey County SO Custody Manual

*Inmate Reception*

**502.7  INMATE PROPERTY CONTROL**

All property received from inmates at the time of booking shall be inventoried. A receipt should be signed by the inmate and the booking deputy and referenced to the booking number before the admission is completed. The original copy of the property receipt will be retained and placed in the inmate's file and/or with the property. A second copy will be presented to the inmate at the time of booking.

Excess personal clothing shall be mailed to, picked up by, or transported to designated family members or to a person of the inmate's choosing, or stored in containers designed for this purpose.

502.7.1  VERIFICATION OF INMATE'S MONEY

All monies belonging to the inmate and retained by the Cash Person shall be verified in front of the arresting officer. When possible, the inmate should initial the dollar amount on the booking sheet.

Negotiable checks or other instruments and foreign currency should also be placed in the inmates property. Jewelry and other small property should also be sealed in an envelope. All envelopes should clearly indicate the contents on the front. The person sealing it should initial across the sealed flap. The total amount of money received shall be entered into the cash computer along with the inmates name and booking number.

502.7.2  PROPERTY STORAGE

All inmate property should be stored in a secure storage area. Only authorized personnel may access the storage area and only for the purpose of depositing or retrieving property, or to conduct duly authorized work, including maintenance and other duties as directed by the Chief Deputy.

**502.8  INMATE TELEPHONE CALLS**

Every inmate detained in this facility shall be entitled to at least three completed telephone calls immediately upon being admitted and no later than three hours after arrest. Either the arresting or booking deputy must ask the inmate if he/she is a custodial parent with responsibility for a minor child as soon as practicable, but no later than three hours after the arrest, except when physically impossible. If the inmate is a custodial parent with responsibility for a minor child, the inmate shall be entitled to make two additional telephone calls to arrange care for the minor child (Penal Code § 851.5).

The calls may be of a duration that reasonably allows the inmate to make necessary arrangements for matters that he/she may be unable to complete as a result of being arrested. The calls are not intended to be lengthy conversations and the custody staff may use their judgment in determining the reasonable duration of the calls.

There is no obligation for the custody staff to make a telephone call on an inmate's behalf, for example in the case of a person who is so intoxicated that he/she cannot make a call. The custody staff is not required to wake an intoxicated person so that the person may complete a call. An intoxicated person should be provided the opportunity to make the telephone calls once the person awakes.

Copyright Lexipol, LLC 2025/02/03, All Rights Reserved.
Published with permission by Monterey County Sheriff's Office

*Inmate Reception*

### 502.8.1   TELEPHONE CALL PROCEDURES

The Office will pay the cost of local calls. Long distance calls will be paid by the inmate, using calling cards or by calling collect.

Calls between the inmate and his/her attorney shall be deemed confidential, and shall not be monitored, eavesdropped upon or recorded.

A sign containing the information as required in Penal Code § 851.5 in bold block type shall be posted in a conspicuous place where the inmates make their booking telephone calls and within the custody facility.

The public defender's telephone number shall be posted with the sign.

The signs shall be in English, Spanish, and any other language spoken by a substantial number of the public, as specified in Government Code § 7296.2, who are served by this agency (Penal Code § 851.5).

### 502.8.2   POSTING OF TELEPHONE INFORMATION

A sign containing the information as required in Penal Code § 851.5 in bold block type shall be posted in a conspicuous place where the inmates make their booking telephone calls.

The public defender's telephone number shall be posted with the sign.

The signs shall be in English, Spanish and any other language spoken by a substantial number of the public, as specified in Government Code § 7296.2, who are served by this agency (Penal Code § 851.5).

### 502.8.3   ONGOING TELEPHONE ACCESS

Ongoing telephone access for inmates who are housed at this facility will be in accordance with the Inmate Telephone Access Policy.

### 502.9   SHOWERING AND CLOTHING EXCHANGE

Inmates should be allowed to shower before being dressed in clean jail clothing. Showering should occur before an inmate is transferred from the temporary holding area to general population housing (see the Inmate Hygiene Policy).

### 502.10   JUVENILE DETAINEES

Juveniles are not eligible for admission to this jail. A juvenile may be held only for the length of time needed for release to a parent or guardian or transfer to an appropriate facility, and in any case, for a maximum of six hours (Welfare and Institutions Code § 207.1). Detention is subject to the following conditions:

(a)   The juvenile shall be held in an unlocked area that is not used for housing and is outside the secure perimeter of the jail, such as an interview room, lobby, or office.

(b)   The juvenile shall not be physically secured to a cuffing rail or other stationary object.

(c)   The juvenile shall be under continuous visual supervision by a law enforcement officer, a facility employee, or a designated youth attendant. Continuous visual monitoring

# Monterey County Sheriff's Office

Monterey County SO Custody Manual

---

*Inmate Reception*

---

may be by an audio/video system. The juvenile shall have constant auditory access to the staff.

(d)     Separation by sight and sound shall be maintained between all juveniles and adults in custody (34 USC § 11133). There should also be sight and sound separation between non-offender juveniles, such as those who may be in protective custody, and juveniles and status offenders.

---

Copyright Lexipol, LLC 2025/02/03, All Rights Reserved.
Published with permission by Monterey County Sheriff's Office