1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, COUNTY OF SANTA CLARA, CITY OF PORTLAND, MARTIN LUTHER KING, JR. COUNTY, CITY OF NEW HAVEN, CITY OF OAKLAND, CITY OF EMERYVILLE, CITY OF SAN JOSÉ, CITY OF SAN DIEGO, CITY OF SACRAMENTO, CITY OF SANTA CRUZ, COUNTY OF MONTEREY, CITY OF SEATTLE, CITY OF MINNEAPOLIS, CITY OF ST. PAUL, CITY OF SANTA FE, | Case No. 3:25-cv-1350-WHO **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |

Plaintiffs,

vs.

DONALD J. TRUMP, President of the United States, UNITED STATES OF AMERICA, PAMELA BONDI, Attorney General of the United States, EMIL BOVE, Acting Deputy Attorney General, UNITED STATES DEPARTMENT OF JUSTICE, KRISTI NOEM, Secretary of United States Department of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY,

Defendants.

| | |
|---|---|
| Hearing Date: | May 6, 2025 |
| Time: | 2:00 p.m. |
| Judge: | Hon. William H. Orrick III |
| Place: | Zoom Webinar |
| Date Filed: | February 7, 2025 |
| Trial Date: | None Set |

Plaintiffs[1] and Defendants[2] respectfully submit this Joint Case Management Statement and Proposed Order pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure, this Court's Standing Order titled "Judge Orrick's Standing Order for Civil Cases," and Civil Local Rule 16-9. Counsel for the parties met and conferred on these matters on April 28, 2025.

## 1.    Jurisdiction and Service

Plaintiffs' claims arise under the Constitution of the United States; Article I, the Fifth Amendment, and the Tenth Amendment thereto; and the laws of the United States. This Court has jurisdiction under 28 U.S.C. sections 1331 and 1346. This Court has further remedial authority under the Declaratory Judgment Act, 28 U.S.C. sections 2201 and 2202 *et seq.* All named defendants have been served.

Plaintiffs assert that there are no issues regarding personal jurisdiction or venue.[3] Plaintiffs also assert that the Court has subject-matter jurisdiction and that their claims are ripe.

Defendants dispute subject-matter jurisdiction on the grounds that Plaintiffs do not have standing as they have not established a sufficient injury in fact, their claims are not ripe for review, and they have not challenged final agency action. Defendants also reserve the right to advance arguments on misjoinder and severance in a forthcoming motion.

## 2.    Facts

### Plaintiffs' Statement

Plaintiffs are localities spread across the country, each of which limits the use of local resources to assist with federal civil immigration enforcement. Plaintiffs' policies all share two common goals: to

---

[1] Plaintiffs are City and County of San Francisco, County of Santa Clara, City of Portland, Martin Luther King, Jr. County, City of New Haven, City of Oakland, City of Emeryville, City of San José, City of San Diego, City of Sacramento, City of Santa Cruz, County of Monterey, City of Seattle, City of Minneapolis, City of St. Paul, and City of Santa Fe.

[2] Defendants are Donald J. Trump, President of the United States; the United States Department of Justice; Pamela Bondi in her official capacity as Attorney General of the United States; Emil Bove in his capacity as Acting Deputy Attorney General of the United States; the United States Department of Homeland Security; Kristi Noem in her official capacity as Secretary of the Department of Homeland Security; and the United States.

[3] Defendants do not challenge venue as to the Plaintiffs residing in this District, but reserve the right to address other venue concerns in Defendants' forthcoming motion to sever and transfer, as well as Defendants' forthcoming motion to dismiss.

improve trust between Plaintiffs and the communities they serve and to ensure that scarce local resources are used for the benefit of Plaintiffs' communities.

In furtherance of these goals, Plaintiffs generally limit local officials from inquiring about immigration status, conditioning local services based on immigration status, arresting individuals solely for civil immigration violations, or participating in enforcement of federal civil immigration laws. Several of Plaintiffs' policies also limit or prohibit local law enforcement from detaining an individual who is otherwise eligible for release from custody based solely on a civil immigration detainer request or administrative warrant issued by U.S. Customs and Immigration Enforcement. In addition, several Plaintiffs limit local officials from sharing certain personal information about community members— including home addresses and contact information, or the release dates of individuals held in custody— with federal immigration authorities.

Through several executive actions, Defendants have threatened to withhold critical federal funding and to initiate civil and criminal prosecution against so-called "sanctuary" jurisdictions like Plaintiffs that limit assistance for federal civil immigration enforcement.

First, on January 20, 2025, President Trump issued EO 14,159, entitled "Protecting the American People Against Invasion." Tilak Decl. Ex. 1 (EO 14,159), 90 Fed. Reg. 8443.[4] Section 17 of EO 14,159 directs the Attorney General and Secretary of Homeland Security to take "any lawful actions to ensure that so-called 'sanctuary' jurisdictions, which seek to interfere with the lawful exercise of Federal law enforcement operations, do not receive access to Federal funds," and further directs these officials to pursue civil and criminal enforcement against "sanctuary" jurisdictions. *Id.*, 90 Fed. Reg. at 8446. The day after EO 14,159 was issued, Defendant Bove issued a memorandum to all Department of Justice (DOJ) employees entitled "Interim Policy Changes Regarding Charging, Sentencing, And Immigration Enforcement" ("Bove Memo"), which purports to implement the Executive Order. Tilak Decl. Ex. 2. The Bove Memo expresses DOJ's view that "[t]he Supremacy Clause and other authorities require state and local actors to comply with the Executive Branch's immigration enforcement initiatives" and

---

[4] Citations to the Tilak Decl. refer to the Declaration of Karun Tilak filed in support of Plaintiffs' motion for a preliminary injunction, ECF No. 61-2.

threatens enforcement against states and localities that "fail[] to comply with lawful immigration-related commands and requests." *Id.* at p. 3.

On February 5, 2025, Defendant Bondi issued the Bondi Directive to all DOJ employees. Tilak Decl. Ex. 3. In furtherance of the policy announced in EO 14,159, the Bondi Directive commits DOJ to "ensure that, consistent with law, 'sanctuary jurisdictions' do not receive access to Federal funds from the Department." *Id.* at p. 1; *see also id.* ("Sanctuary jurisdictions should not receive access to federal grants administered by the Department of Justice."). To effectuate this goal, the Bondi Directive announces that DOJ will "pause the distribution of all funds" in order to perform a review and will "terminate any agreements that are in violation of law or are the source of waste, fraud, or abuse, and initiate clawback or recoupment procedures, where appropriate." *Id.* The Bondi Directive also announces that DOJ will impose immigration-related conditions on unspecified DOJ grants, and repeats the threat of civil and criminal enforcement against "sanctuary" jurisdictions.

On February 19, 2025, President Trump issued EO 14,218. Tilak Decl. Ex. 33, 90 Fed. Reg. 10581. Section 2(a)(ii) of that Executive Order directs every federal agency to "ensure, consistent with applicable law, that Federal payments to States and localities do not, by design or effect, facilitate the subsidization or promotion of illegal immigration, or abet so-called 'sanctuary' policies that seek to shield illegal aliens from deportation." *Id.* The asserted purpose of this directive is to "prevent taxpayer resources from acting as a magnet and fueling illegal immigration to the United States" and to ensure that "no taxpayer-funded benefits go to unqualified aliens." *Id*. Various executive agencies have since begun implementing EO 14,159, EO 14,128, and the Bondi Directive.

The loss of funding threatened by the executive actions above creates immediate harm to Plaintiffs. Federal funding accounts for a significant portion of Plaintiffs' budgets and supports essential safety-net and public safety services for Plaintiffs' communities. DOJ funding plays a particularly important role in Plaintiffs' efforts to promote public safety in their communities. The uncertainty created by the potential withdrawal of all or substantially all federal funding has already gravely hampered Plaintiffs' ability to budget and plan for the upcoming year.

//

//

Defendants' Statement

The challenged directives merely provide guidance to executive agencies and call for agencies to review and evaluate. Yet, Plaintiffs' challenge seeks to curb the Executive Branch's deliberative process concerning federal funding decisions and internal review of state and local governments' compliance with federal law. Plaintiffs have not identified any actions taken against the Plaintiffs, stemming from the challenged directives. Nor could they as Defendants are in an evaluation process, and have not made any decisions directly or immediately impacting Plaintiffs' funding.

**3.    Legal Issues**

Plaintiffs' Statement

Plaintiffs' Complaint raises the following legal issues:

A.  Whether Section 17 of EO 14,159 and Section 2(a)(ii) of EO 14,218 violate the Tenth Amendment to the U.S. Constitution by commandeering local governments to enforce federal civil immigration law.

B.  Whether Section 17 of EO 14,159, Section 2(a)(ii) of EO 14,218, and the Bondi Directive violate separation of powers as set forth in Article I, section 1 of the U.S. Constitution by exercising spending power that the U.S. Constitution vests exclusively in Congress.

C.  Whether Section 17 of EO 14,159, Section 2(a)(ii) of EO 14,218, and the Bondi Directive violate the Tenth Amendment and the Spending Clause of the U.S. Constitution by

   a.  Imposing conditions that are ambiguous,

   b.  Imposing conditions that are not germane to the purpose of the funds,

   c.  Imposing conditions that are so severe as to coerce local governments, and

   d.  Imposing conditions that would require local governments to act unconstitutionally.

D.  Whether Section 17 of EO 14,159, Section 2(a)(ii) of EO 14,218, and the Bondi Directive are void for vagueness and violate procedural due process under the Fifth Amendment to the U.S. Constitution.

E. Whether the Bondi Directive violates the Administrative Procedure Act as a final agency action that is arbitrary and capricious, contrary to the U.S. Constitution, and in excess of statutory authority.

F. Whether local laws and policies limiting (i) the honoring of civil immigration detainer requests; (ii) cooperation with administrative warrants for purposes of immigration enforcement; (iii) the sharing of information with federal immigration authorities other than immigration or citizenship status; (iv) the use of local law enforcement to arrest or detain individuals solely for civil immigration violations; or (v) the use of local resources to assist with civil immigration enforcement activities, comply with federal law, including 8 U.S.C. § 1373 and 8 U.S.C. § 1324.

G. Whether Plaintiffs are entitled to a preliminary and permanent injunction, declaratory relief, and other relief as stated in the operative First Amended Complaint.

Defendants' Statement

A. Whether Plaintiffs' claims are constitutionally ripe for judicial review.

B. Whether Plaintiffs satisfy the requirements for constitutional standing.

C. Whether the first sentence of Section 17 of Executive Order 14,159, Section 2(a)(ii) of Executive Order 14,218, or the Preamble and Section I of the February 5, 2025, Memorandum from the Attorney General entitled "Sanctuary Jurisdictions Directives" aligns with

    a. The Tenth Amendment,

    b. Constitutional Separation of Powers,

    c. The Spending Clause,

    d. Fifth Amendment Due Process, with respect to Counts 4 and 5 in the Amended Complaint and

    e. The Administrative Procedure Act, with respect to Counts 6 through 8 of the Amended Complaint.

//

//

4.   **Motions**

The Court heard argument on Plaintiffs' Motion for Preliminary Injunction on April 23, 2025. ECF No. 109. On April 24, 2025, the Court issued an Order Granting Preliminary Injunction restraining "Defendants and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them . . . from directly or indirectly taking any action to withhold, freeze, or condition federal funds from the Cities and Counties based on (1) the first sentence of Section 17 of Executive Order 14,159, (2) Section 2(a)(ii) of Executive Order 14,218, or (3) the Preamble and Section I of the February 5, 2025 Memorandum from the Attorney General entitled 'Sanctuary Jurisdictions Directives' on the basis that the Cities and Counties have policies that limit (i) the honoring of civil immigration detainer requests; (ii) cooperation with administrative warrants for purposes of immigration enforcement; (iii) sharing of information with federal immigration authorities other than immigration or citizenship status; (iv) the use of local law enforcement to arrest or detain individuals solely for civil immigration violations; or (v) the use of local resources to assist with civil immigration enforcement activities." ECF No. 111 at 5–6.

Proposed Intervenors Central American Resources Center of California, Coalition for Humane Immigrant Rights, and Immigrant Defendants Law Center filed a motion for permissive intervention on April 11, 2025. ECF No. 97. Defendants filed their opposition to the motion to intervene on April 25, 2025. ECF No. 115. Plaintiffs take no position on the motion to intervene. A hearing on the motion for permissive intervention is set for June 11, 2025. ECF No. 105.

Defendants anticipate filing a motion to dismiss by 21 days after the Court's decision on the pending motion to intervene (ECF No. 97), set to be heard on June 11, 2025. Plaintiffs do not oppose this extension of Defendants' responsive pleading deadline.

Further, Defendants intend to file a motion to sever and transfer certain Plaintiffs, in May 2025.

Plaintiffs anticipate filing a motion for summary judgment and may file motions related to discovery disputes, if there are disputes the parties are unable to resolve.

//

//

//

**5.      Amendment of Pleadings**

Plaintiffs filed their complaint on February 7, 2025, and filed a first amended complaint on February 27, 2025. Plaintiffs may seek leave to amend the pleadings to add additional facts and plaintiffs. Defendants reserve the right to object to such amendment, as appropriate.

**6.      Evidence Preservation**

The parties have reviewed the Northern District of California's Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties have begun conferring regarding the ESI Guidelines and will continue to meet and confer on this topic. Defendants have disseminated a litigation hold to preserve hard copy and electronic records relating to the Executive Directives and their implementation. The period covered will be January 20, 2025, to the present.

**7.      Disclosures**

Plaintiffs' Statement

Plaintiffs assert that the parties should exchange the initial disclosures required by Federal Rule of Civil Procedure 26(a) on or before May 30, 2025.

Defendants' Statement

As more thoroughly addressed in item 8 below, Defendants do not believe that initial disclosures (or discovery) are warranted in this case and object to Plaintiffs' proposal.

**8.      Discovery**

No discovery has been taken to date. If discovery is authorized, the parties agree to electronic service for discovery. They have not agreed to any other proposed limitations or modifications of the discovery rules. The parties will meet and confer on an ESI protocol as needed.

Plaintiffs' Statement

Plaintiffs anticipate serving written discovery in May 2025, including interrogatories, requests for admissions, and requests for documents regarding the scope, definitions, and application of EO 14,159, EO 14,218, and the Bondi Directive, including what federal funds are implicated; the status and designation of Plaintiffs as "sanctuary jurisdictions"; and the consequences of that designation under

EO 14,159, EO 14,218, and the Bondi Directive. Depending on Defendants' responses, Plaintiffs may serve additional discovery and/or notice depositions. Unless there are unusually protracted discovery disputes, Plaintiff anticipates being able to conclude discovery by fall 2025.

<u>Defendants' Statement</u>

Defendants assert that discovery is both premature and unwarranted. Initially, no discovery should be allowed until the Court has resolved subject-matter jurisdiction in Defendants' forthcoming motion to dismiss. Moreover, discovery is not appropriate in this case because Plaintiffs challenge the constitutionality of the Executive Directives on their face, which presents a purely legal question that the Court can decide without discovery. The Court's reasoning in the preliminary injunction order, which is based solely on the wording in the Executive Directives, supports this point. *See, e.g.*, ECF No. 111 at 4–5 ("The challenged sections in the 2025 Executive Orders and the Bondi Directive [] . . . violate the Constitution's separation of powers principles and the Spending Clause" as well as the Fifth and Tenth Amendments.).

Likewise, to the extent the Court views the Bondi emo as reviewable "final agency action," Plaintiffs would not be entitled to discovery with respect to their APA claim, but instead Defendants would produce an Administrative Record.

Notwithstanding, if the Court does allow for discovery, Defendants reserve the right to propound discovery requests upon Plaintiffs.

<u>The parties propose the following Rule 26(f) Discovery Plan.</u>

**A.  Initial disclosures**

As noted in item 7 above, the parties disagree on the need for and timing of any exchange of initial disclosures. No changes in form or substance are necessary.

**B.  Discovery subjects and timing**

Plaintiffs intend to propound discovery on the topics noted above. To facilitate dispositive motions, Plaintiffs propose that discovery should be complete by September 26, 2025.

**C.  Issues about disclosure, discovery, or preservation of electronically stored information**

No issues have arisen at this stage.

//

**D.    Privilege and protections**

The parties may assert privileges and protections and, if needed, will meet and confer regarding a stipulated protective order.

**E.    Discovery limitations**

As noted above, Defendants take the position that discovery is not warranted in this case. Plaintiffs disagree. The parties have not discussed other discovery limitations.

**F.    Other orders**

The parties do not seek any discovery orders at this stage.

**9.    <u>Class Actions</u>**

This is not a class action.

**10.    <u>Related Cases</u>**

This action is related to the following eight cases in the Northern District of California:

- *City and County of San Francisco v. Trump*, No. 3:17-cv-00485-WHO (N.D. Cal.);
- *County of Santa Clara v. Trump*, No. 3:17-cv-00574-WHO (N.D. Cal.);
- *City of Richmond Police Department v. Trump*, No. 3:17-cv-01535-WHO (N.D. Cal.);
- *City and County of San Francisco v. Sessions*, No. 3:17-cv-04642-WHO (N.D. Cal.);
- *State of California v. Sessions*, No. 3:17-cv-04701-WHO (N.D. Cal.);
- *City and County of San Francisco v. Sessions*, No. 3:18-cv-05146-WHO (N.D. Cal.);
- *State of California v. Sessions*, No. 3:18-cv-05169-WHO (N.D. Cal.); and
- *State of California v. Barr*, No. 3:19-cv-06189-WHO (N.D. Cal.).

The parties are aware of one other pending case challenging Section 2(a)(ii) of EO 14,218 and the Bondi Directive:

- *City of Chelsea v. Trump*, No. 1:25-cv-10442 (D. Mass.).

**11.    <u>Relief</u>**

Plaintiffs request the following relief from the Court:

A.    A declaration that Section 17 of EO 14,159 is unconstitutional and invalid on its face;

B.    A declaration that Section 17 of EO 14,159 is unconstitutional and invalid as applied to the laws and policies of Plaintiffs identified in the Complaint;

C.  A declaration that the portion of Section 2(a)(ii) of EO 14,218 relating to "sanctuary" policies is unconstitutional and invalid on its face;

D.  A declaration that the portion of Section 2(a)(ii) of Executive Order 14,218 relating to "sanctuary" policies is unconstitutional and invalid as applied to the laws and policies of Plaintiffs identified in the Complaint;

E.  A declaration that local laws and policies that limit (1) the honoring of civil immigration detainer requests; (2) cooperation with administrative warrants for purposes of immigration enforcement; (3) sharing of information with federal immigration authorities other than immigration or citizenship status; (4) the use of local law enforcement to arrest or detain individuals solely for civil immigration violations; and (5) the use of local employees to assist with immigration enforcement activities, do not violate federal law, including 8 U.S.C. § 1373 and 8 U.S.C. § 1324.

F.  A preliminary and permanent injunction enjoining Defendants from enforcing Section 17 of EO 14,159, or taking any other action in furtherance of any withholding or conditioning of federal funds based on Section 17 of EO 14,159 or taking enforcement actions against Plaintiffs based on the laws and policies identified in the Complaint;

G.  A preliminary and permanent injunction enjoining Defendants from enforcing the portion of Section 2(a)(ii) of EO 14,218 relating to "sanctuary" policies, or taking any other action in furtherance of any withholding or conditioning of federal payments based on that portion of Section 2(a)(ii) of EO 14,218;

H.  A preliminary and permanent injunction enjoining Defendants from implementing the funding pause or the unlawful funding conditions directed by the Bondi Directive, or taking enforcement action against Plaintiffs based on the laws and policies identified in the Complaint;

I.  Award Plaintiffs reasonable costs and attorneys' fees; and

J.  Grant any other further relief that the Court deems fit and proper.

//

**12.** **Settlement and ADR**

At this stage, the parties agree this case is unlikely to be resolved through settlement or ADR.

**13.** **Consent to Magistrate Judges for All Purposes**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.** **Other References**

The parties agree this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.** **Narrowing of Issues**

The parties will continue to meet and confer as appropriate in an attempt to narrow the issues to be decided.

**16.** **Expedited Trial Procedure**

The parties agree this is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64.

**17.** **Scheduling**

The parties propose the following schedules. Defendants believe it is premature to propose dates for discovery cutoff, pretrial deadlines, or trial.

| Event | Plaintiffs' Proposed Schedule | Defendants' Proposed Schedule |
|---|---|---|
| Deadline for the parties to exchange initial disclosures per Rule 26 | May 30, 2025 | N/A |
| Deadline for Defendants to file a Rule 12 motion or otherwise respond to the Complaint | 21 days after the Court's decision on the pending motion to intervene | 21 days after the Court's decision on the pending motion to intervene |
| Close of fact discovery | September 26, 2025 | N/A |
| Deadline for filing dispositive motions | October 24, 2025 | N/A |
| Hearing on dispositive motions | December 1, 2025 | N/A |

| Event | Plaintiffs' Proposed Schedule | Defendants' Proposed Schedule |
|---|---|---|
| Last day to exchange papers described in Civil L.R. 16-10(b)(7), (8), (9), and (10) and any motions *in limine* | February 9, 2026 | N/A |
| Last day to meet and confer before pretrial conference | February 16, 2026 | N/A |
| Deadline to file pretrial conference statement, proposed Findings of Fact and Conclusions of Law, and motions *in limine* | February 23, 2026 | N/A |
| Deadline to file response briefs to motions *in limine* | March 2, 2026 | N/A |
| Pretrial conference | March 9, 2026 | N/A |
| Trial | March 30, 2026 | N/A |

**18.** <u>**Trial**</u>

The parties agree that a bench trial would be appropriate in this case, if a trial is needed. They estimate a trial length of five days.

**19.** <u>**Disclosure of Non-Party Interested Entities or Persons**</u>

The parties are governmental entities and officials; therefore, Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15 do not apply.

**20.** <u>**Professional Conduct**</u>

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.** <u>**Other Matters**</u>

The parties have no other matters to report.

//

//

//

//

1

2

Dated: April 29, 2025

YAAKOV ROTH
Assistant Attorney General
Civil Division

3

4

DREW C. ENSIGN
Deputy Assistant Attorney General

5

6

ELIANIS PEREZ
Assistant Director

7

LAUREN FASCETT
Senior Litigation Counsel

8

9

ANGEL FLEMING
VICTORIA TURCIOS
LINDSAY ZIMLIKI
Trial Attorneys

10

11

*/s/ Caroline McGuire*
CAROLINE MCGUIRE
NY Bar No. 5854823
Trial Attorney
U.S. Department of Justice
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
T: 202.532.4268
E: caroline.mcguire@usdoj.gov

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Dated:  April 29, 2025                    DAVID CHIU
                                               City Attorney
2                                              YVONNE R. MERÉ
                                               Chief Deputy City Attorney
3                                              MOLLIE M. LEE
                                               Chief of Strategic Advocacy
4                                              SARA J. EISENBERG
                                               Chief of Complex and Affirmative Litigation
5                                              NANCY E. HARRIS
                                               KARUN A. TILAK
6                                              Deputy City Attorneys
                                               Fox Plaza
7                                              1390 Market Street, 7th Floor
                                               San Francisco, CA  94102-5402
8                                              Telephone:      (415) 355-3308
                                               Facsimile:      (415) 437-4644
9                                              E-Mail:         karun.tilak@sfcityatty.org

10
                                               By:  /s/ David Chiu
11                                             DAVID CHIU
                                               Deputy City Attorney
12
                                               Attorneys for Plaintiff
13                                             CITY AND COUNTY OF SAN FRANCISCO

14

15                                             TONY LOPRESTI
                                               County Counsel
16                                             KAVITA NARAYAN
                                               Chief Assistant County Counsel
17                                             MEREDITH A. JOHNSON
                                               Lead Deputy County Counsel
18                                             STEFANIE L. WILSON
                                               RAJIV NARAYAN
19                                             Deputy County Counsels
                                               BILL NGUYEN
20                                             Litigation Fellow
                                               70 W. Hedding Street, East Wing, 9th Floor
21                                             San José, CA 95110
                                               Telephone:      (408) 299-5900
22                                             Facsimile:      (408) 292-7240
                                               E-Mail:         tony.lopresti@cco.sccgov.org
23

24                                             By:  /s/ Tony LoPresti
25                                             TONY LOPRESTI
                                               County Counsel
26
                                               Attorneys for Plaintiff
27                                             COUNTY OF SANTA CLARA

28

ROBERT TAYLOR
Portland City Attorney

By: /s/ Naomi Sheffield
NAOMI SHEFFIELD*
Chief Deputy City Attorney
1221 SW Fourth Avenue, Room 430
Portland, OR 97204
Tel: (503) 823-4047
Fax: (503) 823-3089
Naomi.Sheffield@portlandoregon.gov

*Admitted *pro hac vice*

Attorneys for Plaintiff
CITY OF PORTLAND


SHANNON BRADDOCK
King County Executive

By: /s/ David J. Hackett
DAVID J. HACKETT*
General Counsel to King County
Executive
Chinook Building
401 5th Avenue, Suite 800
Seattle, Washington, 98104
(206) 477-9483
David.hackett@kingcounty.gov
PAUL J. LAWRENCE*
Pacifica Law Group
1191 2nd Avenue, Suite 2000
Seattle, WA 98101-3404
(206) 245-1708
Paul.Lawrence@pacificalawgroup.com

*Admitted *pro hac vice*

Attorney for Plaintiff
MARTIN LUTHER KING, JR. COUNTY

1
                        PATRICIA KING
                        New Haven Corporation Counsel

2
               By:  /s/ *Patricia King*

3
                        PATRICIA KING*
                        Office of the Corporation Counsel

4
                        City of New Haven
                        165 Church Street-4th Floor

5
                        New Haven, CT 06510
                        Tel:  203-946-7951

6
                        Cell: 203-668-9282
                        Fax:  203-946-7942

7
                        pking@newhavenct.gov

8
                        *Admitted *pro hac vice*

9
                        Attorney for Plaintiff

10
                        CITY OF NEW HAVEN

11
                        RYAN RICHARDSON

12
                        Oakland City Attorney

13
               By:  /s/ *Ryan Richardson*

14
                        RYAN RICHARDSON
                        City Attorney

15
                        MARIA BEE
                        Chief Assistant City Attorney

16
                        JAMIE HULING DELAYE
                        Supervising City Attorney

17
                        H. LUKE EDWARDS
                        Deputy City Attorney

18
                        One Frank H. Ogawa Plaza, 6th Floor
                        Oakland, CA 94612

19
                        Tel: (510) 238-6629
                        Fax: (510) 238-6500

20
                        Email: RRichardson@OaklandCityAttorney.org

21
                        Attorneys for Plaintiff

22
                        CITY OF OAKLAND

23

24

25

26

27

28

JOHN I. KENNEDY
City Attorney

By: /s/ John I. Kennedy
JOHN I. KENNEDY, City Attorney
1333 Park Ave, Emeryville, CA 94608-3517
Phone: 510-596-4381
Fax: 510-596-3724
Email: John.Kennedy@emeryville.org

Attorney for Plaintiff
CITY OF EMERYVILLE


NORA FRIMANN
City Attorney

By: /s/ Nora Frimann
NORA FRIMANN, City Attorney
ELISA TOLENTINO, Chief Deputy City Attorney
200 E Santa Clara St
San José, CA 95113-1905
Tel: 408-535-1900
Fax: 408-998-3131
cao.main@sanjoseca.gov

Attorneys for Plaintiff
CITY OF SAN JOSÉ


HEATHER FERBERT
City Attorney

By: /s/ Mark Ankcorn
MARK ANKCORN, Senior Chief Deputy City Attorney
JULIE RAU, Deputy City Attorney
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
Tel: (619) 533-5800

Attorneys for Plaintiff
CITY OF SAN DIEGO

SUSANA ALCALA WOOD
City Attorney

By: /s/ Andrea Velasquez
ANDREA VELASQUEZ, Supervising Deputy City
Attorney
915 I St Fl 4, Sacramento, CA 95814-2621
Tel: 916-808-5346
Fax: 916-808-7455
Email: AVelasquez@cityofsacramento.org

Attorneys for Plaintiff
CITY OF SACRAMENTO


By: /s/ Anthony P. Condotti
Anthony P. Condotti, City Attorney
Catherine M. Bronson, Assistant City Attorney
Claire Hard, Deputy City Attorney
PO Box 481
Santa Cruz, CA 95061
Tel: 831-423-8383
Email: tcondotti@abc-law.com
chard@abc-law.com
cbronson@abc-law.com

Attorneys for Plaintiff
CITY OF SANTA CRUZ



SUSAN K. BLITCH
County Counsel

By: /s/ Susan K. Blitch
SUSAN K. BLITCH, County Counsel
HENRY BLUESTONE SMITH, Deputy County Counsel
168 W Alisal St Fl 3rd
Salinas, CA 93901-2439
Tel: 831-755-5045
Fax: 831-755-5283
Email: SmithHB@countyofmonterey.gov

Attorneys for Plaintiff
COUNTY OF MONTEREY

1

ANN DAVISON
Seattle City Attorney

2

By: /s/ *Ann Davison*
    Ann Davison, Seattle City Attorney*

3

    Kerala Cowart, Assistant City Attorney*
    Dallas LePierre, Assistant City Attorney*

4

    Rebecca Widen, Assistant City Attorney*
    Seattle City Attorney's Office

5

    701 Fifth Avenue, Suite 2050
    Seattle, WA 98104

6

    Tel: (206) 684-8200
    E-mail: ann.davison@seattle.gov

7

8

    *Admitted *pro hac vice*

9

    Attorneys for Plaintiff
    CITY OF SEATTLE

10

11

KRISTYN ANDERSON
City Attorney

12

By: /s/ *Kristyn Anderson*

13

    KRISTYN ANDERSON (MN Lic. 0267752)*
    SARA J. LATHROP, Assistant City Attorney (MN Lic.

14

    0310232)*
    SHARDA ENSLIN, Assistant City Attorney (MN Lic.

15

    0389370)*
    350 South Fifth Street

16

    Minneapolis, MN 55415
    Tel: 612-673-3000

17

    Email: kristyn.anderson@minneapolismn.gov
    sara.lathrop@minneapolismn.gov

18

    sharda.enslin@minneapolismn.gov

19

20

    *Admitted *pro hac vice*

21

    Attorneys for Plaintiff
    CITY OF MINNEAPOLIS

22

23

24

25

26

27

28

LYNDSEY OLSON
City Attorney

By: /s/ *Lyndsey Olson*
LYNDSEY OLSON, City Attorney*
ANTHONY G. EDWARDS, Assistant City Attorney*
400 City Hall and Courthouse
15 Kellogg Boulevard West
Saint Paul, Minnesota 55102
Tel: 651-266-8710
Fax: 651-298-5619
Email: Anthony.Edwards@ci.stpaul.mn.us

*Admitted *pro hac vice*

Attorneys for Plaintiff
CITY OF ST. PAUL


ERIN K. McSHERRY
City Attorney

By: /s/ *Erin K. McSherry*
ERIN K. McSHERRY, City Attorney*
200 Lincoln Avenue
Post Office Box 909
Santa Fe, NM 87504-0909
(505) 955-6512
Email: ekmcsherry@santafenm.gov

*Admitted *pro hac vice*

Attorney for Plaintiff
CITY OF SANTA FE


By: /s/ *Naomi Tsu*
NAOMI TSU*
JILL HABIG (CA Bar No. 268770)
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
Tel: (510) 738-6788
jill@publicrightsproject.org
naomi@publicrightsproject.org

*Admitted *pro hac vice*

Attorneys for Plaintiffs
CITIES OF MINNEAPOLIS, NEW HAVEN,
PORTLAND, ST. PAUL, SANTA FE, and SEATTLE

1

## CASE MANAGEMENT ORDER

2            The above JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER is

3    approved as the Case Management Order for this case, and all parties shall comply with its provisions.

4    [In addition, the Court makes the further orders stated below:]

5

6

7    **IT IS SO ORDERED.**

8

9    Dated: _____                    _____

10                                                     HON. WILLIAM H. ORRICK III
                                                       United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**FILER'S ATTESTATION**

2

I, BILL NGUYEN, am the ECF user whose identification and password are being used to file

3

this JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER. Pursuant to Civil

4

Local Rule 5-1(i)(3), I hereby attest that the above-named signatories concur in this filing.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

<u>CERTIFICATE OF SERVICE</u>

3

  I hereby certify that on April 29, 2025, I caused the foregoing to be electronically filed with the

4

Clerk of the Court for the Northern District of California, by using the CM/ECF system.

5

  Participants in the case who are registered CM/ECF users will be served by the CM/ECF

6

system.

7

  I declare under penalty of perjury that the foregoing is true and correct, and that I am employed

8

in the office of a member of the bar of this Court at whose direction the service was made.

9

10

          */s/ Kimberly Ide*

11

           Kimberly Ide

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28