1   DAVID CHIU, SBN 189542
    City Attorney
2   YVONNE R. MERÉ, SBN 175394
    Chief Deputy City Attorney
3   MOLLIE M. LEE, SBN 251404
    Chief of Strategic Advocacy
4   SARA J. EISENBERG, SBN 269303
    Chief of Complex and Affirmative Litigation
5   NANCY E. HARRIS, SBN 197042
    KARUN A. TILAK, SBN 323939
6   Deputy City Attorneys
    Fox Plaza
7   1390 Market Street, 7th Floor
    San Francisco, CA  94102-5402
8   Telephone:     (415) 355-3308
    Facsimile:     (415) 437-4644
9   E-Mail:        karun.tilak@sfcityatty.org

10  Attorneys for Plaintiff
    CITY AND COUNTY OF SAN FRANCISCO

    TONY LOPRESTI, SBN 289269
    County Counsel
    KAVITA NARAYAN, SBN 264191
    Chief Assistant County Counsel
    MEREDITH A. JOHNSON, SBN 291018
    Lead Deputy County Counsel
    STEFANIE L. WILSON, SBN 314899
    RAJIV NARAYAN, SBN 334511
    Deputy County Counsels
    BILL NGUYEN, SBN 333671
    Litigation Fellow
    70 W. Hedding Street, East Wing, 9th Floor
    San José, CA 95110
    Telephone:     (408) 299-5900
    Facsimile:     (408) 292-7240
    E-Mail:        tony.lopresti@cco.sccgov.org

    Attorneys for Plaintiff
    COUNTY OF SANTA CLARA

11

12  *[additional counsel on signature page]*

13              UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15  CITY AND COUNTY OF SAN FRANCISCO,          Case No. 3:25-cv-1350-WHO
    COUNTY OF SANTA CLARA, CITY OF
16  PORTLAND, MARTIN LUTHER KING, JR.          **PLAINTIFFS' NOTICE OF MOTION AND**
    COUNTY, CITY OF NEW HAVEN, CITY OF         **MOTION TO ENFORCE, OR IN THE**
17  OAKLAND, CITY OF EMERYVILLE, CITY OF       **ALTERNATIVE, TO MODIFY,**
    SAN JOSÉ, CITY OF SAN DIEGO, CITY OF       **PRELIMINARY INJUNCTION;**
18  SACRAMENTO, CITY OF SANTA CRUZ,            **MEMORANDUM OF POINTS AND**
    COUNTY OF MONTEREY, CITY OF SEATTLE,       **AUTHORITIES IN SUPPORT**
19  CITY OF MINNEAPOLIS, CITY OF ST. PAUL,
    CITY OF SANTA FE,
20
        Plaintiffs,                            Hearing Date:   June 11, 2025
21                                             Time:           2:00 p.m.
        vs.                                    Judge:          Honorable William H. Orrick
                                               Place:          Courtroom 2
22  DONALD J. TRUMP, President of the United
    States, UNITED STATES OF AMERICA,          Date Filed:     February 7, 2025
23  PAMELA BONDI, Attorney General of the United  Trial Date:   Not set
    States, EMIL BOVE, Acting Deputy Attorney
24  General, UNITED STATES DEPARTMENT OF
    JUSTICE, KRISTI NOEM, Secretary of United
25  States Department of Homeland Security, UNITED
    STATES DEPARTMENT OF HOMELAND
26  SECURITY, DOES 1-100,
        Defendants.
27

28

    Plts.' Mot. to Enforce or Modify PI; MPA in Support
    Case No. 3:25-cv-1350-WHO

**NOTICE OF MOTION AND MOTION TO ENFORCE, OR IN THE ALTERNATIVE, TO**

**MODIFY, PRELIMINARY INJUNCTION**

PLEASE TAKE NOTICE that on June 11, 2025 at 2:00 p.m.[1] or as soon thereafter as may be heard before the Honorable William H. Orrick in Courtroom 2 of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs[2] will and hereby do move the Court to enforce, or in the alternative, to modify, the Court's April 24, 2025 preliminary injunction ("PI Order") to prevent Defendants[3] and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them from withholding, conditioning, or freezing federal funds to Plaintiffs under Sections 2 and 3(a) of President Trump's April 28, 2025 Executive Order 14,287 entitled "Protecting Communities from Criminal Aliens" ("EO 14,287") or under any other materially similar directive to withhold, condition, or freeze federal funds to "sanctuary" jurisdictions or jurisdictions with so-called "sanctuary" policies.

This motion is based on this notice of Motion and Motion, the accompanying supporting Memorandum of Points and Authorities, the accompanying supporting declaration of Karun A. Tilak and exhibits thereto, the concurrently filed Motion to Shorten Time, as well as the papers, evidence and records on file in this action, and any other written or oral evidence or argument as may be presented at or before the time this motion is heard by the Court.

---

[1] For the reasons stated in Plaintiffs' concurrently filed Motion to Shorten Time, Plaintiffs seek to bring this matter before the Court on an expedited basis given the exigencies created by Defendants' efforts to evade the Preliminary Injunction. Specifically, Plaintiffs seek a hearing date of May 8, 2025.

[2] Plaintiffs are: City and County of San Francisco ("San Francisco"), County of Santa Clara ("Santa Clara"), City of Portland ("Portland"), Martin Luther King, Jr. County ("King County"), City of New Haven ("New Haven"), City of Oakland ("Oakland"), City of Emeryville ("Emeryville"), City of San Jose ("San Jose"), City of San Diego ("San Diego"), City of Sacramento ("Sacramento"), City of Santa Cruz ("Santa Cruz"), County of Monterey ("Monterey"), City of Seattle ("Seattle"), City of Minneapolis ("Minneapolis"), City of St. Paul ("St. Paul"), and City of Santa Fe ("Santa Fe").

[3] Defendants are: Donald J. Trump, President of the United States; the United States Department of Justice ("DOJ"); Pamela Bondi ("Bondi") in her official capacity as Attorney General of the United States; Emil Bove ("Bove") in his capacity as Acting Deputy Attorney General of the United States; the United States Department of Homeland Security ("DHS"); Kristi Noem ("Noem") in her official capacity as Secretary of the Department of Homeland Security; and the United States (collectively "Defendants").

**MEMORANDUM OF POINTS AND AUTHORITIES**

On April 24, 2025, this Court entered a preliminary injunction ("PI Order") holding that Defendants acted unconstitutionally by attempting to use Executive Orders to "end or severely curtail federal funding for cities, counties, and states that the Trump administration deems to be sanctuary jurisdictions."  PI Order, ECF No. 111, at 2.  Mere days later, Defendants have demonstrated their blatant disregard for this Court's binding order.  On April 28, 2025, President Trump issued yet another Executive Order—Executive Order 14,287, entitled "Protecting American Communities from Criminal Aliens" ("EO 14,287")—which triples down on his threat to defund "sanctuary" jurisdictions.  That Executive Order directs the Attorney General and Secretary of Homeland Security to identify "sanctuary" jurisdictions and directs *all* federal agencies to withhold funding from such jurisdictions.  Tilak Decl. Ex. 1.  In an official fact sheet accompanying the Executive Order, the Administration makes clear that President Trump's intent—effectuated through this Executive Order—is to "withhold all Federal Funding for any City or State" that is a "sanctuary" jurisdiction.  Tilak Decl. Ex. 2.  Despite the fact that EO 14,287 re-enacts the same unconstitutional funding threats enjoined by the PI Order, Defendants have refused to disavow withholding, freezing, or conditioning funds to Plaintiffs based on EO 14,287 because the Executive Order "postdates the PI Order."  Tilak Decl. Ex. 3, at p. 2.  Defendants cannot circumvent the PI Order simply by promulgating the same unconstitutional directive through a differently numbered EO.  Plaintiffs therefore respectfully request that the Court enforce, or in the alternative, modify, its PI Order to prevent Defendants from withholding, freezing, or conditioning federal funds from Plaintiffs based on EO 14,287 or any other materially similar directive to withhold, condition, or freeze federal funds to "sanctuary" jurisdictions or jurisdictions with so-called "sanctuary" policies.

**BACKGROUND**

**I.      The Court Enjoins Defendants from Withholding Funds from "Sanctuary" Jurisdictions**

On March 17, Plaintiffs moved for a preliminary injunction seeking to prevent Defendants' unlawful attempts to withhold federal funds from so-called "sanctuary" jurisdictions.  As relevant here, Plaintiffs challenged two Executive Orders in existence as of the date of their motion: (1) Executive Order 14159 ("EO 14,159") which directs the Attorney General and Secretary of

1   Homeland Security to ensure that "sanctuary" jurisdictions "do not have access to federal funds"; and

2   (2) Executive Order 14218 ("EO 14,218"), which directs all executive agencies to ensure that federal

3   payments do not "abet so-called 'sanctuary' policies." *See* Decl. of K. Tilak ISO Mot. for PI ("Tilak

4   PI Decl."), ECF No. 61-2, Exs. 1, 33.

5        On April 24, 2025, this Court granted Plaintiffs' motion. The Court found that EO 14,159 and

6   EO 14,218 both sought "to end or severely curtail federal funding for cities, counties and states that

7   the Trump administration deems to be sanctuary jurisdictions." PI Order at 2. The Court noted that

8   "the language and purpose" of EO 14,159 and EO 14,218 "mirror" Executive Order 13,768 ("EO

9   13,768"), *id.* at 1—the first Trump administration's unlawful effort to defund "sanctuary"

10  jurisdictions—and that the Ninth Circuit's and this Court's decisions enjoining EO 13,768 were "on all

11  fours" with the present challenge, *id.* at 3 (citing *City & Cnty. of S.F. v. Trump*, 897 F.3d 1225 (9th

12  Cir. 2018); *County of Santa Clara v. Trump*, 250 F. Supp. 3d. 497 (N.D. Cal. Apr. 25, 2017)). As

13  such, the Court held that, under *City & County of San Francisco* and *County of Santa Clara*, EO

14  14,159 and EO 14,218 violated the separation of powers and the Spending Clause by threatening to

15  "withhold, freeze, or condition federal funding apportioned to localities by Congress," and violated the

16  Tenth Amendment "because they impose coercive condition[s] intended to commandeer local officials

17  into enforcing federal immigration practices and law." PI Order at 4–5. The Court also concluded the

18  Executive Orders violate the Fifth Amendment because they were unconstitutionally vague and failed

19  to provide due process. *Id.* at 4.

20       The Court therefore entered an order enjoining Defendants[4] and their officers, agents, servants,

21  employees, and attorneys, and any other persons who are in active concert or participation with them

22  from "directly or indirectly taking any action to withhold, freeze, or condition federal funds" from

23  Plaintiffs under the first sentence of Section 17 of EO 14,159, Section 2(a)(ii) of EO 14,218, and the

24  February 5, 2025 Memorandum from Attorney General Pam Bondi ("Bondi Directive"), based on

25  Plaintiffs' policies limiting the use of local resources to assist with federal immigration enforcement.

26

27        [4] The PI Order does not apply to the President in the performance of his official duties, but
    does run against any federal agency or official acting as an agent of the President or other Defendants
28  or acting in concert with them. PI Order at 5 n.5.

1    *Id.* at 5–6.  Defendants were also directed to provide notice to all federal agencies instructing them that

2    "they may not take steps to withhold from, freeze, or condition funds" to Plaintiffs based on the

3    enjoined Executive actions.  *Id.* at 6.

4    **II.    President Trump Issues EO 14,287**

5    Four days later, on April 28, 2025, President Trump issued EO 14,287.  Section 2 of EO

6    14,287 instructs the Attorney General and Secretary of Homeland Security to "publish a list of States

7    and local jurisdictions that obstruct the enforcement of Federal immigration laws (sanctuary

8    jurisdictions)" and send letters to each "sanctuary jurisdiction regarding its defiance of Federal

9    immigration law enforcement and any potential violations of Federal criminal law."  Tilak Decl. Ex. 1.

10    Like the prior EOs enjoined by the Court, EO 14,287 does not define what criteria the Attorney

11    General and Secretary of Homeland Security must use in classifying a locality as a "sanctuary

12    jurisdiction."  But as Plaintiffs explained in their preliminary injunction motion and supporting

13    exhibits, both the Attorney General and the Secretary of Homeland Security have already issued

14    directives and taken actions demonstrating that Plaintiffs likely qualify as "sanctuary" jurisdictions.

15    For example, Defendant Noem issued a February 19 memo ("Noem Directive"), which implements

16    EO 14,159 and defines sanctuary jurisdictions to include localities, like many Plaintiffs, that decline to

17    "honor requests for cooperation, such as participation in joint operations, sharing of information, or

18    requests for short term detention of alien pursuant to a valid detainer," or that fail to "provide access to

19    detainees" in local custody.  Decl. of B. Nguyen ISO PI Mot ("Nguyen PI Decl."), ECF No. 89, at Ex.

20    A; *cf.* Plts.' Mot. for PI. ("PI Mot."), ECF No. 61, at 3–5 (describing Plaintiffs' policies).  The

21    February 5 Memo from Defendant Bondi ("Bondi Directive") similarly defines sanctuary jurisdictions

22    broadly to include jurisdictions that do not cooperate with an undefined set of "applicable federal

23    immigration laws," including amorphous "immigration-related directives," Tilak PI Decl. Ex. 3 at pp.

24    2–3, and DOJ has initiated litigation against jurisdictions for alleged "sanctuary" policies similar to

25    those adopted by many Plaintiffs, *see, e.g.*, Tilak PI Decl. Exs. 28–29; *see* Further Order Regarding

26    Preliminary Injunction ("Further PI Order"), ECF No. 126, at 33–37, 44.

27    Section 3(a) of EO 14,287 then directs "each executive department or agency . . . in

28    coordination with the Director of the Office of Management and Budget and as permitted by law" to

1    "identify appropriate Federal funds to sanctuary jurisdictions, including grants and contracts, for

2    suspension or termination, as appropriate." Tilak Decl. Ex. 1. Section 3(b) of EO 14,287 also directs

3    that the Attorney General and Secretary of Homeland Security "shall pursue all necessary legal

4    remedies and enforcement measures" against "sanctuary" jurisdictions. *Id.* Finally, EO 14,287

5    threatens additional eligibility verification mechanisms for the payment of federal public benefits to

6    recipients in "sanctuary" jurisdictions. *Id.*

7          The White House also issued a Fact Sheet accompanying EO 14,287. The Fact Sheet dispels

8    any narrow reading of EO 14,287 as merely seeking to identify specific grants or contracts. It makes

9    clear that the Executive Order "follow[s] through on [President Trump's] promise to rid the United

10   States of sanctuary cities." Tilak Decl. Ex. 2 at p. 2. It also includes the following quote from

11   President Trump: "No more Sanctuary Cities! They protect the Criminals, not the Victims. They are

12   disgracing our Country, and are being mocked all over the World. Working on papers *to withhold all*

13   *Federal Funding* for any City or State that allows these Death Traps to exist!!!" *Id.* (emphasis added).

14   **III.    Plaintiffs Seek Confirmation that Defendants Will Not Enforce EO 14,287 Against
15           Plaintiffs**

16         On Tuesday, April 29, Plaintiffs emailed counsel for the Defendants seeking confirmation that,

17   in light of the PI Order, Defendants would not withhold, freeze, or condition funds to Plaintiffs

18   pursuant to EO 14,287. Tilak Decl. Ex. 3, at p. 3. On May 2, 2025, counsel for Defendants responded

19   that while they are presently "not aware of any plan to deny funding based on the April 28 EO

20   provisions that might arguably overlap with the enjoined EO provisions," "Defendants' position is that

21   the Court's April 24, 2025, PI Order does not apply to the April 28 Executive Order." *Id.* at p. 1. The

22   email exchange with Defendants' counsel indicates that they believe EO 14,287 is not covered by the

23   Preliminary Injunction because "it postdates the PI Order." *Id.* at p. 2.

24   **IV.    The Court's May 3 Further PI Order**

25         On May 3, 2025, the Court issued the Further PI Order, which explains the Court's reasoning

26   for granting the preliminary injunction in greater detail. The Further PI Order states that in light of the

27   timing of EO 14,287, the Court did not consider it for purposes of the Order, but notes that EO 14,287

28

1   "is consistent with the Government's other Executive Orders and conduct since January 20, 2025."

2   Further PI Order at 8 n.5.

3                                               **ARGUMENT**

4          "[D]istrict courts have continuing jurisdiction to enforce their injunctions." *Crawford v.*

5   *Honig*, 37 F.3d 485, 488 (9th Cir. 1994); *cf. Courthouse News Service v. Planet*, 750 F.3d 776, 792

6   (9th Cir. 2014) ("Any plaintiff who obtains equitable relief . . . enforcing his constitutional rights

7   against a state official may need to return to court to ensure compliance with the judgment."). "'In

8   deciding whether an injunction has been violated it is proper to observe the objects for which the relief

9   was granted and to find a breach of the decree in a violation of the spirit of the injunction, even though

10  its strict letter may not have been disregarded.'" *Inst. of Cetacean Research v. Sea Shepherd Conserv.*

11  *Soc'y*, 774 F.3d 935, 949 (9th Cir. 2014) (quoting *John B. Stetson Co. v. Stephen L. Stetson Co.*, 128

12  F.2d 981, 983 (2d Cir. 1942)).

13         Likewise, the Court retains inherent authority to modify its injunction in light of new facts or

14  conduct in order to maintain the status quo between the parties. *State of Hawaii v. Trump*, 871 F.3d

15  646, 654 (9th Cir. 2017); *A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002); *see*

16  *also System Fed'n No. 91, Ry. Emp. Dep't, AFL-CIO v. Wright*, 364 U.S. 642, 647 (1961) (district

17  court has "sound discretion" to order "modification of the terms of an injunctive decree if the

18  circumstances, whether of law or fact, obtaining at the time of its issuance have changed, or new ones

19  have since arisen"). "[A]n injunction often requires continuing supervision by the issuing court and

20  always a continuing willingness to apply its powers and processes on behalf of the party who obtained

21  that equitable relief." *Wright*, 364 U.S. at 647.  Modification of the injunction is appropriate where

22  Plaintiffs show that a "significant change in facts or law warrants revision . . . of the injunction."

23  *Hawaii*, 871 F.3d at 654 (quoting *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000)).

24         Here, EO 14,287's direction to federal agencies to withhold funds from "sanctuary"

25  jurisdictions plainly runs afoul of the PI Order.  Just like EO 14,159 and 14,218—and indeed EO

26  13,768 from 2017—EO 14,287 once again directs the Attorney General and Secretary of Homeland

27  Security to identify so-called "sanctuary" jurisdictions and subject them to wide-scale suspension or

28  termination of funding.  While the EO purports to give the Attorney General and Secretary of

Homeland Security 30 days to identify "sanctuary" jurisdictions, in fact those officials have already taken legal actions and issued memoranda making clear that Plaintiffs likely meet their definition of sanctuary jurisdictions. *See* Background, Part II, *supra*. Indeed, Defendants have not disputed that Plaintiffs meet the Administration's definition of "sanctuary" jurisdictions. As this Court found, Defendants' memoranda, public statements, and actions make clear that Plaintiffs "fit squarely within the scope of" the Executive Orders' definition of "sanctuary" jurisdiction. Further PI Order at 33; *see id.* at 36; *see also* PI Order at 2, 4. There is no reason to believe that Defendants would take a radically different interpretation of "sanctuary" jurisdictions under EO 14,287.

Just like the already-enjoined sanctuary Executive Orders, EO 14,287 imposes no meaningful limit on what Federal funds are "appropriate" to suspend or terminate, but instead defines this category broadly to include grants and contracts from *all* federal agencies. And if there were any doubt as to the expansive reach of EO 14,287, the accompanying Fact Sheet emphasizes that it "follows through on [President Trump's] promise to rid the United States of sanctuary cities." The Fact Sheet further confirms that, far from simply requesting an individualized grant-by-grant evaluation of funding through EO 14,287, the Administration actually intends "to withhold all Federal Funding for any City or State that" is a "sanctuary" jurisdiction. Tilak Decl. Ex. 2; *see Cnty. of Santa Clara v. Trump*, 250 F. Supp. 3d 497, 508 (N.D. Cal. 2017) (finding that any doubt about the scope of EO 13,768 was "erased" by the President and Attorney General's public statements). EO 14,287 plainly directs agencies to do exactly what this Court has held is unconstitutional: "to end or severely curtail federal funding for" jurisdictions deemed to be "sanctuary jurisdictions." PI Order at 2; Further PI Order at 8 n.5 (noting that EO 14,287 "is consistent with the Government's other Executive Orders and conduct since January 20, 2025").

The funding threat created by EO 14,287 effectively nullifies the protection provided by the PI Order and once again engenders the same immediate budgetary uncertainty and constitutional harms created by EO 14,159 and EO 14,218. Defendants' counsel's representation that *they* are not *currently* aware of plans to deny funding based on EO 14,287 is cold comfort where Defendants assert that the PI Order does not apply to EO 14,287, Tilak Decl. Ex. 3—a position that would give Defendants free rein to withhold Plaintiffs' federal funds under EO 14,287 at any time and leave Plaintiffs with the

1    same budgetary uncertainty and deprivation of constitutional rights that warranted the preliminary

2    injunction.

3         While the PI Order refers specifically to EO 14,159 and 14,218, PI Order at 5–6, this Court

4    expressly stated in issuing its Further PI Order that the Court did "not consider the April 28 EO in any

5    way in this Order, except to note that it is consistent with the Government's other Executive Orders

6    and conduct since January 20, 2025."  Further PI Order at 8 n.5.  Plaintiffs seek enforcement or

7    modification of the PI Order because Defendants cannot evade the spirit of the injunction by simply

8    issuing the same unconstitutional directive under a differently-numbered EO.  The Ninth Circuit has

9    held that defendants violate the obligations of an injunction by "hewing to the narrow letter of the

10   injunction while simultaneously ignoring its spirit." *Inst. of Cetacean Research*, 774 F.3d at 954

11   (defendants violated injunction where they provided non-enjoined affiliates with the means of

12   violating the injunction because they could not adopt a "self-serving interpretation of their obligations"

13   "to include only refraining from acts specifically enumerated in the injunction, and not acts likely to

14   nullify the injunction"); *see also McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192 (1949)

15   (allowing defendants to avoid injunction by "work[ing] out a plan that was not specifically enjoined"

16   would improperly encourage "experimentation with disobedience of the law"); *Marshak v. Treadwell*,

17   595 F.3d 478, 489 (3d Cir. 2009) (upholding finding that injunction violated where principals of

18   enjoined company created new corporate entity to engage in enjoined conduct);  *Zest Anchors LLC v.*

19   *Geryon Ventures, LLC*, 2022 WL 16838806, at *4 (S.D. Cal. Nov. 9, 2022) (defendant could not avoid

20   injunction on selling infringing products by simply selling its constituent parts knowing that they

21   would eventually be combined and re-sold as the infringing product).

22        In the event the Court concludes that there is ambiguity in the existing language of the PI

23   Order, Plaintiffs request that the Court modify the Order to expressly incorporate EO 14,287.  This

24   modification is appropriate in light of "significant change in facts or law," *Hawaii*, 871 F.3d at 654—

25   namely the issuance of EO 14,287 and Defendants' overly narrow interpretation of the PI Order as

26   being inapplicable to a substantively identical funding threat in a differently-numbered EO.  *See*

27   *Hawaii*, 871 F.3d at 654–59 (upholding district court's modification of preliminary injunction after the

28

1    first Trump administration adopted an unduly narrow interpretation of individuals protected by the

2    injunction).

3          In short, permitting Defendants and those acting in concert with them to suspend or terminate

4    federal funds from Plaintiffs pursuant to EO 14,287 constitutes an impermissible end-run around the

5    spirit of the PI Order. *Inst. of Cetacean Research*, 774 F.3d at 949.  It vitiates the protection provided

6    by the PI Order and upends the status quo between the parties.  The Court should not countenance

7    Defendants' "experimentation with disobedience," *McComb*, 336 U.S. at 192, and should enforce or

8    modify the PI Order to prevent the withholding, freezing, or conditioning of federal funds to Plaintiffs

9    under EO 14,287.

10         Finally, given Defendants' apparent willingness to adopt artificially narrow interpretations of

11   this Court's PI Order, and their attempt to circumvent the injunction through a differently-numbered

12   EO, Plaintiffs request that the Court make clear that the preliminary injunction prevents Defendants

13   from taking steps to withhold, condition, or freeze federal funds to "sanctuary" jurisdictions based on

14   any directive that is materially similar to EO 14,287, EO 14,218, or EO 14,159.  *See, e.g.*, *State of New*

15   *York v. Trump*, --- F. Supp. 3d. ----, 2025 WL 715621, *16 (D.R.I. Mar. 6, 2025) (enjoining defendant

16   agencies from "implementing, giving effect to, or reinstating under a different name the directives in

17   OMB Memorandum M-25-13" to freeze disbursement of funds).

18                                         **CONCLUSION**

19         For the foregoing reasons, Plaintiffs respectfully request that the Court enforce, or in the

20   alternative, modify, the PI Order to prevent Defendants from directly or indirectly taking any action to

21   withhold, freeze, or condition federal funds from Plaintiffs based on Sections 2 and 3(a) of EO 14,287

22   or any other materially similar directive to withhold, condition, or freeze federal funds to "sanctuary"

23   jurisdictions or jurisdictions with so-called "sanctuary" policies.

24   ///

25   ///

26   ///

27   ///

28   ///

1

2    Dated:  May 5, 2025                          DAVID CHIU
                                                   City Attorney
3                                                  YVONNE R. MERÉ
                                                   Chief Deputy City Attorney
4                                                  MOLLIE M. LEE
                                                   Chief of Strategic Advocacy
5                                                  SARA J. EISENBERG
                                                   Chief of Complex and Affirmative Litigation
6                                                  NANCY E. HARRIS
                                                   KARUN A. TILAK
7                                                  Deputy City Attorneys

8                                          By:  /s/ *Karun A. Tilak*
                                                   KARUN A. TILAK
9                                                  Deputy City Attorney

10                                                 Attorneys for Plaintiff
                                                   CITY AND COUNTY OF SAN FRANCISCO
11

12                                                 TONY LOPRESTI
                                                   County Counsel
13                                                 KAVITA NARAYAN
                                                   Chief Assistant County Counsel
14                                                 MEREDITH A. JOHNSON
                                                   Lead Deputy County Counsel
15                                                 STEFANIE L. WILSON
                                                   RAJIV NARAYAN
16                                                 Deputy County Counsels
                                                   BILL NGUYEN
17                                                 Litigation Fellow

18
                                           By:  */s/Bill Nguyen*
19                                                 BILL NGUYEN
                                                   Litigation Fellow
20

21                                                 Attorneys for Plaintiff
                                                   COUNTY OF SANTA CLARA
22

23

24

25

26

27

28

ROBERT TAYLOR
Portland City Attorney

By: */s/ Naomi Sheffield*
NAOMI SHEFFIELD*
Chief Deputy City Attorney
1221 SW Fourth Avenue, Room 430
Portland, OR 97204
Tel: (503) 823-4047
Fax: (503) 823-3089
Naomi.Sheffield@portlandoregon.gov

*Admitted *pro hac vice*

Attorneys for Plaintiff
CITY OF PORTLAND


SHANNON BRADDOCK
King County Executive

*/s/ David J. Hackett*
By: DAVID J. HACKETT*
General Counsel to King County
Executive
Chinook Building
401 5th Avenue, Suite 800
Seattle, Washington, 98104
(206) 477-9483
David.hackett@kingcounty.gov
PAUL J. LAWRENCE*
Pacifica Law Group
1191 2nd Avenue, Suite 2000
Seattle, WA 98101-3404
(206) 245-1708
Paul.Lawrence@pacificalawgroup.com

*Admitted *pro hac vice*

Attorney for Plaintiff
MARTIN LUTHER KING, JR. COUNTY

PATRICIA KING
New Haven Corporation Counsel

By: /s/ *Patricia King*
PATRICIA KING*
Office of the Corporation Counsel
City of New Haven
165 Church Street-4th Floor
New Haven, CT 06510
Tel:   203-946-7951
Cell: 203-668-9282
Fax:  203-946-7942
pking@newhavenct.gov

*Admitted *pro hac vice*

Attorney for Plaintiff
CITY OF NEW HAVEN


RYAN RICHARDSON
Oakland City Attorney

By: /s/ *Ryan Richardson*
RYAN RICHARDSON
City Attorney
MARIA BEE
Chief Assistant City Attorney
JAMIE HULING DELAYE
Supervising City Attorney
H. LUKE EDWARDS
Deputy City Attorney
One Frank H. Ogawa Plaza, 6th Floor
Oakland, CA 94612
Tel: (510) 238-6629
Fax: (510) 238-6500
Email: RRichardson@OaklandCityAttorney.org

Attorneys for Plaintiff
CITY OF OAKLAND

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOHN I. KENNEDY
City Attorney

By: */s/ John I. Kennedy*
    JOHN I. KENNEDY, City Attorney
    1333 Park Ave, Emeryville, CA 94608-3517
    Phone: 510-596-4381
    Fax: 510-596-3724
    Email: John.Kennedy@emeryville.org

    Attorney for Plaintiff
    CITY OF EMERYVILLE

NORA FRIMANN
City Attorney

By: */s/ Nora Frimann*
    NORA FRIMANN, City Attorney
    ELISA TOLENTINO, Chief Deputy City Attorney
    200 E Santa Clara St
    San José, CA 95113-1905
    Tel: 408-535-1900
    Fax: 408-998-3131
    cao.main@sanjoseca.gov

    Attorneys for Plaintiff
    CITY OF SAN JOSÉ

HEATHER FERBERT
City Attorney

By: */s/ Mark Ankcorn*
    MARK ANKCORN, Senior Chief Deputy City Attorney
    JULIE RAU, Deputy City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Tel: (619) 533-5800

    Attorneys for Plaintiff
    CITY OF SAN DIEGO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUSANA ALCALA WOOD
City Attorney

By: */s/ Andrea Velasquez*
ANDREA VELASQUEZ, Supervising Deputy City
Attorney
915 I St Fl 4, Sacramento, CA 95814-2621
Tel: 916-808-5346
Fax: 916-808-7455
Email: AVelasquez@cityofsacramento.org

Attorneys for Plaintiff
CITY OF SACRAMENTO


By: */s/ Anthony P. Condotti*
Anthony P. Condotti, City Attorney
Catherine M. Bronson, Assistant City Attorney
Claire Hard, Deputy City Attorney
PO Box 481
Santa Cruz, CA 95061
Tel: 831-423-8383
Email: tcondotti@abc-law.com
chard@abc-law.com
cbronson@abc-law.com

Attorneys for Plaintiff
CITY OF SANTA CRUZ




SUSAN K. BLITCH
County Counsel

By: */s/ Susan K. Blitch*
SUSAN K. BLITCH, County Counsel
HENRY BLUESTONE SMITH, Deputy County Counsel
168 W Alisal St Fl 3rd
Salinas, CA 93901-2439
Tel: 831-755-5045
Fax: 831-755-5283
Email: SmithHB@countyofmonterey.gov

Attorneys for Plaintiff
COUNTY OF MONTEREY

ANN DAVISON
Seattle City Attorney

By: */s/ Ann Davison*
    Ann Davison, Seattle City Attorney*
    Kerala Cowart, Assistant City Attorney*
    Dallas LePierre, Assistant City Attorney*
    Rebecca Widen, Assistant City Attorney*
    Seattle City Attorney's Office
    701 Fifth Avenue, Suite 2050
    Seattle, WA 98104
    Tel: (206) 684-8200
    E-mail: ann.davison@seattle.gov

    *Admitted *pro hac vice*

    Attorneys for Plaintiff
    CITY OF SEATTLE


KRISTYN ANDERSON
City Attorney

By: */s/ Kristyn Anderson*
    KRISTYN ANDERSON (MN Lic. 0267752)*
    SARA J. LATHROP, Assistant City Attorney (MN Lic. 0310232)*
    SHARDA ENSLIN, Assistant City Attorney (MN Lic. 0389370)*
    350 South Fifth Street
    Minneapolis, MN 55415
    Tel: 612-673-3000
    Email: kristyn.anderson@minneapolismn.gov
    sara.lathrop@minneapolismn.gov
    sharda.enslin@minneapolismn.gov

    *Admitted *pro hac vice*

    Attorneys for Plaintiff
    CITY OF MINNEAPOLIS

LYNDSEY OLSON
City Attorney

By: */s/ Lyndsey Olson*
    LYNDSEY OLSON, City Attorney*
    ANTHONY G. EDWARDS, Assistant City Attorney*
    400 City Hall and Courthouse
    15 Kellogg Boulevard West
    Saint Paul, Minnesota 55102
    Tel: 651-266-8710
    Fax: 651-298-5619
    Email: Anthony.Edwards@ci.stpaul.mn.us

    *Admitted *pro hac vice*

    Attorneys for Plaintiff
    CITY OF ST. PAUL


ERIN K. McSHERRY
City Attorney

By: */s/ Erin K. McSherry*
    ERIN K. McSHERRY, City Attorney*
    200 Lincoln Avenue
    Post Office Box 909
    Santa Fe, NM 87504-0909
    (505) 955-6512
    Email: ekmcsherry@santafenm.gov

    *Admitted *pro hac vice*

    Attorney for Plaintiff
    CITY OF SANTA FE


By: */s/ Naomi Tsu*
    NAOMI TSU*
    JILL HABIG (CA Bar No. 268770)
    Public Rights Project
    490 43rd Street, Unit #115
    Oakland, CA 94609
    Tel: (510) 738-6788
    jill@publicrightsproject.org
    naomi@publicrightsproject.org

    *Admitted *pro hac vice*

    Attorneys for Plaintiffs
    CITIES OF MINNEAPOLIS, NEW HAVEN,
    PORTLAND, ST. PAUL, SANTA FE, and SEATTLE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILER'S ATTESTATION**

I, KARUN A. TILAK am the ECF user whose identification and password are being used to file this PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ENFORCE, OR IN THE ALTERNATIVE, TO MODIFY, PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT. Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that the other above-named signatories concur in this filing.