UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CIVIL MINUTES

| Date: June 11, 2025 | Time: 14 minutes 2:07 p.m. to 2:21 p.m. | Judge: WILLIAM H. ORRICK |
|---|---|---|
| Case No.: 25-cv-01350-WHO | Case Name: City and County of San Francisco v. Donald J. Trump | |

**Attorneys for Plaintiffs:** Karun Tilak and Rajiv Narayan
**Attorney for Defendants:** Angel Fleming
**Attorney for Movants/Intervenors:** Matthew J. Craig

**Deputy Clerk:** Jean Davis        **Court Reporter:** Kendra Steppler

**PROCEEDINGS**

Hearing on Motion to Intervene conducted via videoconference. Court summarizes tentative opinion. Argument of counsel heard. Motion taken under submission; the minute order resolving the motion is below.

Counsel have been engaged in a meet and confer process in an effort to resolve discovery disputes and expect to submit a joint letter brief regarding the unresolved issues shortly.

**MINUTE ORDER**

Plaintiffs-Intervenors CARECEN, CIRLA, and ImmDef (the "Intervenors") are nonprofit organizations based out of the City of Los Angeles that support Los Angeles's immigrant communities. Los Angeles is not a plaintiff in this case. Because it is not, the Intervenors have filed a Motion for Permissive Intervention. (Dkt. No. 97). They argue that as "long-time champions" of Los Angeles's sanctuary policies and as first-hand witnesses to the benefits of those policies and the danger their rescission would pose, they can "bring into the Court the voices of those who have the most at stake in this action." They seek to join five of the existing eight claims brought by the plaintiffs (hereafter the "Cities and Counties"). Defendant federal government opposes their intervention on two grounds: it argues the Intervenors lack standing to bring their claims, and that intervention would be futile because they cannot be properly joined as plaintiffs.

Rule 24 authorizes two types of intervention: intervention as a matter of right and intervention with the court's permission. *Wang v. Zymergen Inc.*, 716 F. Supp. 3d 831, 834 (N.D. Cal. 2024);

Fed. R. Civ. P. Rule 24.[1]  The Intervenors seek the latter.

District courts have broad discretion to grant or deny permissive intervention under Rule 24(b). *See McDonald v. Means*, 309 F.3d 530, 541 (9th Cir. 2002).  A district court may grant permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B) where the applicant "shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011); *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 955 (9th Cir. 2009); *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996).[2]

Beyond these threshold requirements, the court may also consider other factors in the exercise of its discretion.  These include: (1) the nature and extent of the intervenors' interest; (2) their standing to raise relevant legal issues; (3) the legal position they seek to advance and its probable relation to the merits of the case; (4) whether the intervenors' interests are adequately represented by other parties; (5) whether intervention will prolong or unduly delay the litigation; and (6) whether the intervenors will significantly contribute to the full development of the underlying factual issues and to the just and equitable adjudication of the legal questions presented.  *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (laying out what I refer to as the "*Spangler*" factors); *accord Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011).  Rule 24(b)(3) also *requires* that the court "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

I assume for purposes of this motion that the Intervenors satisfy the threshold requirements for permissive intervention.  But considering the *Spangler* factors, I conclude that intervention is not warranted.

Fundamentally, I fear that allowing intervention will complicate and impede the litigation (factor 5) without adding any material benefit (factor 6).  This case concerns the sanctuary policies of sixteen cities and counties that allege that the federal government is unlawfully attempting to coerce them to change those policies by withholding or freezing federal funds already apportioned to them by Congress.  While the Intervenors are certainly potentially affected by the

---

[1] Permissive "intervention necessarily implies that, if intervention is denied, the applicant is not legally bound or prejudiced by any judgment that might be entered in the case." *Bhd. of R.R. Trainmen v. Balt. & Ohio R.R. Co.*, 331 U.S. 519, 524 (1947).

[2] "Rule 24 traditionally receives liberal construction in favor of applicants for intervention." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).  In deciding a motion to intervene, a court must "take all well-pleaded, nonconclusory allegations in the motion … , the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).  Finally, the court may exercise its discretion to limit permissive intervention to only certain issues.  *See Dep't of Fair Empl. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 743 (9th Cir. 2011).

federal government's challenged actions, the same can be said by many entities and people residing within so-called "sanctuary" jurisdictions throughout the country.  This raises at least two problems.  First, while these entities and persons may have in common that they *are* affected by the federal government's challenged actions, the *nature* of that effect varies, meaning the relief to which they may be entitled also varies.  Second, I can see no limiting principle that would allow intervention by the Intervenors and not by other nonprofits or organizations with the same mission, further delaying and prolonging the litigation.

I realize that the City of Los Angeles has not joined this case.  I invite the Intervenors to submit amicus briefs to share their perspectives on the important issues they outline in their Motion, particularly if they have an issue that is not addressed by the sixteen cities and counties who are plaintiffs.  The Cities and Counties are capably represented in this litigation, and while cities and counties with sanctuary policies have some different concerns than the nonprofits serving immigrants in their communities, they are aligned on the pivotal issues of the unconstitutionality and illegality of the federal government's proposed actions (factor 4).

The motion to intervene is DENIED.

Dated: June 12, 2025

William H. Orrick
Senior United States District Judge