| | |
|---|---|
| DAVID CHIU, SBN 189542<br>City Attorney<br>YVONNE R. MERÉ, SBN 175394<br>Chief Deputy City Attorney<br>MOLLIE M. LEE, SBN 251404<br>Chief of Strategic Advocacy<br>SARA J. EISENBERG, SBN 269303<br>Chief of Complex and Affirmative Litigation<br>NANCY E. HARRIS, SBN 197042<br>KARUN A. TILAK, SBN 323939<br>Deputy City Attorneys<br>Fox Plaza<br>1390 Market Street, 7th Floor<br>San Francisco, CA  94102-5402<br>Telephone:       (415) 355-3308<br>Facsimile:        (415) 437-4644<br>E-Mail:             karun.tilak@sfcityatty.org<br><br>Attorneys for Plaintiff<br>CITY AND COUNTY OF SAN FRANCISCO | TONY LOPRESTI, SBN 289269<br>County Counsel<br>KAVITA NARAYAN, SBN 264191<br>Chief Assistant County Counsel<br>MEREDITH A. JOHNSON, SBN 291018<br>Lead Deputy County Counsel<br>STEFANIE L. WILSON, SBN 314899<br>RAJIV NARAYAN, SBN 334511<br>Deputy County Counsels<br>BILL NGUYEN, SBN 333671<br>Litigation Fellow<br>70 W. Hedding Street, East Wing, 9th Floor<br>San José, CA 95110<br>Telephone:       (408) 299-5900<br>Facsimile:        (408) 292-7240<br>E-Mail:             tony.lopresti@cco.sccgov.org<br><br>Attorneys for Plaintiff<br>COUNTY OF SANTA CLARA |

[additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, COUNTY OF SANTA CLARA, CITY OF PORTLAND, MARTIN LUTHER KING, JR. COUNTY, CITY OF NEW HAVEN, CITY OF OAKLAND, CITY OF EMERYVILLE, CITY OF SAN JOSÉ, CITY OF SAN DIEGO, CITY OF SACRAMENTO, CITY OF SANTA CRUZ, COUNTY OF MONTEREY, CITY OF SEATTLE, CITY OF MINNEAPOLIS, CITY OF ST. PAUL, CITY OF SANTA FE,<br><br>Plaintiffs,<br><br>vs.<br><br>DONALD J. TRUMP, President of the United States, UNITED STATES OF AMERICA, PAMELA BONDI, Attorney General of the United States, EMIL BOVE, Acting Deputy Attorney General, UNITED STATES DEPARTMENT OF JUSTICE, KRISTI NOEM, Secretary of United States Department of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, DOES 1-100,<br><br>Defendants. | Case No. 3:25-cv-1350-WHO<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing Date:   August 6, 2025<br>Time:                 2 P.M.<br>Judge:               Honorable William H. Orrick<br>Place:                Courtroom 2<br><br>Date Filed:        February 7, 2025<br>Trial Date:        Not set<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

## NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

PLEASE TAKE NOTICE that on August 6, 2025, at 2 P.M., or as soon thereafter as this matter may be heard before the Honorable William H. Orrick in Courtroom 2 of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs[1] will and hereby do move the Court for leave to file their proposed Second Amended Complaint for Declaratory and Injunctive Relief ("2AC") pursuant to Federal Rule of Civil Procedure 15(a)(2). The proposed 2AC is attached to this filing.

This motion is based on this Notice of Motion and Motion, the accompanying supporting Memorandum of Points and Authorities, the accompanying supporting declaration of Bill Nguyen and exhibit thereto attached, as well as the papers, evidence, and records on file in this action, and any other written or oral evidence or argument as may be presented at or before the time this motion is heard by the Court. Plaintiffs do not request a hearing and would accept the Court's decision to resolve this motion without oral argument pursuant to Civil Local Rule 7-1(b).

---

[1] Existing Plaintiffs are City and County of San Francisco ("San Francisco"), County of Santa Clara ("Santa Clara"), City of Portland ("Portland"), Martin Luther King, Jr. County ("King County"), City of New Haven ("New Haven"), City of Oakland ("Oakland"), City of Emeryville ("Emeryville"), City of San Jose ("San Jose"), City of San Diego ("San Diego"), City of Sacramento ("Sacramento"), City of Santa Cruz ("Santa Cruz"), County of Monterey ("Monterey"), City of Seattle ("Seattle"), City of Minneapolis ("Minneapolis"), City of Saint Paul ("Saint Paul"), and City of Santa Fe ("Santa Fe"). Prospective plaintiffs are County of Alameda ("Alameda County"), City of Albany ("Albany"), City of Albuquerque ("Albuquerque"), County of Allegheny ("Allegheny County"), City of Baltimore ("Baltimore"), City of Bend ("Bend"), City of Benicia ("Benicia"), City of Berkeley ("Berkeley"), City of Boston ("Boston"), City of Cambridge ("Cambridge"), City of Cathedral City ("Cathedral City"), City of Chicago ("Chicago"), City of Columbus ("Columbus"), City of Culver City ("Culver City"), County of Dane ("Dane County"), City and County of Denver ("Denver"), City of Healdsburg ("Healdsburg"), County of Hennepin ("Hennepin County"), City of Los Angeles ("Los Angeles"), County of Marin ("Marin County"), City of Menlo Park ("Menlo Park"), Multnomah County, City of Pacifica ("Pacifica"), City of Palo Alto ("Palo Alto"), City of Petaluma ("Petaluma"), Pierce County, City of Richmond ("Richmond"), City of Rochester ("Rochester"), City of Rohnert Park ("Rohnert Park"), County of San Mateo ("San Mateo County"), City of Santa Rosa ("Santa Rosa"), County of Sonoma ("Sonoma County"), City of Watsonville ("Watsonville"), and City of Wilsonville ("Wilsonville").

## MEMORANDUM OF POINTS AND AUTHORITIES

This motion timely pleads Plaintiffs' first request for leave to amend their Complaint. This filing is necessary because Defendants declined to consent to Plaintiffs' amendment. *See* Declaration of Bill Nguyen in Support of Plaintiffs' Motion for Leave to File Second Amended Complaint, ¶¶ 3–4; *id.* Ex. 1. As set forth below, the 2AC names additional plaintiffs, adds allegations as to those plaintiffs, adds two defendants, and adds allegations regarding Defendants' actions since the First Amended Complaint ("1AC"). Filing the 2AC will not cause Defendants any undue delay because this case is still in its early stages. Moreover, the proposed amendments will not unduly prejudice Defendants, whose actions since the 1AC (1) have already required Plaintiffs to repeatedly file requests for judicial notice; (2) have necessitated Plaintiffs seeking the Court's intervention through a Motion to Enforce or Modify the Injunction, as well as a Letter Brief addressing these intervening actions; and (3) have alerted other jurisdictions—some of which are prospective plaintiffs—of Defendants' intentions to take unlawful actions against them.

## BACKGROUND

The following table provides a timeline of major procedural events in this case:

| Date | Case Event | Additional Details (if relevant) |
|---|---|---|
| February 7, 2025 | Original complaint is filed. ECF No. 1. | The original complaint included five Plaintiffs: San Francisco, Santa Clara, Portland, King County, and New Haven. It had allegations about and sought relief from Section 17 of Executive Order 14,159 and Defendant Bondi's February 5 directive ("Bondi Directive"). |
| February 27, 2025 | 1AC is filed. ECF No. 22. | The 1AC included a total of sixteen Plaintiffs: In addition to the original five Plaintiffs, it added Oakland, Emeryville, San José, San Diego, Sacramento, Santa Cruz, Monterey, Seattle, Minneapolis, Saint Paul, and Santa Fe. It also added allegations about and sought relief from Section 2(a)(ii) of Executive Order 14,218, along with a declaration that local laws and policies limiting cooperation with federal civil immigration enforcement do not violate federal law. |
| March 17, 2025 | Plaintiffs' motion for preliminary | The sixteen Plaintiffs moved the Court to enjoin Defendants from taking any action to withhold, freeze, |

| Date | Case Event | Additional Details (if relevant) |
|---|---|---|
| | injunction ("PI") is filed. ECF No. 61. | or condition federal funds based on Section 17 of Executive Order 14,159; Section 2(a)(ii) of Executive Order 14,218; or the Bondi Directive. |
| April 11, 2025 | Nonprofits' motion to intervene is filed. ECF No. 97. | |
| April 24, 2025 | Court issues order granting PI. ECF No. 111. | The PI "run[s] against any federal agency or official, including the other named defendants and any other agency or individual acting in concert with or as an agent of the President or other defendants." *Id.* at 5. The Court instructed Defendants to give written notice of the PI to all federal agencies by April 28, 2025. |
| April 29, 2025 | Joint case management statement is filed. ECF No. 122. | Plaintiffs provided notice that "Plaintiffs may seek leave to amend the pleadings to add additional facts and plaintiffs." *Id.* at 8. |
| May 3, 2025 | Court issues further order regarding PI. ECF No. 126. | |
| May 5, 2025 | Plaintiffs' motion to enforce or modify PI is filed. ECF No. 128. | Plaintiffs argued that Executive Order 14,287, issued four days after the Court's order granting PI, reenacts the same unconstitutional funding threats enjoined by the Court's order and so should also be enjoined. |
| May 6, 2025 | Court convenes case management conference. ECF No. 131. | |
| May 9, 2025 | Court issues order clarifying PI. ECF No. 136. | The Court clarified that Executive Order 14,287 could not be used as an "end run" around the PI and that, while the federal government may conduct "lawful evaluation of federal funds," the suspension or termination of "funds that have little or nothing to do with sanctuary policies (such as healthcare, transportation, emergency relief and so forth) . . . would violate the Preliminary Injunction." *Id.* at 8. The Court instructed Defendants to give written notice of the order clarifying PI to all federal agencies by May 16, 2025. |
| June 11, 2025 | Court denies nonprofits' motion to intervene. ECF No. 142. | |

| Date | Case Event | Additional Details (if relevant) |
|---|---|---|
| June 13, 2025 | Parties file joint letter brief. ECF No. 143. | The joint letter brief principally seeks to clarify the application of the PI to grant terms and conditions from the U.S. Department of Transportation ("DOT"), the U.S. Department of Homeland Security ("DHS"), and the U.S. Department of Housing and Urban Development ("HUD"). It also sets forth Plaintiffs' request that Defendants disclose copies of the notices that the Court ordered Defendants to provide to all federal agencies. |
| June 20, 2025 | Defendants file notice of appeal to Ninth Circuit. ECF No. 146. | |
| June 23, 2025 | Court issues order regarding disputes over propriety of standard conditions on federal grants. ECF No. 147. | The Court concluded that the PI applies to standard terms from DOT and DHS, and allowed further briefing on whether there is a substantive relationship between the HUD Continuum of Care grant agreements and Plaintiffs' "sanctuary" policies. |

Plaintiffs' request for leave to amend is based on the flurry of additional executive actions threatening so-called "sanctuary" jurisdictions since the 1AC was filed on February 27, 2025. These actions include (1) the Federal Emergency Management Agency's March 25 recommendations, made pursuant to a February 19 directive from Defendant Noem, that restrictions for "sanctuary" jurisdictions apply to twelve grant programs funding critical emergency-preparedness activities; (2) Executive Order 14,287, issued on April 28, that directs the creation of a list of "sanctuary" jurisdictions and the identification of federal funds to such jurisdictions for suspension or termination; (3) DHS's publication on May 29, pursuant to Executive Order 14,287, of a list of over 500 cities and counties that the department has identified as "sanctuary" jurisdictions, with a command that these jurisdictions "immediately review and revise their policies" under threat of federal enforcement action; and (4) DHS, DOT, and HUD's issuance of grant terms and conditions requiring local cooperation with federal civil immigration enforcement in furtherance of the Executive Orders and directives by Defendants Bondi and Noem. Given these intervening executive actions, Plaintiffs seek to amend their complaint to add relevant allegations, plaintiffs, and two defendants.

//

# ARGUMENT

Courts "freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). That rule contemplates "extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (cleaned up). Courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Quinonez v. United States*, 2023 WL 5663156, at *1 (N.D. Cal. Aug. 30, 2023) (Orrick, J.) (citing *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citations omitted)). Prejudice "carries the greatest weight," *Eminence*, 316 F.3d at 1052, and "the party opposing amendment bears the burden of showing prejudice," *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). This liberal standard applies to adding parties as well as causes of action. *Id.* at 186.

## I.     The Proposed 2AC Will Not Prejudice Defendants.

Only in limited circumstances does prejudice result from amending a complaint. Prejudice may result when "amendment would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading." *Factory Techs., Inc. v. Neil Jones Foods Co.*, 2023 WL 8242120, at *2 (N.D. Cal. Nov. 28, 2023) (Orrick, J.) (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).) Prejudice may also result when added parties do not have time to "pursue and preserve the facts relevant to various avenues of defense" of the suit. *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1400 (9th Cir. 1984). However, timely notice that a lawsuit has been initiated, even if that notice is informal, sufficiently addresses such concerns. *Id.* Defendants carry the "burden of showing prejudice." *DCD*, 833 F.2d at 187. To "overcome Rule 15(a)'s liberal policy with respect to the amendment of pleadings[,] a showing of prejudice must be substantial." *MagTarget LLC v. Saldana*, 2019 WL 1904205, at *3 (N.D. Cal. Apr. 29, 2019) (cleaned up).

No such prejudice exists here.

Plaintiffs' additional allegations add additional executive orders, agency directives, and grant agreements exemplary of Defendants' unlawful conduct. At the earliest opportunities, Plaintiffs

noticed these documents to both the Court and Defendants through requests for judicial notice, meet-and-confer correspondence, and requests for relief from the Court. *See* ECF Nos. 89 (Noem Directive), 95-1 (FEMA Memo, Turner Letter, March 27 DHS Standard Terms and Conditions), 108-2 (Cal OES Letter, April 18 DHS Standard Terms and Conditions); 128-1 (EO 14,287); 143 (DOT Standard Terms and Conditions, HUD Continuum of Care Grant Agreement). By attaching these documents to the 2AC or incorporating them by reference, Plaintiffs simply seek to refresh a pleading that will make the disposition of this matter more efficient.

Plaintiffs' addition of parties likewise does not prejudice Defendants. Plaintiffs seek to add two defendants, the United States Office of Management and Budget ("OMB") and OMB Director Russell Vought, because of their inclusion in Executive Order 14,287. 90 Fed. Reg. 18765 ("Protecting American Communities from Criminal Aliens") (hereafter, "EO 14,287"). The Court has ruled that Defendants cannot use Executive 14,287 as an end run around the preliminary injunction and ordered Defendants "to provide written notice of this Order Clarifying Preliminary Injunction to all federal departments and agencies by May 16, 2025." Order Clarifying Preliminary Injunction, ECF No. 136, at 8. OMB and OMB Director Russell Vought have thus been on notice since at least May 16, 2025, about this matter.

Adding Plaintiffs will likewise not prejudice Defendants. Rather, it is Defendants' recent actions that compel additional jurisdictions to join this action. These new plaintiffs seek to join following Defendant DHS's publication—and subsequent de-publication—of a list of over 500 "sanctuary" jurisdictions that would be subject to the funding threats outlined in EO 14,287. Like the existing Plaintiffs, the new plaintiffs are reasonably threatened and confused by Defendants' actions and now seek resolution.

## II.    The Proposed 2AC Is Filed in Good Faith.

Plaintiffs have demonstrated good faith by timely and transparently raising concerns about nearly all matters added to the 2AC to Defendants and the Court. Since Plaintiffs filed this action on February 7, 2025, they have brought their concerns to Defendants and the Court through requests for judicial notice, a motion to enforce or modify, conference and correspondence with Defendants, and

most recently a letter brief to the Court. *See* ECF Nos. 88, 95, 108, 128, 143. Moreover, the underlying causes of action in the 2AC remain unchanged.

### III. Plaintiffs' Motion Is Timely and Will Not Cause Undue Delay.

Plaintiffs' motion for leave to amend the 1AC is timely. In addition to the principle that "delay alone is not sufficient to justify the denial of a motion requesting leave to amend," *DCD*, 833 F.2d at 187, here there is no evidence of unjust delay. This matter was filed just over four months ago, discovery has not yet begun, Defendants have filed no answer, and the parties have not briefed any dispositive motions. To the extent the addition of parties adds delay, that will be "outweighed by the increases in efficiency—for the parties and the court—that will stem from allowing [Plaintiffs] to bring [their] claims now rather than in an entirely separate suit." *Kellman v. Spokeo, Inc.*, 2023 WL 5767466, at *2 (N.D. Cal. Sept. 6, 2023) (Orrick, J.).

### IV. The Proposed 2AC Is Not Futile.

The proposed 2AC does not alter the substance of the 1AC, upon which the Court has already made a preliminary finding in favor of the merits in its preliminary injunction orders. *See* Order Granting Preliminary Injunction, ECF No. 111, at 3–5; *see also* Further Order Granting Preliminary Injunction, ECF No. 126, at 31–45 (finding Plaintiffs' claims justiciable), 46–62 (finding likelihood of Plaintiffs' success on the merits).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the proposed 2AC.

//
//
//
//
//
//
//

Dated: July 8, 2025

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
MOLLIE M. LEE
Chief of Strategic Advocacy
SARA J. EISENBERG
Chief of Complex and Affirmative Litigation
NANCY E. HARRIS
KARUN A. TILAK
Deputy City Attorneys

By: /s/ *David Chiu*
DAVID CHIU
City Attorney

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO


TONY LOPRESTI
County Counsel
KAVITA NARAYAN
Chief Assistant County Counsel
MEREDITH A. JOHNSON
Lead Deputy County Counsel
STEFANIE L. WILSON
RAJIV NARAYAN
Deputy County Counsels
BILL NGUYEN
Litigation Fellow

By: /s/ *Tony LoPresti*
TONY LOPRESTI
County Counsel

Attorneys for Plaintiff
COUNTY OF SANTA CLARA

ROBERT TAYLOR
Portland City Attorney

By: */s/ Naomi Sheffield*
NAOMI SHEFFIELD*
Chief Deputy City Attorney
1221 SW Fourth Avenue, Room 430
Portland, OR 97204
Tel: (503) 823-4047
Fax: (503) 823-3089
Naomi.Sheffield@portlandoregon.gov

*Admitted *pro hac vice*

Attorneys for Plaintiff
CITY OF PORTLAND


SHANNON BRADDOCK
King County Executive

*/s/ David J. Hackett*
By: DAVID J. HACKETT*
General Counsel to King County Executive
Chinook Building
401 5th Avenue, Suite 800
Seattle, Washington, 98104
(206) 477-9483
David.hackett@kingcounty.gov
PAUL J. LAWRENCE*
Pacifica Law Group
1191 2nd Avenue, Suite 2000
Seattle, WA 98101-3404
(206) 245-1708
Paul.Lawrence@pacificalawgroup.com

*Admitted *pro hac vice*

Attorneys for Plaintiff
MARTIN LUTHER KING, JR. COUNTY

```
                              PATRICIA KING
                              New Haven Corporation Counsel

                          By: /s/ Patricia King
                              PATRICIA KING*
                              Office of the Corporation Counsel
                              City of New Haven
                              165 Church Street-4th Floor
                              New Haven, CT 06510
                              Tel:   203-946-7951
                              Cell: 203-668-9282
                              Fax:  203-946-7942
                              pking@newhavenct.gov

                              *Admitted pro hac vice

                              Attorney for Plaintiff
                              CITY OF NEW HAVEN


                              RYAN RICHARDSON
                              Oakland City Attorney

                          By: /s/ Ryan Richardson
                              RYAN RICHARDSON
                              City Attorney
                              MARIA BEE
                              Chief Assistant City Attorney
                              JAMIE HULING DELAYE
                              Supervising City Attorney
                              H. LUKE EDWARDS
                              Deputy City Attorney
                              One Frank H. Ogawa Plaza, 6th Floor
                              Oakland, CA 94612
                              Tel: (510) 238-6629
                              Fax: (510) 238-6500
                              Email: RRichardson@OaklandCityAttorney.org

                              Attorneys for Plaintiff
                              CITY OF OAKLAND
```

JOHN I. KENNEDY
City Attorney

By: */s/ John I. Kennedy*
JOHN I. KENNEDY, City Attorney
1333 Park Ave, Emeryville, CA 94608-3517
Phone: 510-596-4381
Fax: 510-596-3724
Email: John.Kennedy@emeryville.org

Attorney for Plaintiff
CITY OF EMERYVILLE


NORA FRIMANN
City Attorney

By: */s/ Nora Frimann*
NORA FRIMANN, City Attorney
ELISA TOLENTINO, Chief Deputy City Attorney
200 E Santa Clara St
San José, CA 95113-1905
Tel: 408-535-1900
Fax: 408-998-3131
cao.main@sanjoseca.gov

Attorneys for Plaintiff
CITY OF SAN JOSÉ


HEATHER FERBERT
City Attorney

By: */s/ Mark Ankcorn*
MARK ANKCORN, Senior Chief Deputy City Attorney
JULIE RAU, Deputy City Attorney
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
Tel: (619) 533-5800

Attorneys for Plaintiff
CITY OF SAN DIEGO

```
                        SUSANA ALCALA WOOD
                        City Attorney

                    By: /s/ Andrea Velasquez
                        ANDREA VELASQUEZ, Supervising Deputy City
                        Attorney
                        915 I St Fl 4, Sacramento, CA 95814-2621
                        Tel: 916-808-5346
                        Fax: 916-808-7455
                        Email: AVelasquez@cityofsacramento.org

                        Attorneys for Plaintiff
                        CITY OF SACRAMENTO


                    By: /s/ Anthony P. Condotti
                        Anthony P. Condotti, City Attorney
                        Catherine M. Bronson, Assistant City Attorney
                        Claire Hard, Deputy City Attorney
                        PO Box 481
                        Santa Cruz, CA 95061
                        Tel: 831-423-8383
                        Email: tcondotti@abc-law.com
                        chard@abc-law.com
                        cbronson@abc-law.com

                        Attorneys for Plaintiff
                        CITY OF SANTA CRUZ



                        SUSAN K. BLITCH
                        County Counsel

                    By: /s/ Susan K. Blitch
                        SUSAN K. BLITCH, County Counsel
                        HENRY BLUESTONE SMITH, Deputy County Counsel
                        168 W Alisal St Fl 3rd
                        Salinas, CA 93901-2439
                        Tel: 831-755-5045
                        Fax: 831-755-5283
                        Email: SmithHB@countyofmonterey.gov

                        Attorneys for Plaintiff
                        COUNTY OF MONTEREY
```

Motion for Leave to File 2AC                    11
Case No. 3:25-cv-1350-WHO

```
                              ANN DAVISON
                              Seattle City Attorney

                         By: /s/ Ann Davison
                              Ann Davison, Seattle City Attorney*
                              Kerala Cowart, Assistant City Attorney*
                              Dallas LePierre, Assistant City Attorney*
                              Rebecca Widen, Assistant City Attorney*
                              Seattle City Attorney's Office
                              701 Fifth Avenue, Suite 2050
                              Seattle, WA 98104
                              Tel: (206) 684-8200
                              E-mail: ann.davison@seattle.gov

                              *Admitted pro hac vice

                              Attorneys for Plaintiff
                              CITY OF SEATTLE


                              KRISTYN ANDERSON
                              City Attorney

                         By: /s/ Kristyn Anderson
                              KRISTYN ANDERSON (MN Lic. 0267752)*
                              SARA J. LATHROP, Assistant City Attorney (MN Lic. 0310232)*
                              SHARDA ENSLIN, Assistant City Attorney (MN Lic. 0389370)*
                              350 South Fifth Street
                              Minneapolis, MN 55415
                              Tel: 612-673-3000
                              Email: kristyn.anderson@minneapolismn.gov
                              sara.lathrop@minneapolismn.gov
                              sharda.enslin@minneapolismn.gov

                              *Admitted pro hac vice

                              Attorneys for Plaintiff
                              CITY OF MINNEAPOLIS
```

LYNDSEY OLSON
City Attorney

By: */s/ Lyndsey Olson*
LYNDSEY OLSON, City Attorney\*
ANTHONY G. EDWARDS, Assistant City Attorney\*
400 City Hall and Courthouse
15 Kellogg Boulevard West
Saint Paul, Minnesota 55102
Tel: 651-266-8710
Fax: 651-298-5619
Email: Anthony.Edwards@ci.stpaul.mn.us

\*Admitted *pro hac vice*

Attorneys for Plaintiff
CITY OF ST. PAUL


ERIN K. McSHERRY
City Attorney

By: */s/ Erin K. McSherry*
ERIN K. McSHERRY, City Attorney\*
200 Lincoln Avenue
Post Office Box 909
Santa Fe, NM 87504-0909
(505) 955-6512
Email: ekmcsherry@santafenm.gov

\*Admitted *pro hac vice*

Attorney for Plaintiff
CITY OF SANTA FE


By: */s/ Naomi Tsu*
NAOMI TSU\*
JILL HABIG (CA Bar No. 268770)
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
Tel: (510) 738-6788
jill@publicrightsproject.org
naomi@publicrightsproject.org

\*Admitted *pro hac vice*

Attorneys for Plaintiffs
CITIES OF MINNEAPOLIS, NEW HAVEN,
PORTLAND, ST. PAUL, SANTA FE, and SEATTLE

Motion for Leave to File 2AC           13
Case No. 3:25-cv-1350-WHO

**FILER'S ATTESTATION**

I, DAVID CHIU, am the ECF user whose identification and password are being used to file this PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT. Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that the other above-named signatories concur in this filing.