# Exhibit F



*Secretary*

**U.S. Department of Homeland Security**
Washington, DC 20528

February 19, 2025

MEMORANDUM FOR ALL AGENCIES AND OFFICES

FROM:    Kristi Noem
         Secretary

SUBJECT:  **Restricting Grant Funding for Sanctuary Jurisdictions**

Following the horrific attacks on this country on September 11, 2001, the American people trusted their leaders to make sure it would never happen again. Among the circumstances that led to those attacks was the failure to treat immigration as a national security issue. The 9/11 Commission Report, for example, recognized that "the institutions charged with protecting our borders . . . did not understand how grave th[e] threat could be." 9/11 Commission Report at xvi. The Commission also specifically noted that there were, at that time, "9 million people . . . in the United States outside the legal immigration system." *Id.* at 390. A second factor recognized by the Commission was the failure of different law enforcement entities to share information. The Report recognized "pervasive problems of managing and sharing information across a large and unwieldy government." *Id.* at xvi.

The year after those terrible attacks, President George W. Bush signed into the law the Homeland Security Act of 2002. The Act created the Department of Homeland Security (DHS), and it transferred into that new agency a number of important national security components, including those responsible for immigration enforcement. Congress expressly found that "State and local personnel have capabilities and opportunities to gather information on suspicious activities and terrorist threats not possessed by Federal agencies." 6 U.S.C. § 481(b)(8). Congress also found that "[t]he Federal Government relies on State and local personnel to protect against terrorist attack." *Id.* § 481(b)(2).

The bottom line is that partnership is an essential element of our national security and public safety mission. And that mission undoubtedly includes immigration enforcement. State and local governments that refuse to cooperate with, refuse to share information with, or even actively obstruct federal immigration enforcement reject these ideals and the history we share in common as Americans. If any government entity chooses to thumb its nose at the Department of Homeland Security's national security and public safety mission, it should not receive a single dollar of the Department's money unless Congress has specifically required it.

For purposes of this memorandum, "sanctuary jurisdictions" include the following:

- Jurisdictions that fail to comply with the information sharing requirements of 8 U.S.C. §§ 1373 and 1644.

Prohibiting Grant Funding for Sanctuary Jurisdictions
Page 2

- Jurisdictions that violate other relevant laws, including prohibitions on encouraging or inducing an alien to come to, enter, or reside in the United States in violation of law, 8 U.S.C. § 1324(a)(1)(A)(iv), prohibitions on transporting or moving illegal aliens, *id.* § 1324(a)(1)(A)(ii), prohibitions on harboring, concealing, or shielding from detection illegal aliens, *id.* § 1324(a)(1)(A)(iii), and any applicable conspiracy, aiding or abetting, or attempt liability respecting these statutes.

- Jurisdictions that fail to honor requests for cooperation, such as participation in joint operations, sharing of information, or requests for short term detention of alien pursuant to a valid detainer. A jurisdiction, however, is not a sanctuary jurisdiction merely because it lacks the necessary resources to assist in a particular instance.

- Any jurisdiction that fails to provide access to detainees, such as when an immigration officer seeks to interview a person who might be a removable alien.

- Any jurisdiction that leaks the existence of an enforcement operation.

All components are to review all federal financial assistance awards to determine if Department funds, directly or indirectly, are going to sanctuary jurisdictions. To the extent consistent with relevant legal authorities and the applicable terms and conditions of each award, each component must cease providing federal funding to sanctuary jurisdictions. Components should also make appropriate criminal referrals to the Department of Justice where illegal conduct is discovered.

For questions regarding applicable legal authorities, components must consult with the General Counsel or his designee. For questions regarding whether a particular jurisdiction is a sanctuary jurisdiction, components must consult with the Director of Immigration and Customs Enforcement and the Commissioner of Customs and Border Protection or their designees.

Within 30 days, each component shall provide a report to the Undersecretary for Management with a summary of actions taken to comply with this memorandum.