| | |
|---|---|
| DAVID CHIU, SBN 189542<br>City Attorney<br>YVONNE R. MERÉ, SBN 175394<br>Chief Deputy City Attorney<br>MOLLIE M. LEE, SBN 251404<br>Chief of Strategic Advocacy<br>SARA J. EISENBERG, SBN 269303<br>Chief of Complex and Affirmative Litigation<br>NANCY E. HARRIS, SBN 197042<br>KARUN A. TILAK, SBN 323939<br>Deputy City Attorneys<br>Fox Plaza<br>1390 Market Street, 7th Floor<br>San Francisco, CA 94102-5402<br>Telephone: (415) 355-3308<br>Facsimile: (415) 437-4644<br>E-Mail: karun.tilak@sfcityatty.org<br><br>Attorneys for Plaintiff<br>CITY AND COUNTY OF SAN FRANCISCO<br><br>*[additional counsel on signature page]* | TONY LOPRESTI, SBN 289269<br>County Counsel<br>KAVITA NARAYAN, SBN 264191<br>Chief Assistant County Counsel<br>MEREDITH A. JOHNSON, SBN 291018<br>Lead Deputy County Counsel<br>STEFANIE L. WILSON, SBN 314899<br>RAJIV NARAYAN, SBN 334511<br>Deputy County Counsels<br>BILL NGUYEN, SBN 333671<br>Litigation Fellow<br>70 W. Hedding Street, East Wing, 9th Floor<br>San José, CA 95110<br>Telephone: (408) 299-5900<br>Facsimile: (408) 292-7240<br>E-Mail: tony.lopresti@cco.sccgov.org<br><br>Attorneys for Plaintiff<br>COUNTY OF SANTA CLARA |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, COUNTY OF SANTA CLARA, CITY OF PORTLAND, MARTIN LUTHER KING, JR. COUNTY, CITY OF NEW HAVEN, CITY OF OAKLAND, CITY OF EMERYVILLE, CITY OF SAN JOSÉ, CITY OF SAN DIEGO, CITY OF SACRAMENTO, CITY OF SANTA CRUZ, COUNTY OF MONTEREY, CITY OF SEATTLE, CITY OF MINNEAPOLIS, CITY OF ST. PAUL, CITY OF SANTA FE,<br><br>Plaintiffs,<br><br>vs.<br><br>DONALD J. TRUMP, President of the United States, UNITED STATES OF AMERICA, PAMELA BONDI, Attorney General of the United States, EMIL BOVE, Acting Deputy Attorney General, UNITED STATES DEPARTMENT OF JUSTICE, KRISTI NOEM, Secretary of United States Department of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, DOES 1-100,<br><br>Defendants. | Case No. 3:25-cv-1350-WHO<br><br>**PLAINTIFFS' REPLY REGARDING DEFENDANTS' RESPONSE TO COURT'S ORDER (DKT. 166)**<br><br>Judge:     Honorable William H. Orrick<br>Date Filed: February 7, 2025<br>Trial Date: Not set<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

# INTRODUCTION

This Court has clarified that "[t]he Preliminary Injunction in this case reaches any subsequent Executive Order or Government action that poses the same coercive threat to eliminate or suspend federal funding based on the Government's assertion that a jurisdiction is a 'sanctuary' jurisdiction." Order Clarifying Preliminary Injunction, Dkt. 136 ("Clarifying Order"), at 4.[1] The Court has also already reminded Defendants that "[t]he Government cannot avoid liability down the line by 'hewing to the narrow letter of the injunction' while 'simultaneously ignoring its spirit." *Id.* (quoting *Inst. of Cetacean Research v. Sea Shepard Conserv. Soc'y*, 774 F.3d 935, 954 (9th Cir. 2014)).

Yet Defendants are doing exactly that. Pursuant to enjoined Executive Order 14,218, the Department of Housing and Urban Development (HUD) introduced the following grant condition into Plaintiffs' grant agreements: "No state or unit of general local government that receives funding under this grant may use that funding in a manner that by design or effect facilitates the subsidization or promotion of illegal immigration or abets policies that seek to shield illegal aliens from deportation." Order Regarding Disputes Over Propriety of Standard Conditions on Federal Grants, Dkt. 147 ("Order Regarding Disputes"), at 8.

This Court invited Defendants to submit briefing limited to "the merits of their assertion that the [federal immigration enforcement] conditions are substantively related to the" Continuum of Care (CoC) grants annually authorized by Congress for homelessness assistance "and should not be enjoined," Order Regarding Disputes, at 8. Defendants fail to address the issue on which this Court invited additional briefing. As explained further below, Defendants have not demonstrated any connection between the conscription of local governments into federal immigration enforcement, and the housing and supportive services funded by the CoC grants—nor could they, because there is none. Defendants point to a provision authorizing "other" conditions that further the purposes of the authorizing statute, Title IV of the McKinney-Vento Homeless Assistance Act, but that statute does

---

[1] This submission uses "the Executive Orders" or "the enjoined Executive Orders" to refer to "(1) the first sentence of Section 17 of Executive Order 14,159, (2) Section 2(a)(ii) of Executive Order 14,218," and "any subsequent Executive Order or Government action that poses the same coercive threat to eliminate or suspend federal funding based on the Government's assertion that a jurisdiction is a 'sanctuary' jurisdiction." Clarifying Order, at 2, 4.

not relate to immigration enforcement. Defendants next argue that the grant conditions quoted above "merely require compliance with federal immigration laws," Defendants' Response, Dkt. 166 ("Defs' Resp.") at 2—a claim that lacks any basis in fact.

Defendants' non-responsive arguments about notice pleading and the propriety of nationwide injunctions are meritless. As this Court has held, Plaintiffs' claims for relief—upon which they are likely to succeed—are based on ample pleadings and evidence regarding the Executive Orders' explicit threat to end all federal funding "to the Cities and Counties (the plaintiffs in this case)." Order Regarding Disputes, at 1. Accordingly, the Court's Preliminary Injunction fairly reaches any federal agency "action to withhold from, freeze, or condition federal funds" to Plaintiffs on the basis of the Executive Orders. Moreover, because the Court's relief applies only to the Plaintiff Cities and Counties, *Trump v. CASA*, No. 24A884, 606 U.S. ___ (2025), is inapplicable. Plaintiffs respectfully request that the Court confirm that "[t]he HUD Continuum of Care grant terms and conditions" are "inconsistent with the Preliminary Injunction," Order Regarding Disputes, at 3, and hold that HUD's enforcement of such conditions against Plaintiffs is enjoined by this Court's Order.

## ARGUMENT

### I. HUD's immigration enforcement-related grant conditions violate this Court's preliminary injunction.

The Court's Order Regarding Disputes found that Defendants had "not yet attempted to show the required nexus" between "the kinds of services that the HUD CoC grants provide—safety-net services for the cities' most vulnerable populations, including the homeless, veterans, and unaccompanied youth" and "immigration enforcement." *Id.* at 8. Defendants still have not shown (and cannot show) any such nexus.

Defendants argue that "the conditions in HUD CoC grant agreements were substantively related to the HUD CoC grants" because "under 42 U.S.C. § 11386(b) . . . the recipient [of CoC grant funds] must agree 'to comply with such other terms and conditions as the Secretary may establish to carry out this part in an effective and efficient manner.'" Defs' Resp. at 1. This argument lacks merit.

Title IV of the McKinney-Vento Homeless Assistance Act ("Assistance Act") establishes the CoC program and authorizes funding to rehouse homeless individuals and families, provide supportive

services, and promote "community-wide commitment to the goal of ending homelessness." 42 U.S.C. § 11381. The Assistance Act sets forth conditions that CoC recipients must accept—none of which relates to enforcing federal immigration law. *See* 42 U.S.C. § 11386(b) (requiring recipients to, *inter alia*, "monitor and report to the Secretary the progress of the project," "take the educational needs of children into account when families are placed in emergency or transitional shelter," and "place families with children as close as possible to their school of origin"). Whether these listed requirements are "substantive" or not, Defs' Resp. at 2, they do not demonstrate any "nexus" to federal immigration enforcement. *See* Further Order Regarding Preliminary Injunction, Dkt. 126 ("Further Order"), at 50-51, and cases cited therein.

Further, while the Assistance Act requires recipients to comply with such "other terms and conditions" as "the Secretary may establish to carry out" the program "in an effective and efficient manner," *id.* § 11386(b)(8), no plausible interpretation of this clause authorizes conditioning funding for homelessness assistance on requiring localities to assist with the enforcement of federal immigration law. Section 11386(b)(8) is the last of a list of statutorily prescribed conditions. All of the preceding conditions in section 11386(b)(8) concern transparency, accountability, and meeting the needs of children served by CoC programs; none concern the new federal immigration-enforcement-related condition that HUD now seeks to introduce, or anything close to them. 42 U.S.C. § 11386(b)(1)–(7). Even if Congress included a "catch-all" clause to grant some discretion to the Secretary of Housing to establish additional criteria, no plausible reading of "other terms and conditions" in section 11386(b)(8) unambiguously authorizes the agency's introduction of the conditions at issue here in a manner that satisfies the Spending Clause. *Cnty. of Santa Clara v. Trump*, 250 F. Supp. 3d 497, 532 (N.D. Cal. Apr. 25, 2017); *see also South Dakota v. Dole*, 483 U.S. 203, 203 (1987).

Contrary to Defendants' assertion that the HUD CoC grant condition "merely requires recipients to comply with federal immigration laws," Defs' Resp. at 2, that grant condition is plainly based on the enjoined Executive Orders and directs the withholding of funding based on *lawful* policies that limit local cooperation with federal immigration enforcement. The HUD CoC grant condition is pulled nearly word-for-word from the fatally ambiguous language of Section 2(a)(ii) of

Executive Order 14,218. *Compare* 90 Fed. Reg. 10581 *with* Dkt. 68, at Ex. 1, p. 3; Dkt. 143, Attachment M, at p. 2; *see also* Further Order at 56-57 (finding Section 2(a)(ii) to be unconstitutionally ambiguous for purposes of the Fifth Amendment). Additionally, this Court has already found—and Defendants do not dispute—that HUD's express purpose in inserting this condition was to implement the enjoined Executive Orders. *See* Further Order, at 8 (quoting HUD Secretary Turner's Memorandum to "all HUD Grantees and Stakeholders" stating that "going forward, grant agreements will include language that will require compliance with Executive Order 14218, and the Department will take steps to ensure that Federal resources are not used to support 'sanctuary' policies of State and local jurisdictions[.]"). Moreover, HUD has posted to its website its current "Administrative Requirements" for grantees (revised April 22, 2025), which lists only the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (PRWORA) and Executive Order 14,218—*not* any statutory basis in section 11386(b)(8)—as the source for the immigration-related grant conditions.[2] The agency did not even attempt to rely on that provision when it took action to implement the Executive Orders, and the Court should not reward any *post hoc* attempt to recast the agency's actions.[3]

Nor can the language be plausibly read to merely require grant recipients to abide by federal law. As originally issued, the HUD CoC condition stated: "No state or unit of general local government that receives funding under this grant may use that funding in a manner that by design or effect facilitates the subsidization or promotion of illegal immigration or abets *so-called 'sanctuary' policies that seek to shield illegal aliens from deportation*, Dkt. 68 at Exhibit 1, p. 3 (emphasis added)—mirroring Executive Order 14,218's targeting of sanctuary jurisdictions. While later versions of the HUD CoC terms omit the word "sanctuary," this cosmetic alteration does not change the clear intent of the condition. In fact, the HUD Secretary has confirmed that his department is using these

---

[2] *Available at* https://www.hud.gov/stat/cfo/policy-requirements (last visited July 22, 2025).

[3] To the extent that Defendants suggest that PRWORA somehow authorizes the funding condition at issue in this case, Defs' Resp. at 3, that argument lacks merit. While PRWORA states that certain categories of non-citizens are not eligible for some "Federal public benefits," 8 U.S.C. § 1611(a), nowhere does the text suggest giving the federal Government the authority to condition the receipt of federal funds on the requirement that states and local jurisdictions actively assist in enforcing federal immigration laws.

grant conditions to "ensure that Federal resources are not used to support 'sanctuary' policies of State and local jurisdictions." Dkt. 95-1, Exhibit 9, at p. 1; Further Order, at 8. Thus, far from simply requiring compliance with federal law, the HUD CoC grant condition in fact reflects an agency directive to target local governments' lawful decisions to limit the use of their resources to assist with federal immigration enforcement.

## II.     Defendants' remaining attacks on the scope of the Preliminary Injunction are meritless.

Defendants advance a few arguments that are both meritless and nonresponsive to the Court's request that Defendants provide authority for the HUD CoC grant condition.

Defendants first claim that Plaintiffs' First Amended Complaint (FAC) does not meet the pleading standard with respect to HUD's unlawful implementation of the Executive Orders. Defs' Resp. at 3-4. This argument strains credulity. Where the FAC specifically challenges Executive Order 14,218, the HUD CoC grant condition closely mimics the language of Executive Order 14,218, and the HUD Secretary indicated that he in fact is implementing Executive Order 14,218, it is hard to imagine how Defendants lacked notice that HUD's action would be part of this case. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The FAC, and the evidence submitted in support of Plaintiffs' Motion for Preliminary Injunction (*see* Dkts. 61, 63-83, 88-89, 94), describe the Executive Orders and their "explicit" "threat to end *all* federal funding" received by Plaintiffs. *See* Clarifying Order, at 1 (emphasis added). Thus, any implementation of the enjoined Executive Orders by the Administration (including ones that post-date the filing of the FAC and Preliminary Injunction) is encompassed by the FAC and the Preliminary Injunction. *See* Clarifying Order, at 1-2, 8. Defendants were also specifically put on notice that Plaintiffs' claims encompassed HUD's federal funding conditions. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 970 (9th Cir. 2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.") (quoting *Iqbal*, 556 U.S. at 664). Plaintiffs articulated how they receive billions of dollars in federal funding for a variety of services, including grant funds from HUD for housing programs, *see* FAC ¶¶ 306-307, which were in jeopardy from the Administration's implementation of the Executive Orders against Plaintiffs. *See also, e.g.*, FAC ¶¶ 274, 278, 282, 304, 306-307, 318, 350,

370.[4] And Plaintiffs' motion for preliminary injunction, filed on March 17, 2025, expressly identified the HUD CoC grant condition as a specific implementation of Executive Order 14,218.

Next, Defendants argue that "the Supreme Court's decision in *Trump v. CASA*" stands for the proposition that "extending this Court's preliminary injunction to HUD as a non-party is improper." Defs' Resp. at 1. Defendants misconstrue *CASA*. That case addressed jurisprudential concerns about extending relief to plaintiffs who are not party to a lawsuit. *See, e.g.*, *CASA*, 606 U.S. __, 145 S. Ct. 2540, 2567 (U.S. June 27, 2025) (Kavanaugh, J., concurring) ("The District Courts granted universal preliminary injunctions—that is, injunctions prohibiting enforcement of the Executive Order against anyone. Under the Court's holding today, district courts issuing injunctions under the authority afforded by the Judiciary Act of 1789 may award only plaintiff-specific relief."). Here, unlike in *CASA*, the Court did not issue a universal injunction but instead limited relief to the Plaintiffs. In order to ensure that Plaintiffs obtain complete relief, the Court enjoined "named defendants and any other agency or individual acting in concert with or as an agent of the President or other defendants to implement" the enjoined Executive Orders. Further Order, at 65 n.14. The Court did so pursuant to Federal Rule of Civil Procedure 65(d)(2) and the principle that while the President cannot be enjoined in the performance of his official duties, injunctive relief may run against executive officials, *Franklin v. Massachusetts*, 505 U.S. 788, 802-803 (1992); *see* Further Order, at 65 n.14. Nothing in *CASA* limits or precludes application of Rule 65(d)(2) or *Franklin* here. In fact, *CASA* reaffirms that courts have authority to fashion injunctive relief to ensure that plaintiffs are entitled to complete relief. 145 S. Ct. at 2556.  Indeed, the Court's Preliminary Injunction would be rendered illusory if the Administration could enforce the Executive Orders' threat to deny to Plaintiffs "all federal funding" through another agency; "the sword of Damocles" would still be "hanging over the Cities and Counties' heads." Clarifying Order, at 1. Thus, the Court's Preliminary Injunction, properly construed, is "no more burdensome to the defendant than necessary to provide complete relief to *the plaintiffs*

---

[4] In any event, Plaintiffs' pending Proposed Second Amended Complaint would cure any purported notice pleading defect with respect to HUD. *See* [Proposed] Second Amended Complaint for Declaratory and Injunctive Relief, Dkt. 151-3.

*before the court.*" *CASA*, 145 S. Ct. at 2557 (quoting *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (emphasis original)).

Lastly, Defendants' passing reference about "claim-splitting," Defs' Resp. at 1 n.1, is also non-responsive to the Court's instruction on briefing. Moreover, the case Defendants rely on, *Adams v. California Department of Health Services*, is distinguishable. *Adams* involved a subsequently filed, duplicative employment discrimination complaint by the same plaintiff against the same defendants, after plaintiff was denied leave to amend in her first case. 487 F.3d 684, 687 (9th Cir. 2007). That is not the case here, as there are several Plaintiff Cities and Counties in this case that are not plaintiffs in *Martin Luther King, Jr. County et al. v. Turner, et al.*, No. 2:25-cv-814.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court order: (1) that Defendants have not demonstrated "the merits of their assertion that the funding conditions are substantively related to the HUD CoC grants that and should not be enjoined," Order Regarding Disputes, at 8; (2) that the HUD CoC funding conditions implementing the enjoined Executive Orders are within the scope of the Court's Preliminary Injunction; and (3) that, pursuant to the Preliminary Injunction and the constitutional principles underlying it, the Government may not enforce the HUD CoC funding condition or any similar condition. *See* Clarifying Order, at 2.

Dated: July 25, 2025

TONY LOPRESTI
County Counsel
KAVITA NARAYAN
Chief Assistant County Counsel
MEREDITH A. JOHNSON
Lead Deputy County Counsel
STEFANIE L. WILSON
RAJIV NARAYAN
Deputy County Counsels
BILL NGUYEN
Litigation Fellow

By: */s/ Tony LoPresti*
TONY LOPRESTI
County Counsel

Attorneys for Plaintiff
COUNTY OF SANTA CLARA

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
MOLLIE M. LEE
Chief of Strategic Advocacy
SARA J. EISENBERG
Chief of Complex and Affirmative Litigation
NANCY E. HARRIS
KARUN A. TILAK
Deputy City Attorneys

By: /s/ *David Chiu*
    DAVID CHIU
    City Attorney

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO


ROBERT TAYLOR
Portland City Attorney

By: /s/ *Naomi Sheffield*
    NAOMI SHEFFIELD*
    Chief Deputy City Attorney
    1221 SW Fourth Avenue, Room 430
    Portland, OR 97204
    Tel: (503) 823-4047
    Fax: (503) 823-3089
    Naomi.Sheffield@portlandoregon.gov

    *Admitted *pro hac vice*

Attorneys for Plaintiff
CITY OF PORTLAND

```
                              SHANNON BRADDOCK
                              King County Executive

                              /s/ David J. Hackett
                          By: DAVID J. HACKETT*
                              General Counsel to King County
                              Executive
                              Chinook Building
                              401 5th Avenue, Suite 800
                              Seattle, Washington, 98104
                              (206) 477-9483
                              David.hackett@kingcounty.gov
                              PAUL J. LAWRENCE*
                              Pacifica Law Group
                              1191 2nd Avenue, Suite 2000
                              Seattle, WA 98101-3404
                              (206) 245-1708
                              Paul.Lawrence@pacificalawgroup.com

                              *Admitted pro hac vice

                              Attorneys for Plaintiff
                              MARTIN LUTHER KING, JR. COUNTY

                              PATRICIA KING
                              New Haven Corporation Counsel

                          By: /s/ Patricia King
                              PATRICIA KING*
                              Office of the Corporation Counsel
                              City of New Haven
                              165 Church Street-4th Floor
                              New Haven, CT 06510
                              Tel:  203-946-7951
                              Cell: 203-668-9282
                              Fax:  203-946-7942
                              pking@newhavenct.gov

                              *Admitted pro hac vice

                              Attorney for Plaintiff
                              CITY OF NEW HAVEN
```

RYAN RICHARDSON
Oakland City Attorney

By: */s/ Ryan Richardson*
RYAN RICHARDSON
City Attorney
MARIA BEE
Chief Assistant City Attorney
JAMIE HULING DELAYE
Supervising City Attorney
H. LUKE EDWARDS
Deputy City Attorney
One Frank H. Ogawa Plaza, 6th Floor
Oakland, CA 94612
Tel: (510) 238-6629
Fax: (510) 238-6500
Email: RRichardson@OaklandCityAttorney.org

Attorneys for Plaintiff
CITY OF OAKLAND


JOHN I. KENNEDY
City Attorney

By: */s/ John I. Kennedy*
JOHN I. KENNEDY, City Attorney
1333 Park Ave, Emeryville, CA 94608-3517
Phone: 510-596-4381
Fax: 510-596-3724
Email: John.Kennedy@emeryville.org

Attorney for Plaintiff
CITY OF EMERYVILLE


NORA FRIMANN
City Attorney

By: */s/ Nora Frimann*
NORA FRIMANN, City Attorney
ELISA TOLENTINO, Chief Deputy City Attorney
200 E Santa Clara St
San José, CA 95113-1905
Tel: 408-535-1900
Fax: 408-998-3131
cao.main@sanjoseca.gov

Attorneys for Plaintiff
CITY OF SAN JOSÉ

```
                    HEATHER FERBERT
                    City Attorney

                By: /s/ Mark Ankcorn
                    MARK ANKCORN, Senior Chief Deputy City Attorney
                    JULIE RAU, Deputy City Attorney
                    1200 Third Avenue, Suite 1100
                    San Diego, California 92101-4100
                    Tel: (619) 533-5800

                    Attorneys for Plaintiff
                    CITY OF SAN DIEGO


                    SUSANA ALCALA WOOD
                    City Attorney

                By: /s/ Andrea Velasquez
                    ANDREA VELASQUEZ, Supervising Deputy City
                    Attorney
                    915 I St Fl 4, Sacramento, CA 95814-2621
                    Tel: 916-808-5346
                    Fax: 916-808-7455
                    Email: AVelasquez@cityofsacramento.org

                    Attorneys for Plaintiff
                    CITY OF SACRAMENTO


                By: /s/ Anthony P. Condotti
                    Anthony P. Condotti, City Attorney
                    Catherine M. Bronson, Assistant City Attorney
                    Claire Hard, Deputy City Attorney
                    PO Box 481
                    Santa Cruz, CA 95061
                    Tel: 831-423-8383
                    Email: tcondotti@abc-law.com
                    chard@abc-law.com
                    cbronson@abc-law.com

                    Attorneys for Plaintiff
                    CITY OF SANTA CRUZ
```

SUSAN K. BLITCH
County Counsel

By: */s/ Susan K. Blitch*
SUSAN K. BLITCH, County Counsel
HENRY BLUESTONE SMITH, Deputy County Counsel
168 W Alisal St Fl 3rd
Salinas, CA 93901-2439
Tel: 831-755-5045
Fax: 831-755-5283
Email: SmithHB@countyofmonterey.gov

Attorneys for Plaintiff
COUNTY OF MONTEREY


ANN DAVISON
Seattle City Attorney

By: */s/ Ann Davison*
Ann Davison, Seattle City Attorney*
Kerala Cowart, Assistant City Attorney*
Dallas LePierre, Assistant City Attorney*
Rebecca Widen, Assistant City Attorney*
Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
Tel: (206) 684-8200
E-mail: ann.davison@seattle.gov

*Admitted *pro hac vice*

Attorneys for Plaintiff
CITY OF SEATTLE

KRISTYN ANDERSON
City Attorney

By: */s/ Kristyn Anderson*
KRISTYN ANDERSON (MN Lic. 0267752)*
SARA J. LATHROP, Assistant City Attorney (MN Lic. 0310232)*
SHARDA ENSLIN, Assistant City Attorney (MN Lic. 0389370)*
350 South Fifth Street
Minneapolis, MN 55415
Tel: 612-673-3000
Email: kristyn.anderson@minneapolismn.gov
sara.lathrop@minneapolismn.gov
sharda.enslin@minneapolismn.gov

*Admitted *pro hac vice*

Attorneys for Plaintiff
CITY OF MINNEAPOLIS


LYNDSEY OLSON
City Attorney

By: */s/ Lyndsey Olson*
LYNDSEY OLSON, City Attorney*
ANTHONY G. EDWARDS, Assistant City Attorney*
400 City Hall and Courthouse
15 Kellogg Boulevard West
Saint Paul, Minnesota 55102
Tel: 651-266-8710
Fax: 651-298-5619
Email: Anthony.Edwards@ci.stpaul.mn.us

*Admitted *pro hac vice*

Attorneys for Plaintiff
CITY OF ST. PAUL

```
                              ERIN K. McSHERRY
                              City Attorney

                         By: /s/ Erin K. McSherry
                              ERIN K. McSHERRY, City Attorney*
                              200 Lincoln Avenue
                              Post Office Box 909
                              Santa Fe, NM 87504-0909
                              (505) 955-6512
                              Email: ekmcsherry@santafenm.gov

                              *Admitted pro hac vice

                              Attorney for Plaintiff
                              CITY OF SANTA FE


                         By: /s/ Naomi Tsu
                              NAOMI TSU*
                              JILL HABIG (CA Bar No. 268770)
                              Public Rights Project
                              490 43rd Street, Unit #115
                              Oakland, CA 94609
                              Tel: (510) 738-6788
                              jill@publicrightsproject.org
                              naomi@publicrightsproject.org

                              *Admitted pro hac vice

                              Attorneys for Plaintiffs
                              CITIES OF MINNEAPOLIS, NEW HAVEN,
                              PORTLAND, ST. PAUL, SANTA FE, and SEATTLE
```

**FILER'S ATTESTATION**

I, TONY LOPRESTI, am the ECF user whose identification and password are being used to file this PLAINTIFFS' REPLY REGARDING DEFENDANTS' RESPONSE TO COURT'S ORDER (DKT. 166). Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that the other above-named signatories concur in this filing.