DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 175394
Chief Deputy City Attorney
MOLLIE M. LEE, SBN 251404
Chief of Strategic Advocacy
SARA J. EISENBERG, SBN 269303
Chief of Complex and Affirmative Litigation
NANCY E. HARRIS, SBN 197042
KARUN A. TILAK, SBN 323939
Deputy City Attorneys
Fox Plaza
1390 Market Street, 7th Floor
San Francisco, CA  94102-5402
Telephone:      (415) 355-3308
Facsimile:      (415) 437-4644
E-Mail:          karun.tilak@sfcityatty.org

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO

TONY LOPRESTI, SBN 289269
County Counsel
KAVITA NARAYAN, SBN 264191
Chief Assistant County Counsel
MEREDITH A. JOHNSON, SBN 291018
Lead Deputy County Counsel
STEFANIE L. WILSON, SBN 314899
RAJIV NARAYAN, SBN 334511
Deputy County Counsels
BILL NGUYEN, SBN 333671
Litigation Fellow
70 W. Hedding Street, East Wing, 9th Floor
San José, CA 95110
Telephone:      (408) 299-5900
Facsimile:      (408) 292-7240
E-Mail:          tony.lopresti@cco.sccgov.org

Attorneys for Plaintiff
COUNTY OF SANTA CLARA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, COUNTY OF SANTA CLARA, et al.,<br><br>　　　Plaintiffs,<br><br>　　　vs.<br><br>DONALD J. TRUMP, President of the United States, et al.,<br><br>　　　Defendants. | Case No. 3:25-cv-1350-WHO<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

On April 24, 2025, the Court entered a Preliminary Injunction, prohibiting "Defendants[1] and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them . . . from directly or indirectly taking any action to withhold, freeze,

_____

[1] At the time, Defendants in this case were Donald J. Trump, President of the United States; the United States Department of Justice; Pamela Bondi in her official capacity as Attorney General of the United States; Emil Bove in his capacity as Acting Deputy Attorney General of the United States; the United States Department of Homeland Security; Kristi Noem in her official capacity as Secretary of the Department of Homeland Security; and the United States.

1    or condition federal funds from [Plaintiffs][2] based on (1) the first sentence of Section 17 of Executive

2    Order 14,159, (2) Section 2(a)(ii) of Executive Order 14,218, or (3) the Preamble and Section I of the

3    February 5, 2025 memorandum from the Attorney General entitled 'Sanctuary Jurisdictions

4    Directives' on the basis that the [Plaintiffs] have policies that limit (i) the honoring of civil

5    immigration detainer requests; (ii) cooperation with administrative warrants for purposes of

6    immigration enforcement; (iii) the sharing of information with federal immigration authorities other

7    than immigration or citizenship status; (iv) the use of local law enforcement to arrest or detain

8    individuals solely for civil immigration violations; or (v) the use of local resources to assist with civil

9    immigration enforcement activities." ECF No. 111 at 5–6.[3] On May 9, 2025, the Court issued an order

10   clarifying the scope of the Preliminary Injunction, specifying that the Injunction "reaches any

11   subsequent Executive Order or Government action that poses the same coercive threat to eliminate or

12   suspend federal funding based on the Government's assertion that a jurisdiction is a 'sanctuary'

13   jurisdiction," ECF No. 136 at 4—that is, it reaches "*any* Executive Order or agency directive that

14   purports to attempt to cut off federal funding from States or localities that meet the Government's

15   definition of 'sanctuary' jurisdiction in the wholesale, overly broad and unconstitutional manner

16   threatened by Section 17 of EO 14,159 and Section 2(a)(ii) of EO 14,218," *id.* at 8.

17          On July 29, 2025, Plaintiffs filed a Motion for Second Preliminary Injunction ("Motion"),

18   seeking entry of another Preliminary Injunction extending this same preliminary relief to "Additional

19   Plaintiffs," who have been included in the Second Amended Complaint[4]. The Court, having

---

[2]At the time, the Plaintiffs in this case were City and County of San Francisco; County of Santa Clara; City of Portland; Martin Luther King, Jr. County; City of New Haven; City of Oakland; City of Emeryville; City of San Jose; City of San Diego; City of Sacramento; City of Santa Cruz; County of Monterey; City of Seattle; City of Minneapolis; City of St. Paul; and City of Santa Fe.

[3] As stated in the order entering the initial Preliminary Injunction, that Injunction did not bind Defendant President Donald J. Trump with respect to the "performance of his official duties," but the Injunction "does run against any federal agency or official, including the other named defendants and any other agency or individual acting in concert with or as an agent of the President or other defendants to implement the enjoined provisions of Executive Orders 14,159 and 14,128 and the Bondi Directive." *See* ECF No. 111 at 5 n.5.

[4] Additional Plaintiffs are County of Alameda, City of Albany, City of Albuquerque, County of Allegheny, City of Baltimore, City of Bend, City of Benicia, City of Berkeley, City of Boston, City of Cambridge, City of Cathedral City, City of Chicago, City of Columbus, City of Culver City, County of Dane, City and County of Denver, City of Healdsburg, County of Hennepin, City of Los Angeles,

1  considered the Motion and documents filed therewith, all of the papers on file in this action, and the

2  evidence and arguments presented at the hearing, hereby GRANTS Plaintiffs' Motion.

3       Issuance of a preliminary injunction is warranted if the movant establishes (1) a likelihood of

4  success on the merits; (2) a likelihood of irreparable harm in the absence of relief; (3) that the balance

5  of equities tips in the movant's favor; and (4) that granting relief is in the public interest. *Winter v.*

6  *Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Courts in the Ninth Circuit evaluate these factors

7  on a "sliding scale" such that "serious questions going to the merits and a balance of hardships that

8  tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the

9  plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the

10  public interest." *Arc. of Cal. v. Douglas*, 757 F.3d 975, 983 (9th Cir. 2014) (cleaned up). As

11  government entities are parties to this case, the final two factors merge. *Roman v. Wolf*, 977 F.3d 935,

12  940–41 (9th Cir. 2020).

13       For the same reasons the Court found that the original Plaintiffs were likely to prevail on the

14  merits of each of their claims, the Court finds that Additional Plaintiffs are likely to prevail on those

15  same claims. *See* ECF Nos. 111 at 4–5; 126 at 46–62; 136 at 4–7; 143 at 2–9. The challenged sections

16  in the Executive Orders and the Bondi Directive that order executive agencies to withhold, freeze, or

17  condition federal funding apportioned to localities by Congress violate the Constitution's separation of

18  powers principles and the Spending Clause; they also violate the Fifth Amendment to the extent they

19  are unconstitutionally vague and violate due process. *See City & Cnty. of S.F. v. Trump*, 897 F.3d

20  1225, 1234–35 (9th Cir. 2018); *Cnty. of Santa Clara v. Trump, et al.*, 250 F.Supp.3d 497, 530–32,

21  534–36 (N.D. Cal. 2017). The Executive Orders' directives to withhold or freeze federal funding to

22  sanctuary jurisdictions also violate the Tenth Amendment because they impose coercive conditions

23  intended to commandeer local officials into enforcing federal immigration practices and law. *See Cnty.*

24  *of Santa Clara*, 250 F. Supp. 3d at 533. The Bondi Directive's order to freeze all DOJ funds is also

25

26

27  County of Marin, City of Menlo Park, Multnomah County, City of Pacifica, City of Palo Alto, City of
    Petaluma, Pierce County, City of Richmond, City of Rochester, City of Rohnert Park, County of San

28  Mateo, City of Santa Rosa, County of Sonoma, City of Watsonville, and City of Wilsonville.

1    likely arbitrary and capricious, contrary to the Constitution, and an *ultra vires* final agency action

2    under the Administrative Procedure Act. 5 U.S.C. § 706(2).

3        Additional Plaintiffs have also demonstrated a likelihood of irreparable harm in the absence of

4    relief. The threat to withhold funding causes them irreparable injury in the form of budgetary

5    uncertainty, deprivation of constitutional rights, and the undermining of trust between Additional

6    Plaintiffs and the communities they serve. *See City & Cnty. of S.F.*, 897 F.3d at 1244 (budgetary

7    harms); *Washington v. Trump*, 847 F.3d 1151, 1169 (9th Cir. 2017) (constitutional harms); *City of Los*

8    *Angeles v. Sessions*, 2018 WL 6071072, at *3 (C.D. Cal. Sept. 13, 2018) (community harms), *aff'd sub*

9    *nom. City of Los Angeles v. Barr*, 941 F.3d 931 (9th Cir. 2019). Lastly, the balance of the equities

10   favors Additional Plaintiffs, and the requested relief is in the public interest. *See City & Cnty. of S.F.*,

11   897 F.3d at 1244. Having established all of the *Winter* factors, Additional Plaintiffs are entitled to a

12   preliminary injunction.

### PRELIMINARY INJUNCTION

14       Now, therefore, it is hereby ORDERED that:

15       1.    Defendants[5] and their officers, agents, servants, employees, and attorneys, and any

16   other persons who are in active concert or participation with them, ARE HEREBY RESTRAINED

17   AND ENJOINED from directly or indirectly taking any action to withhold, freeze, or condition

18   federal funds from Additional Plaintiffs based on (1) the first sentence of Section 17 of Executive

19   Order 14,159, (2) Section 2(a)(ii) of Executive Order 14,218, (3) the February 5, 2025 Memorandum

20   from the Attorney General entitled "Sanctuary Jurisdictions Directives," or (4) any other Executive

21   Order or Government action that poses the same coercive threat to eliminate or suspend federal

22   funding based on the Government's assertion that a jurisdiction is a "sanctuary jurisdiction," on the

23   basis that the jurisdictions have policies that limit (i) the honoring of civil immigration detainer

24   requests; (ii) cooperation with administrative warrants for purposes of immigration enforcement; (iii)

26       [5] As with the initial Preliminary Injunction, Defendant President Donald J. Trump is not
enjoined by this Order with respect to the "performance of his official duties," but the injunction "does
27   run against any federal agency or official, including the other named Defendants and any other agency
or individual acting in concert with or as an agent of the President or other Defendants" to implement
28   the enjoined directives. *See supra* note 3.

[Proposed] Order Granting Motion for Second PI          4
Case No. 3:25-cv-1350-WHO

1    the sharing of information with federal immigration authorities other than immigration or citizenship

2    status; (iv) the use of local law enforcement to arrest or detain individuals solely for civil immigration

3    violations; or (v) the use of local resources to assist with civil immigration enforcement activities.

4        2.    Defendants are instructed to provide written notice of this Order to all federal

5    departments and agencies.

6        3.    This Order shall apply to the maximum extent provided for by Federal Rule of Civil

7    Procedure 65(d)(2) and 5 U.S.C. §§ 705 and 706.

8        4.    Defendants shall file a status report within seven (7) days of this Order apprising the

9    Court of the status of their compliance with this Order, including by providing a copy of the written

10    notice described above.

11

12    IT IS SO ORDERED.

13

14    Dated: _____        _____

15                                WILLIAM H. ORRICK
                                United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] Order Granting Motion for Second PI            5
Case No. 3:25-cv-1350-WHO