BRETT A. SHUMATE
Assistant Attorney General
Civil Division
DREW C. ENSIGN
Deputy Assistant Attorney General
GLENN GIRDHARRY
Acting Deputy Director
ELIANIS PEREZ
Assistant Director
LAUREN FASCETT
Senior Litigation Counsel
LINDSAY ZIMLIKI
CAROLINE MCGUIRE
ANGEL FLEMING
VICTORIA TURCIOS
Trial Attorneys
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | CASE NO. 3:25-CV-1350 (WHO) <br><br> **DEFENDANTS' OPPOSITION TO PLAINITFFS' PROPOSED EXPEDITED BRIEFING SCHEDULE** |

On June 13, 2025, Plaintiffs notified Defendants that they intended to file a motion for leave to file a Second Amended Complaint. ECF No. 151-2 at 15–16. On July 2, 2025, the Parties filed a proposed briefing schedule, outlining how they agreed to proceed on briefing Plaintiffs' motion for leave. ECF No. 149. This Court endorsed the Parties' agreed upon schedule, which dictates that briefing will conclude by August 1, 2025. ECF No. 150. Further, should the Court require a hearing, it will occur virtually on August 6, 2025. *Id.*

Plaintiffs now seek to file a second preliminary injunction and request an expedited briefing schedule *before* the Court has ruled on their motion for leave to file a Second Amended Complaint and even before the Parties have fully briefed that motion. *See* ECF No. 178. The Court should decline Plainitffs' request, until the Court has resolved whether Plaintiff can even file a Second Amended Complaint. Moreover, briefing on Plaintiffs' second preliminary injunction should only proceed if the Court *grants* Plaintiffs' motion for leave to file a Second Amended Complaint. Thereafter, the Court should order the Parties' briefing of the Plaintiffs' preliminary injunction motion to continue in accordance with Local Rule 7-3, as the Parties previously proceeded when briefing Plaintiffs' first preliminary injunction motion. *See* LCvR 7-3(a), (c); ECF Nos. 61–83 (Plaintiffs' preliminary injunction filed on March 17, 2025), ECF No. 93 (Defendants' opposition filed fourteen days later, on March 31, 2025), ECF No. 94 (Plaintiffs' reply in support filed seven days later, on April 7, 2025).

Alternatively, should the Court permit briefing to proceed on Plaintiffs' motion for a preliminary injunction prior to resolving their motion for leave to file a second amended complaint, Defendants maintain their position that the Parties should proceed with a normal, non-expedited briefing schedule under LCvR 7-3, with Defendants' response due on August 12, 2025, and Plaintiffs' reply due on August 19, 2025. *Id.*

As Plaintiffs fail to demonstrate that expedited briefing is warranted here, the Court should deny their request for the same. Indeed, "[w]hile a party may request expedited consideration of a motion, 'the filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them.'" *Paradise v. State*, No. CV 25-02358-MRA (DFM), 2025 WL 1423844, at *1 (C.D. Cal. Apr. 9, 2025), *reconsideration denied,* 2025 WL 1421379 (C.D. Cal. Apr. 15, 2025) (quoting *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015)). That is

1

because "[t]he adversarial process requires thoughtful, developed argument by both parties explaining what the parties' competing positions are, the factual basis for those positions, and the legal authority supporting the arguments presented." *Id.* "To establish that the Court should bypass its default procedures, *the movant* must show that it will be irreparably prejudiced unless its motion is heard on an expedited basis." *Cardoza*, 141 F. Supp. 3d at 1142 (emphasis added) (citing *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). "When such prejudice is absent, sufficient justification for bypassing the default briefing schedule does not exist and the request may be properly decided on a non-expedited basis." *Id.*

  Plaintiffs' request to proceed on an expedited basis prejudices Defendants. Plaintiffs seek to file a second preliminary injunction on the basis that "some prospective plaintiffs may need relief sooner than is possible on a regular briefing schedule." *See* ECF No. 178-1, Exhibit 1 at 9. And Plaintiffs seek injunctive relief *before* this Court has even decided whether Plaintiffs may actually file their Second Amended Complaint, to, *inter alia*, join the very plaintiffs for which they seek relief. Those plaintiffs are not yet parties before this Court, and thus, Plaintiffs cannot request relief on their behalf. *Kindred v. Bigot*, 727 F. App'x 427, 428 (9th Cir. 2018) ("The district court did not abuse its discretion in denying Kindred's requests for preliminary injunctive relief against individuals not before the district court because the district court could not provide relief against such individuals) (citing *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1985) (federal courts "may not attempt to determine the rights of persons not before the court")). Notably, Defendants objected to adding these prospective plaintiffs in their opposition to Plaintiffs' motion for leave to file a Second Amended Complaint. ECF No. 173 at 13–14. To that end, the Court must afford Defendants an opportunity to have their objections heard, before Plaintiffs are permitted to seek preliminary relief on such non-parties' behalf.

  Moreover, Plaintiffs neglected to raise the prospect of a second preliminary injunction in any of the communications that preceded the Parties' joint proposed briefing schedule. *See* ECF No. 151-2. Nor did Plaintiffs identify a change in circumstance that explains why they did not attempt to join these prospective parties sooner. Instead, Plaintiffs argue—for the first time—that expedited briefing is warranted because some prospective plaintiffs have an August 16 deadline to submit certain agreements. But that deadline, by itself, does not create a basis for expedited briefing for two reasons. First,

2

notwithstanding this deadline, these prospective plaintiffs are not part of this lawsuit, such that Plaintiffs can request relief on their behalf. Second, Plaintiffs have not demonstrated that the August 16 deadline arose unexpectedly, such that it constitutes an "emergency" to support an expedited briefing schedule. Plaintiffs only state that the deadline is impending.[1] *Tomahawk Mfg., Inc. v. Spherical Indus., Inc.*, No. 2:23-CV-01007-APG-NJK, 2025 WL 1118386, at *3 (D. Nev. Apr. 14, 2025) ("Generally speaking, an emergency motion is properly presented to the Court only when the movant has shown…that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect.). To the contrary, Plaintiffs' submissions indicate that this August 16 deadline was known at the time Plaintiffs were negotiating a briefing schedule on their motion for leave to file their Second Amended Complaint. *See* ECF No. 177-37 ¶ 11. *See also* ECF No. 178 at 4, n.4. This deadline could have and should have been factored into Plaintiffs' planning when they negotiated this joint briefing schedule that this Court endorsed on July 2, 2025. ECF No. 150. These deficiencies undercut Plaintiffs' new claim for urgency. *See Batley v. Homeseekers.com, Inc.*, No. CV 01-5642 NM (JWJX), 2003 WL 27384462, at *4 (C.D. Cal. May 13, 2003) (collecting cases at *4) (citing *Tough Traveler. Ltd. v. Outbound Products*, 60 F.3d 964, 968 (2d Cir. 1995) ("[A plaintiff's] failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury.")). Defendants should not now have to participate in fire drill briefing for Plaintiffs' lack of planning.

Plaintiffs fail to meet their burden to demonstrate that expedited briefing is warranted here because their motion for leave to file a Second Amended Complaint is not yet fully briefed, much less resolved. *Christmas House USA Inc. v. ChristmasLand Experience LLC*, No. 23-CV-8412 (LDH) (SIL), 2024 WL 1494687, at *2 (E.D.N.Y. Apr. 5, 2024) ("While Plaintiff has sought leave to amend the complaint to add a claim for trade dress, the Court has not yet granted Plaintiff's request, and Plaintiff may not amend its

---

[1] Prospective Plaintiff Petaluma complains that HUD provided it "24 hours" to cure an alleged deficiency. ECF No. 178 at 5. However, upon closer scrutiny of the declaration Plaintiffs cite to support this proposition, that exchange occurred on July 2, 2025. *See* ECF No. 177-37, Cochran Decl. ¶ 13. Notwithstanding, Plaintiffs waited until July 18, 2025 to notify Defendants of their intent to file their preliminary injunction motion, *see* ECF No. 178-1, Exhibit 1 at 9, and until July 29, 2025 to file the same, *see* ECF No. 177. Despite the fact that Petaluma is not even a Plaintiff in this action, their delay in seeking relief undermines that expedited briefing is warranted here.

3

complaint to add claims through the motion for an injunction.") (internal ECF citation omitted). And expedited briefing is hardly warranted where Plaintiffs delayed over four months in adding the prospective plaintiffs for which they now seek injunctive relief.

Accordingly, this Court should stay briefing on Plaintiffs' motion for a preliminary injunction until the Court has ruled on their motion to file a Second Amended Complaint. Further, the Court should deny Plaintiffs' request for expedited briefing and order the Parties to proceed on the briefing schedule contemplated by Local Civil Rule 7-3.

Dated: July 29, 2025          Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Acting Deputy Assistant Attorney General

GLENN GIRDHARRY
Acting Deputy Director

ELIANIS PEREZ
Assistant Director

LAUREN FASCETT
Senior Litigation Counsel

ANGEL FLEMING
VICTORIA TURCIOS
LINDSAY ZIMLIKI
Trial Attorneys

*/s/ Caroline McGuire*
CAROLINE MCGUIRE
NY Bar No. 5854823
Trial Attorney
U.S. Department of Justice
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of July 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which provided an electronic notice and electronic link of the same to all attorneys of record through the Court's CM/ECF system.

/s/ Caroline McGuire
Caroline McGuire
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
General Litigation and Appeals Section
*Attorney for Defendants*