DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 175394
Chief Deputy City Attorney
MOLLIE M. LEE, SBN 251404
Chief of Strategic Advocacy
SARA J. EISENBERG, SBN 269303
Chief of Complex and Affirmative Litigation
NANCY E. HARRIS, SBN 197042
KARUN A. TILAK, SBN 323939
Deputy City Attorneys
Fox Plaza
1390 Market Street, 7th Floor
San Francisco, CA 94102-5402
Telephone: (415) 355-3308
Facsimile: (415) 437-4644
E-Mail: karun.tilak@sfcityatty.org

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO

TONY LOPRESTI, SBN 289269
County Counsel
KAVITA NARAYAN, SBN 264191
Chief Assistant County Counsel
MEREDITH A. JOHNSON, SBN 291018
Lead Deputy County Counsel
STEFANIE L. WILSON, SBN 314899
RAJIV NARAYAN, SBN 334511
Deputy County Counsels
BILL NGUYEN, SBN 333671
Litigation Fellow
70 W. Hedding Street, East Wing, 9th Floor
San José, CA 95110
Telephone: (408) 299-5900
Facsimile: (408) 292-7240
E-Mail: tony.lopresti@cco.sccgov.org

Attorneys for Plaintiff
COUNTY OF SANTA CLARA

[additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, COUNTY OF SANTA CLARA, CITY OF PORTLAND, MARTIN LUTHER KING, JR. COUNTY, CITY OF NEW HAVEN, CITY OF OAKLAND, CITY OF EMERYVILLE, CITY OF SAN JOSÉ, CITY OF SAN DIEGO, CITY OF SACRAMENTO, CITY OF SANTA CRUZ, COUNTY OF MONTEREY, CITY OF SEATTLE, CITY OF MINNEAPOLIS, CITY OF ST. PAUL, CITY OF SANTA FE,<br><br>Plaintiffs,<br><br>vs.<br><br>DONALD J. TRUMP, President of the United States, UNITED STATES OF AMERICA, PAMELA BONDI, Attorney General of the United States, EMIL BOVE, Acting Deputy Attorney General, UNITED STATES DEPARTMENT OF JUSTICE, KRISTI NOEM, Secretary of United States Department of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, DOES 1-100,<br><br>Defendants. | Case No. 3:25-cv-1350-WHO<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Hearing Date: August 6, 2025<br>Time: 2:00 p.m.<br>Judge: Honorable William H. Orrick<br>Place: Courtroom 2<br><br>Date Filed: February 7, 2025<br>Trial Date: Not set<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

**INTRODUCTION**

Plaintiffs seek leave to file a Second Amended Complaint (SAC) that will update their allegations in light of Defendants' intervening actions and allow additional jurisdictions to assert their claims against Defendants' continuing threats, which include publishing a list of more than 500 "sanctuary" jurisdictions on the chopping block for federal funding. Defendants ask the Court to deny Plaintiffs' Motion for Leave on the basis that it is futile, unduly delayed, and prejudicial. But nothing in Defendants' opposition overcomes the rule that courts should "freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. Proc. 15(a)(2); *see Eminence Cap. LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (Rule 15(a)(2) contemplates "extreme liberality"). The SAC is hardly futile. The Court found that its core claims are likely to succeed on the merits, and the SAC does not inappropriately add parties. The SAC is brought only weeks after the federal administration published its list of targeted jurisdictions and is therefore timely. Defendants also fail to demonstrate any prejudice attributable to the SAC. Accordingly, Plaintiffs ask the Court to grant leave to amend.

**ARGUMENT**

**I.    Defendants Fail to Establish That Plaintiffs' SAC Is Futile.**

"An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). Plaintiffs' amendment advances valid and meritorious claims, and Defendants' opposition provides no reason for this Court to find otherwise.

      **A.    Plaintiffs' Claims Are Likely to Succeed on the Merits.**

Defendants preview arguments they plan to assert in an upcoming motion to dismiss, including that the challenged Executive Orders (EOs) are not unconstitutional given the inclusion of savings clauses; that existing laws, like the Personal Responsibility and Work Opportunity Act of 1996, authorize enjoined provisions of the EOs; that no funding to date has been denied to Plaintiffs; and that Defendant agencies may identify particular grants and funding programs that should be conditioned on compliance with immigration-related objectives. Defs.' Opp. to Plts.' Mtn. for Leave to File a Second Amended Complaint (Defs.' Opp.), Dkt. 173, at 5–7.

But Defendants have already briefed these arguments. *See, e.g.*, Dkt. 93, at 7–20. And this Court, in granting Plaintiffs' motion for a preliminary injunction, has already determined that Plaintiffs' claims as to EO 14,159, EO 14,218, the Bondi Directive, and the Noem Directive are justiciable and likely to succeed on the merits, even with Defendants' use of savings clauses and opportunity to undertake individualized review of grants and funding programs. Dkt. 111, at 3–5; *see also* Further Order Granting Preliminary Injunction, Dkt. 126, at 31–45 (finding Plaintiffs' claims justiciable); *id.* at 46–62 (finding likelihood of Plaintiffs' success on the merits). That the showing required for a preliminary injunction is "a significantly higher standard than the liberal policy embodied by Rule 15(a)(2)," *Malaney v. UAL Corp.*, 2011 WL 13153253, at *2 (N.D. Cal. Oct. 24, 2011), should by itself foreclose Defendants' attempt to paint as futile vast swaths of the SAC.

**B.     Defendants Misread the Court's Clarifying Order as to EO 14,287.**

Recognizing that EO 14,287 is the only Executive Order added to the SAC following the preliminary injunction, Defendants read this Court's Order Clarifying Preliminary Injunction to mean that the latest EO is so different that its incorporation into the SAC is futile. Defs.' Opp., at 5-6. Defendants misread the Court's clarification and fail to establish how the addition of EO 14,287 renders the SAC futile.

While the Court permitted Defendants to engage in individualized review pursuant to EO 14,287, it did not foreclose Plaintiffs' challenge to the EO. First, the Court observed a distinction between Section 2 of EO 14,287 and the two EOs previously pled in Plaintiffs' FAC—EOs 14,159 and 14,218. Order Clarifying Preliminary Injunction, Dkt. 136, at 5. The SAC does not challenge Section 2 of EO 14,287; the challenge is directed at Section 3, which the Court observed "is closer to the enjoined sections of EO 14,159 and EO 14,218." *Id*. at 6.

As to Section 3 of EO 14,287, the Court cautioned that Defendant Trump's statement in a "fact sheet" accompanying EO 14,287—promising "to withhold all Federal Funding for any City or State that allows these Death Traps [referring to sanctuary cities] to exist!!!"—"does not inspire confidence in the Government's representation that it will limit its implementation of EO 14,287 to 'identification' of funds for 'suspension or termination.'" *Id*. at 7. Further, the Court outlined how EO 14,287 could be implemented in violation of the preliminary injunction. *Id*. at 6–7. So, rather than

exclude EO 14,287 from the scope of the preliminary injunction, this Court clarified that "the Preliminary Injunction reaches the Government's proscribed conduct whether it is based on EO 14,287 or on some as yet unpublished Executive Order." *Id.* at 8. In light of the Court's reasoning, as with the previously enjoined EOs, Defendants cannot establish that the challenge to EO 14,287 is futile.

### C. Venue Is Proper in This District.

Defendants' contention that venue is not proper in this District ignores well-established jurisprudence. Venue is proper in a suit against the federal government, *inter alia*, in any judicial district in which "the plaintiff resides if no real property is involved." 28 U.S.C. § 1391(e)(1). Defendants argue that venue is improper because not *all* Plaintiffs reside in the Northern District of California. Defs.' Opp., at 9. Defendants cite no authority for this argument, nor could they; "the clear weight of federal authority holds that venue is proper in a multi-plaintiff case if *any* plaintiff resides in the District." *Californians for Renewable Energy v. EPA*, 2018 WL 1586211, at *5 (N.D. Cal. Mar. 20, 2018); *see Exxon Corp. v. F.T.C.*, 588 F.2d 895, 899 (3d Cir. 1978) (concluding that there "is no requirement that all plaintiffs reside in the forum district" for purposes of § 1391(e)), *overruled on other grounds*, *Reifer v. Wesport Ins. Corp.*, 751 F.3d 129 (3d Cir. 2014); *Sidney Coal Co., Inc. v. SSA*, 427 F.3d 336, 343–46 (6th Cir. 2005) (noting that every court to consider the issue since 1971 has interpreted § 1391(e) to only require that "any plaintiff" reside in the judicial district, and collecting cases); *see also Ry. Lab. Execs. Ass'n v. I.C.C.*, 958 F.2d 252, 256 (9th Cir. 1991) (citing *Exxon* approvingly and concluding that because venue was proper as to one plaintiff, the court did not have to determine whether venue was proper for the other plaintiffs). Defendants fail to acknowledge nearly a half-century of authority contrary to their position.

Courts routinely find venue proper in cases such as this one, where some of the Plaintiffs undisputedly reside in the District. *See, e.g.*, *Californians for Renewable Energy*, 2018 WL 1586211, at *6 ("the fact that three of the Plaintiffs reside in this District is, standing alone, sufficient to establish that venue is proper"); *Gutta v. Renaud*, 2021 WL 533757, at *8 (N.D. Cal. Feb. 12, 2021) (one plaintiff residing in District sufficient for venue); *Ray v. Cuccinelli*, 2020 WL 6462398, at *3 (N.D. Cal. Nov. 3, 2020); (venue proper where 6 of 45 plaintiffs reside in this district); *MadKudu, Inc. v. USCIS*, 2020 WL 5628968, at *8 (N.D. Cal. Sept. 14, 2020) (venue proper where one plaintiff

resided in District). As such, Defendants' arguments regarding improper venue fail.[1]

### D. Plaintiffs' Claims Are Properly Joined.

Defendants also cannot show that Plaintiffs' claims are improperly joined, such that granting leave to amend would clearly be futile. Under Rule 20(a), joinder is appropriate where (1) plaintiffs' claims "relat[e] to or aris[e] out of the same transaction or occurrence" and (2) "some question of law or fact common to all the parties will arise in the action." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). The Supreme Court has explained that "[u]nder the rules, the impulse is toward[s] entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). As such, the rules regarding permissive joinder must be "construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe*, 558 F.2d at 917.

Plaintiffs amply satisfy the requirements of Rule 20. First, Plaintiffs' claims all arise out of the same transaction or occurrence. The "transaction" requirement "refers to similarity in the factual background of a claim." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Here, Plaintiffs' claims all arise from the same transactions—namely, Defendants' issuance and implementation of the challenged Executive Orders to coerce Plaintiffs into changing their policies. *Am. Fed'n of Gov't Emps., AFL-CIO v. U.S. Off. of Pers. Mgmt.*, 2025 WL 770360, at *4 (N.D. Cal. Mar. 10, 2025) (plaintiffs' claims related to the same transaction where they stemmed from "OPM's purported directive to other federal agencies to terminate probationary employees," even though OPM disputed that agencies were terminating employees pursuant to the directive); *Doe 1 v. Bondi*, 2025 WL 1482733, at *5 (N.D. Ga. May 2, 2025) (claims arose from same transaction where they stemmed from a "uniform administrative action instead of individualized determinations"). Defendants repeat their

---

[1] Defendants also argue that they do not reside in this District and that events and omissions giving rise to Plaintiffs' claims did not occur in this District. But because Plaintiffs need only satisfy one condition of section 1391(e)(1)—residence of any plaintiff in the District—Defendants' remaining arguments on venue are unavailing. *Californians for Renewable Energy*, 2018 WL 1586211, at *5 (venue is proper if one of the categories in § 1391(e)(1) is satisfied).

claim that this case seeks to improperly curb individual agency action in connection with specific grants to individual jurisdictions. Defs.' Opp., at 10. But this Court has already made clear that this case pertains to the Executive Orders and similar agency directives that withhold funding from "sanctuary" jurisdictions on a categorical basis, and that Defendants are not prevented from making individualized determinations with respect to specific grants. Dkt. 136, at 1–8. The proposed SAC is consistent with the Court's rulings and seeks relief only from the Executive Orders and agency-wide directives that implement the Executive Orders. *See* Dkt. 151-3, at ¶¶ 1–13. To accept Defendants' argument—that an agency that implements the Executive Orders is engaged in a "separate transaction"—would vitiate the relief that Plaintiffs seek and undermine the very purpose of joinder: to "expedite the final determination of disputes" and "prevent[] multiple lawsuits." *League to Save Lake Tahoe*, 558 F.2d at 917.

Plaintiffs likewise satisfy the second prong of Rule 20(a) because there are "some question[s] of law or fact" common to all Plaintiffs. *Id.* Rule 20 "does *not* require that *all* questions of law and fact be identical," *Am. Fed'n of Gov't Emps.*, 2025 WL 770360, at *4, but rather focuses on whether there are "shared issues that will collectively advance the prosecution of multiple claims in a joint proceeding," *Russo v. Fed. Med. Servs., Inc.*, 756 F. Supp. 3d 748, 754 (N.D. Cal. 2024) (quoting *Campbell v. City of LA*, 903 F.3d 1090, 1115 (9th Cir. 2018)). The questions of law at issue in this case are largely common to all Plaintiffs, including, for example, whether Defendants have unconstitutionally usurped Congress's Article I spending power through the challenged Executive Orders and their implementation, have imposed conditions that lack nexus or are unconstitutionally vague and ambiguous, and have engaged in arbitrary and capricious agency action under the Administrative Procedure Act.

Moreover, Plaintiffs share material factual similarities. For example, every Plaintiff has been identified by Defendant Department of Homeland Security in its list of "sanctuary" jurisdictions prepared pursuant to Executive Order 14,287, either as a stand-alone jurisdiction or because it is

located in a "sanctuary" state.[2]  Dkt. 151-3, at ¶ 394.  Under Executive Order 14,287, every current and prospective Plaintiff is therefore at risk of having its funding suspended or terminated.  Even if Defendants had not already labeled the Plaintiffs as "sanctuary" jurisdictions, this Court has already found that the 16 existing Plaintiffs' policies have certain "common features" that have been targeted by Defendants—i.e., the Plaintiffs all "generally limit local officials from inquiring about immigration status, conditioning local services based upon immigration status, arresting individuals solely for civil immigration violations, or participating in enforcement of federal immigration laws."  Dkt. 126, at 39.  The additional Plaintiffs' policies share these same features.  Dkt. 151-3, at ¶¶ 204–07, 209, 212, 215, 218, 220, 222, 224, 225, 228–30, 233, 237, 240, 242–43, 247, 249, 252, 256, 260, 265, 268, 270, 274, 278, 280, 282, 284–85, 288, 293–94, 299, 304–05, 311, 315, 318–19, 323.  Similarly, while Defendants try to parse individual jurisdictions' budgetary allegations, for purposes of Plaintiffs' Tenth Amendment claim, Plaintiffs uniformly rely heavily on federal funding to support their overall budgets and critical social safety-net services such that withdrawal of all or substantially all funding would have devastating consequences.  Dkt. 151-3, at ¶¶ 563–687; Dkt. 126, at 51–52, 62 (finding, with respect to the existing Plaintiffs, that categorical withdrawal of all federal funding or all DOJ funding would be coercive).  Ultimately, even if there are some individual differences between jurisdictions, those factual disparities do not preclude joinder given the overwhelmingly common legal and factual issues that are most efficiently handled in one proceeding.  *See Am. Fed'n of Gov't Emps.*, 2025 WL 770360, at *3–4; *Doe 1*, 2025 WL 1482733, at *5–6; *see also Russo*, 756 F. Supp. 3d at 754.

       Defendants' cases do not support severance and are clearly distinguishable.  For example, in *Coughlin*, the Ninth Circuit upheld severance of the claims of 49 different plaintiffs whose immigration applications had been delayed because each plaintiff "waited a different length of time, suffering a different duration of alleged delay," defendants disputed the delay "in some instances," and "there may be numerous reasons for the alleged delay."  *Id.* at 1350.  Similarly, *Hernandez v. City of*

---

[2] While DHS subsequently took down this list, Secretary Noem has stated that the "list is absolutely continuing to be used and it is going to be identifying those cities and those jurisdictions that aren't honoring law and justice."  *See* Dkt. 151-3, at ¶ 394; *see also* Roll Call, *Homeland Security posts, then deletes, sanctuary jurisdictions list* (June 2, 2025), available at https://rollcall.com/2025/06/02/homeland-security-posts-then-deletes-sanctuary-jurisdictions-list/

*San Jose*, 2017 WL 2081236, at *9 (N.D. Cal. May 15, 2017), involved eleven "discrete and separate incidents of alleged violence, which involve different Plaintiffs, different Defendants, different actions, different harms, different law enforcement responses, different locations, and different times." And in *Stith v. California*, 2023 WL 4274043, at *3–4 (E.D. Cal. June 29, 2023), the district court determined that it would have to undertake an individualized analysis of each plaintiff's compliance with the Prison Litigation Reform Act's threshold procedural requirements and would have to perform a plaintiff-by-plaintiff damages analysis. By contrast, here, all the Plaintiffs are subject to the same challenged EOs and agency-wide directives, have been included in Defendants' list of "sanctuary" jurisdictions, have policies that similarly limit cooperation with immigration enforcement, depend on substantial federal funding for essential services, and seek the same injunctive and declaratory relief.

      Defendants' remaining arguments for severance similarly miss the mark. In passing, Defendants raise the issue of claim-splitting. But the case Defendants rely on, *Adams v. California Department of Health Services*, is distinguishable. *Adams* involved a subsequently filed, duplicative employment discrimination complaint by the same plaintiff against the same defendants, after plaintiff was denied leave to amend in her first case. 487 F.3d 684, 687 (9th Cir. 2007). That is not the case here, as there are several Plaintiffs in this case that are not plaintiffs in *Martin Luther King, Jr. County v. Turner*, No. 2:25-cv-814; *see* Dkt. 147, at 7 (noting that there are plaintiffs here who are not parties to the *King County* litigation). Defendants also reference the Court's order denying three non-profits' motion to intervene in this case. The Court found the non-profits were differently situated than the cities and counties whose policies and funding are directly at issue, and that the "nature of th[e] effect" of the challenged federal government actions differed between the nonprofits and the Plaintiffs. Dkt. 142, at 2. The Court also observed that if the non-profits were permitted to intervene because they had been "potentially affected" by the federal government's actions, there would be no limiting principle because "the same can be said by many entities and people residing within so-called 'sanctuary' jurisdictions throughout the country." *Id.* at 2–3. The proposed SAC does not implicate these concerns. The 34 new Plaintiffs are all cities and counties that face the same harm from the federal government "unlawfully attempting to coerce them to change" their municipal policies limiting assistance with immigration enforcement "by withholding or freezing federal funds already

apportioned to them by Congress." *Id.* at 2.[3]

## II. Plaintiffs' SAC Does Not Prejudice Defendants.

Defendants argue that they are prejudiced by the SAC because Plaintiffs "seek to add 34 localities that [Plaintiffs] knew or should have known to add to their original or FAC and the addition of these plaintiffs will transform this case into complex litigation that is burdensome on Defendants to manage and litigate." Defs' Opp., at 12. Defendants do not meet their burden to make a "substantial" showing of prejudice. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *MagTarget LLC v. Saldana*, 2019 WL 1904205, at *3 (N.D. Cal. Apr. 29, 2019). Not only is there no undue delay here, but "[n]either delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010).

### A. Plaintiffs Did Not Delay in Filing the SAC.

The 34 new Plaintiffs acted promptly in seeking to be added to this lawsuit. On May 29, 2025, Defendant Department of Homeland Security published, for the first time, a list of over 500 "sanctuary" jurisdictions subject to the funding threats outlined in EO 14,287. Although Defendants claim that the list was withdrawn, Defendant Noem stated on June 1, 2025, that the "list is absolutely continuing to be used and it is going to be identifying those cities and those jurisdictions that aren't honoring law and justice." Dkt. 151-3, at ¶ 394. Plaintiffs filed the SAC only weeks later. *Compare* Dkt. 151 *with Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (finding that an eight-month delay between obtaining a relevant fact and seeking leave to amend is unreasonable). Defendants' inclusion of Plaintiffs in the federal administration's list of "sanctuary" jurisdictions targeted for

---

[3] In a footnote, Defendants invoke the Supreme Court's decision in *U.S. Department of Education v. California*, 145 S. Ct. 966, 968 (2025), which held that certain APA claims challenging payment of past-due obligations under specific grant agreements were subject to the jurisdiction of the Court of Federal Claims. But Plaintiffs here bring constitutional claims that are beyond the jurisdiction of the Court of Federal Claims. *LeBlanc v. United States*, 50 F.3d 1025 (Fed. Cir. 1995). Plaintiffs also seek injunctive and declaratory relief against the President's Executive Orders and agency-wide directives to require compliance with the constitution and statute, rather than monetary damages or claims to enforce past-due payments under specific contracts to which they are parties. *See, e.g., Community Legal Servs. in E. Palo Alto v. U.S. Dep't of Health & Hum. Servs.*, 137 F.4th 932, 937–39 (9th Cir. 2025); *Thakur v. Trump*, --- F. Supp. 3d ----, 2025 WL 1734471, at *18–21 (June 23, 2025). The Supreme Court's decision in *U.S. Department of Education* is therefore inapplicable here.

funding suspension or termination and potential legal action confirms that the new Plaintiffs are subject to the same risk of unconstitutional actions by Defendants. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).

### B. The SAC Is Not Unmanageable or Overly Burdensome.

Defendants also fail to establish how the addition of plaintiffs is prejudicial. Defendants seem to suggest that the litigation would be "overly burdensome" to Defendants, who "must articulate statutory authority and nexus for each and every one of its funding programs in which each agency or subagency intends to impose immigration conditions." Defs.' Opp., at 14. But regardless of this litigation, funding agencies of the federal government must always have some articulable statutory authority for their funding decisions and are bound by the requirement that conditions have sufficient nexus to the funding program. Thus, Defendants' burden remains the same with the SAC "given that both the theory and the operative facts of the claim remain the same." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013). Defendants also complain that they need to monitor all federal agencies, but that is so only because the challenged EOs reach all federal funds, as this Court has found, *see, e.g.*, Dkt. 126, at 47–48, and which statements by federal officials further underscore, Dkt. 151-3, at ¶ 346. Thus, as with the publication of a list of "sanctuary" jurisdictions, it is Defendants' actions that create the burdens they now ascribe to Plaintiffs' SAC.[4]

Defendants also seem to suggest that the SAC heralds a nationwide injunction in violation of *Trump v. CASA, Inc.*, 145 S. Ct. 2540 (2025). Defendants misapply *CASA*. Where the Supreme Court cautioned against the application of a broad injunction to *non*parties, *id.* at 2550, 2562–63, Defendants are seeking to thwart the application of this Court's jurisdiction to additional *parties*. In other words, it is Plaintiffs who are hewing to the expectations and realities of *CASA*. And, because Plaintiffs

---

[4] To the extent Defendants argue that they bear an inappropriate evidentiary burden, Defs. Op. at 14, their argument is unsupported. This Court has made clear that Defendants are not prevented from imposing individualized conditions on specific grants. If Plaintiffs have questions about whether a condition is being imposed pursuant to some invoked statutory authority, they have met and conferred with Defendants in an effort to gain additional information. The only grant terms that Plaintiffs have brought to the Court as being within the scope of the injunction are those that apply on an agency-wide basis to all grants (in the case of DHS and DOT) or where there is a reference to implementing the challenge Executive Orders (DOT and HUD). *See* Dkt. 143. Nothing in the SAC requires Defendants to bear the burden of proof or otherwise put on a "mini evidentiary hearing" for every grant or funding decision.

cannot guess what actions Defendants will take next, Defendants' question of whether Plaintiffs will "be permitted to continually add new jurisdictions for similar reasons again," Defs.' Opp., at 14, is one only they can answer.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the proposed SAC.

Dated: August 1, 2025

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
MOLLIE M. LEE
Chief of Strategic Advocacy
SARA J. EISENBERG
Chief of Complex and Affirmative Litigation
NANCY E. HARRIS
KARUN A. TILAK
Deputy City Attorneys

By: /s/ *Karun A. Tilak*
KARUN A. TILAK
Deputy City Attorney

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO


TONY LOPRESTI
County Counsel
KAVITA NARAYAN
Chief Assistant County Counsel
MEREDITH A. JOHNSON
Lead Deputy County Counsel
STEFANIE L. WILSON
RAJIV NARAYAN
Deputy County Counsels
BILL NGUYEN
Litigation Fellow

By: */s/Bill Nguyen*
BILL NGUYEN
Litigation Fellow

Attorneys for Plaintiff
COUNTY OF SANTA CLARA

Reply ISO Motion for Leave to File SAC
Case No. 3:25-cv-1350-WHO
10
n:\cxlit\li2025\250739\01859444.docx

ROBERT TAYLOR
Portland City Attorney

By: */s/ Naomi Sheffield*
NAOMI SHEFFIELD*
Chief Deputy City Attorney
1221 SW Fourth Avenue, Room 430
Portland, OR 97204
Tel: (503) 823-4047
Fax: (503) 823-3089
Naomi.Sheffield@portlandoregon.gov

*Admitted *pro hac vice*

Attorneys for Plaintiff
CITY OF PORTLAND


SHANNON BRADDOCK
King County Executive

By: */s/ David J. Hackett*
DAVID J. HACKETT*
General Counsel to King County Executive
Chinook Building
401 5th Avenue, Suite 800
Seattle, Washington, 98104
(206) 477-9483
David.hackett@kingcounty.gov
PAUL J. LAWRENCE*
Pacifica Law Group
1191 2nd Avenue, Suite 2000
Seattle, WA 98101-3404
(206) 245-1708
Paul.Lawrence@pacificalawgroup.com

*Admitted *pro hac vice*

Attorney for Plaintiff
MARTIN LUTHER KING, JR. COUNTY

Reply ISO Motion for Leave to File SAC
Case No. 3:25-cv-1350-WHO
11
n:\cxlit\li2025\250739\01859444.docx

PATRICIA KING
New Haven Corporation Counsel

By: /s/ *Patricia King*
PATRICIA KING*
Office of the Corporation Counsel
City of New Haven
165 Church Street-4th Floor
New Haven, CT 06510
Tel:   203-946-7951
Cell: 203-668-9282
Fax:  203-946-7942
pking@newhavenct.gov

*Admitted *pro hac vice*

Attorney for Plaintiff
CITY OF NEW HAVEN


RYAN RICHARDSON
Oakland City Attorney

By: /s/ *Ryan Richardson*
RYAN RICHARDSON
City Attorney
MARIA BEE
Chief Assistant City Attorney
JAMIE HULING DELAYE
Supervising City Attorney
H. LUKE EDWARDS
Deputy City Attorney
One Frank H. Ogawa Plaza, 6th Floor
Oakland, CA 94612
Tel: (510) 238-6629
Fax: (510) 238-6500
Email: RRichardson@OaklandCityAttorney.org

Attorneys for Plaintiff
CITY OF OAKLAND

JOHN I. KENNEDY
City Attorney

By: */s/ John I. Kennedy*
JOHN I. KENNEDY, City Attorney
1333 Park Ave, Emeryville, CA 94608-3517
Phone: 510-596-4381
Fax: 510-596-3724
Email: John.Kennedy@emeryville.org

Attorney for Plaintiff
CITY OF EMERYVILLE


NORA FRIMANN
City Attorney

By: */s/ Nora Frimann*
NORA FRIMANN, City Attorney
ELISA TOLENTINO, Chief Deputy City Attorney
200 E Santa Clara St
San José, CA 95113-1905
Tel: 408-535-1900
Fax: 408-998-3131
cao.main@sanjoseca.gov

Attorneys for Plaintiff
CITY OF SAN JOSÉ


HEATHER FERBERT
City Attorney

By: */s/ Mark Ankcorn*
MARK ANKCORN, Senior Chief Deputy City Attorney
JULIE RAU, Deputy City Attorney
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
Tel: (619) 533-5800

Attorneys for Plaintiff
CITY OF SAN DIEGO

SUSANA ALCALA WOOD
City Attorney

By: */s/ Andrea Velasquez*
ANDREA VELASQUEZ, Supervising Deputy City Attorney
915 I St Fl 4, Sacramento, CA 95814-2621
Tel: 916-808-5346
Fax: 916-808-7455
Email: AVelasquez@cityofsacramento.org

Attorneys for Plaintiff
CITY OF SACRAMENTO


ANTHONY P. CONDOTTI
City Attorney

By: */s/ Anthony P. Condotti*
Anthony P. Condotti, City Attorney
Catherine M. Bronson, Assistant City Attorney
Claire Hard, Deputy City Attorney
PO Box 481
Santa Cruz, CA 95061
Tel: 831-423-8383
Email: tcondotti@abc-law.com
chard@abc-law.com
cbronson@abc-law.com

Attorneys for Plaintiff
CITY OF SANTA CRUZ


SUSAN K. BLITCH
County Counsel

By: */s/ Susan K. Blitch*
SUSAN K. BLITCH, County Counsel
HENRY BLUESTONE SMITH, Deputy County Counsel
168 W Alisal St Fl 3rd
Salinas, CA 93901-2439
Tel: 831-755-5045
Fax: 831-755-5283
Email: SmithHB@countyofmonterey.gov

Attorneys for Plaintiff
COUNTY OF MONTEREY

Reply ISO Motion for Leave to File SAC
Case No. 3:25-cv-1350-WHO
14
n:\cxlit\li2025\250739\01859444.docx

<pre>
                            ANN DAVISON
                            Seattle City Attorney

                        By: /s/ Ann Davison
                            Ann Davison, Seattle City Attorney*
                            Kerala Cowart, Assistant City Attorney*
                            Dallas LePierre, Assistant City Attorney*
                            Rebecca Widen, Assistant City Attorney*
                            Seattle City Attorney's Office
                            701 Fifth Avenue, Suite 2050
                            Seattle, WA 98104
                            Tel: (206) 684-8200
                            E-mail: ann.davison@seattle.gov

                            *Admitted pro hac vice

                            Attorneys for Plaintiff
                            CITY OF SEATTLE


                            KRISTYN ANDERSON
                            City Attorney

                        By: /s/ Kristyn Anderson
                            KRISTYN ANDERSON (MN Lic. 0267752)*
                            SARA J. LATHROP, Assistant City Attorney (MN Lic. 0310232)*
                            SHARDA ENSLIN, Assistant City Attorney (MN Lic. 0389370)*
                            350 South Fifth Street
                            Minneapolis, MN 55415
                            Tel: 612-673-3000
                            Email: kristyn.anderson@minneapolismn.gov
                            sara.lathrop@minneapolismn.gov
                            sharda.enslin@minneapolismn.gov

                            *Admitted pro hac vice

                            Attorneys for Plaintiff
                            CITY OF MINNEAPOLIS
</pre>

```
                                    LYNDSEY OLSON
                                    City Attorney

                              By:   /s/ Lyndsey Olson
                                    LYNDSEY OLSON, City Attorney*
                                    ANTHONY G. EDWARDS, Assistant City Attorney*
                                    400 City Hall and Courthouse
                                    15 Kellogg Boulevard West
                                    Saint Paul, Minnesota 55102
                                    Tel: 651-266-8710
                                    Fax: 651-298-5619
                                    Email: Anthony.Edwards@ci.stpaul.mn.us

                                    *Admitted pro hac vice

                                    Attorneys for Plaintiff
                                    CITY OF ST. PAUL


                                    ERIN K. McSHERRY
                                    City Attorney

                              By:   /s/ Erin K. McSherry
                                    ERIN K. McSHERRY, City Attorney*
                                    200 Lincoln Avenue
                                    Post Office Box 909
                                    Santa Fe, NM 87504-0909
                                    (505) 955-6512
                                    Email: ekmcsherry@santafenm.gov

                                    *Admitted pro hac vice

                                    Attorney for Plaintiff
                                    CITY OF SANTA FE


                              By:   /s/ Naomi Tsu
                                    NAOMI TSU*
                                    JILL HABIG (CA Bar No. 268770)
                                    Public Rights Project
                                    490 43rd Street, Unit #115
                                    Oakland, CA 94609
                                    Tel: (510) 738-6788
                                    jill@publicrightsproject.org
                                    naomi@publicrightsproject.org

                                    *Admitted pro hac vice

                                    Attorneys for Plaintiffs
                                    CITIES OF MINNEAPOLIS, NEW HAVEN,
                                    PORTLAND, ST. PAUL, SANTA FE, and SEATTLE
```

**FILER'S ATTESTATION**

I, KARUN TILAK, am the ECF user whose identification and password are being used to file this PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION. Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that the other above-named signatories concur in this filing.

Reply ISO Motion for Leave to File SAC
Case No. 3:25-cv-1350-WHO
17
n:\cxlit\li2025\250739\01859444.docx