BRETT A. SHUMATE
Assistant Attorney General
Civil Division
DREW C. ENSIGN
Deputy Assistant Attorney General
GLENN GIRDHARRY
Acting Deputy Director
ELIANIS PEREZ
Assistant Director
LAUREN FASCETT
Senior Litigation Counsel
LINDSAY ZIMLIKI
ANGEL FLEMING
VICTORIA TURCIOS
Trial Attorneys

CAROLINE MCGUIRE
NY Bar No. 5854823
Trial Attorney
U.S. Department of Justice
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | CASE NO. 3:25-CV-1350 (WHO) <br><br> DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' SECOND MOTION FOR A PRELIMINARY INJUNCTION <br><br><br> Hearing Date: August 13, 2025 – VIRTUAL. <br> Time:          2:00 P.M. PST <br> Honorable William H. Orrick III |

1    Defendants, by and through their undersigned counsel, pursuant to Local Civil Rule 7(4), submit

2    this response in opposition to Plaintiffs' Second Preliminary Injunction Motion, Dkt. No. 177.

3    Plaintiffs' second Preliminary Injunction seeks the same terms as those sought in the first

4    Preliminary Injunction and is essentially a request to extend the Preliminary Injunction over the newly

5    added Plaintiffs. Defendants oppose Plaintiffs' request that the Court extend the existing preliminary

6    injunction to cover the thirty-four (34) new plaintiffs. However, as the Court previously rejected

7    Defendants' arguments in their opposition to Plaintiffs' first Preliminary Injunction motion and such

8    related filings, *see* Dkt. Nos. 93, 132, 143 at 4–8, 179, as well as the opposition to Plaintiffs' leave to file

9    a second amended complaint, *see* Dkt. No. 174, Defendants preserve and incorporate by reference their

10   objections articulated in those filings and, also note that Defendants' appeal of the Court's Preliminary

11   Injunction remains pending before the Ninth Circuit. *See* Notice of Appeal, City and County of San

12   Francisco, et al. v. Trump, et al., No. 25-3889 (9th Cir. June 23, 2025).

13   Defendants' opposition to Plaintiffs' second preliminary injunction motion is based on

14   Defendants' objections articulated in their Memorandum of Points and Authorities in opposition to

15   Plaintiffs' first preliminary injunction motion and subsequent briefing, *see* Dkt. Nos. 93, 132, 143 at 4–8,

16   179, and Defendants' opposition to Plaintiffs' motion for leave to amend the complaint, *see* Dkt. No. 173;

17   all pleadings and papers in this cause of action; and such oral argument as may be presented at a virtual

18   hearing on August 13, 2025, at 2:00 P.M.

19                                    **PROCEDURAL HISTORY**

20   Five locality Plaintiffs filed this lawsuit on February 7, 2025, alleging that the February 5th Bondi

21   Memo and Executive Order 14,159 violated the Separation of Powers, the Spending Clause, Due Process,

22   the Tenth Amendment, and the Administrative Procedure Act (APA). Dkt. No. 1. On February 27, 2025,

23   Plaintiffs filed a First Amended Complaint (FAC), which asserted the same eight counts as the initial

24   Complaint, challenged the legality of Executive Order 14,218, and added eleven new cities and counties

25   as Plaintiffs. Dkt. No. 22 at 4–5 (Parties), 75–86 (Count I–XIII). On March 17, 2025, Plaintiffs filed a

26   motion for preliminary injunction "prohibiting Defendants from taking any action to withhold, freeze, or

27   condition federal funds based on (1) Section 17 of Executive Order 14,159; (2) Section 2(a)(ii) of

28   Executive Order 14,218; or (3) [the Bondi memo]". Dkt. No. 61 at 1.

1    The Court granted the preliminary injunction on April 24, 2025. Dkt. No. 111. The Court enjoined

2    Defendants[1] from:

3    > directly or indirectly taking any action to withhold, freeze, or condition
>    federal funds from the Cities and Counties based on (1) the first sentence
4    > of Section 17 of Executive Order 14,159, (2) Section 2(a)(ii) of Executive
>    Order 14,218, or (3) the Preamble and Section I of the February 5, 2025
5    > Memorandum from the Attorney General entitled "Sanctuary Jurisdictions
>    Directives" on the basis that the Cities and Counties have policies that limit
6    > (i) the honoring of civil immigration detainer requests; (ii) cooperation
>    with administrative warrants for purposes of immigration enforcement;
7    > (iii) sharing of information with federal immigration authorities other than
>    immigration or citizenship status; (iv) the use of local law enforcement to
8    > arrest or detain individuals solely for civil immigration violations; or (v)
>    the use of local resources to assist with civil immigration enforcement
9    > activities.

10    Dkt. No. 111 at 5–6. The Court issued a Further Order, explaining it's reasoning in more detail. *City &*

11    *Cnty. of San Francisco v. Trump*, No. 25-CV-01350-WHO, 2025 WL 1186310, at *2 (N.D. Cal. Apr. 24,

12    2025), *further order issued,* 2025 WL 1282637, at *1 (N.D. Cal. May 3, 2025) (Dkt. No. 126.), *opinion*

13    *clarified,* 2025 WL 1358492 (N.D. Cal. May 9, 2025) (Dkt. No. 136).

14    On May 5, 2025, Plaintiffs filed a motion to enforce, or in the alternative, to modify the Preliminary

15    Injunction, Dkt. No. 128, arguing a clarifying order was necessary in light of Executive Order 14,287

16    which directs "each executive department or agency (agency), in coordination with the Director of the

17    Office of Management and Budget and as permitted by law, [to] identify appropriate Federal funds to

18    sanctuary jurisdictions, including grants and contracts, for suspension or termination, as appropriate."

19    Proclamation No. 14,287, 90 Fed. Reg. 84 (Apr. 28, 2025). In response, the Court issued an Order

20    clarifying its preliminary injunction, holding that no "Government action that postdates the Preliminary

21    Injunction can be used as an end run around the Preliminary Injunction Order," and the injunction "shall

22    be read to apply to any Executive order or agency directive that purports to attempt to cut off federal

23    funding from States or localities that meet the Government's definition of 'sanctuary' jurisdiction in the

24    wholesale and overly broad and unconstitutional manner threatened by" the Executive Orders. *San*

25

26    ---

27    [1] This Court did not apply its injunction to Defendant President Donald J. Trump "with respect to the
'performance of his official duties.'" Dkt. No. 111 (quoting *Franklin v. Massachusetts*, 505 U.S. 788,
802–03 (1992)). The Court, however, extended the injunction to all agencies, even if not named as a

28    Defendant in this case. *See* Dkt. Nos. 111, 126, and 136.

1    *Francisco*, 2025 WL 1358492, at *5 (Dkt. No. 136). Nevertheless, the Court explained that "the

2    Government is entitled to identify particular grants and funding programs that it believes should be

3    conditioned upon compliance with immigration-related objectives, and to litigate its position." *Id.* at *1.

4    The Court further explained that if the Government "identifi[ed] the funds the Government believes are

5    at issue … in a constitutionally targeted way … following an evaluation of the type of funding involved

6    to determine if there is a nexus between the funding stream, the jurisdiction's policies, and the desired

7    immigration-related conditions," doing so "may resolve some of the problems" identified by the Court.

8    *Id.* at *4.

9         On June 13, 2025, the Parties submitted a joint dispute letter. Dkt. No. 143. Plaintiffs claimed that

10   the 2025 standard terms and conditions for various grants issued by the U.S. Department of Homeland

11   Security (DHS), U.S. Department of Transportation (DOT), and U.S. Department of Housing and Urban

12   Development (HUD) included immigration related conditions that were precluded by the Court's

13   Preliminary Injunction because they implemented the enjoined sections of the challenged Executive

14   Orders. *Id.* at 3–4. Defendants responded that the federal "agencies have not imposed these general terms

15   based on the enjoined EOs or agency directives that operate in the same manner but instead will rely on

16   independent statutory authority if and when they impose them on Plaintiffs (or at all)." *Id.* at 5.

17        On June 23, 2025, the Court found that the Preliminary Injunction enjoined DHS and DOT from

18   applying their standard terms and conditions—specifically, the immigration terms therein—to grants

19   issued to the Plaintiffs. Dkt. No. 147 at 3. The Court noted that "[t]he immigration conditions found in the

20   HUD CoC grant agreements differ from their DOT and DHS counterparts in that they apply to the use of

21   already awarded funds, they do not condition the receipt of funds." *Id*. at 7. Because "defendants ha[d]

22   not yet attempted to show the required nexus" between the grant conditions and the HUD grant program,

23   the Court ordered Defendants to submit supplemental briefing to the Court on the nexus issue. *Id.* at 8.;

24   *see also* Dkt. Nos. 166, 174.

25        On July 8, 2025, Plaintiffs sought leave to file a second amended complaint. Dkt. No. 151.

26   Plaintiffs requested to add thirty-four (34) new localities as plaintiffs, two new defendants (Office of

27   Management and Budget and its director, Russell Vought), and to update the complaint to reflect factual

28

3

1   developments since they filed their First Amended Complaint. *Id.* Plaintiffs did not seek to add new

2   claims. *Id.*

3       On July 29, 2025, Plaintiffs filed a Second Preliminary Injunction with a concomitant request for

4   expedited briefing on the same. Dkt. Nos. 151, 177, 178. In it, Plaintiffs seek "a preliminary injunction

5   prohibiting Defendants from taking any action to withhold, freeze, or condition federal funds based on (1)

6   the first sentence of Section 17 of Executive Order 14,159; (2) Section 2(a)(ii) of Executive Order 14,218;

7   or (3) the February 5, 2025 Memorandum from the Attorney General entitled "Sanctuary Jurisdictions

8   Directives" and (4) "any other Executive Order or Government action that poses the same coercive threat

9   to eliminate or suspend federal funding based on the Government's assertion that a jurisdiction is a

10  "sanctuary jurisdiction," on the basis that the jurisdiction has policies that limit" certain activities.[2] Dkt.

11  No. 177 at 1. This request mirrors the terms of the current Preliminary Injunction. *Compare* Dkt. No. 177

12  *with* Dkt. Nos. 111, 126, 136. Thus, Plaintiffs' request for a second preliminary injunction is actually a

13  request to extend the reach of the current Preliminary Injunction to cover the newly added Plaintiffs. *Id.;*

14  *see also* Dkt. No. 186 at 17 ("[T]he Second PI Motion reveals that it does not raise new issues; it asks [the

15  Court] to consider whether the existing Preliminary Injunction should be extended to cover the new

16  plaintiffs.").

17      On August 5, 2025, the Court granted Plaintiffs' motion for leave to amend the complaint, thus

18  adding thirty-four (34) new Plaintiffs and two new Defendants, and ordered Defendants to file a response

19  to Plaintiffs' second preliminary injunction motion by August 11, 2025. *See* Dkt. No. 186 ("In this context,

20  I want to ensure that the exigencies identified in the motion to expedite are considered while allowing

21  defendants sufficient time to address the merits of the Second PI Motion. Therefore, I will treat the Second

22  PI Motion as including a request for a Temporary Restraining Order and require a response by Monday,

23  August 11, 2025. The defendants should focus on the exigencies identified by plaintiffs.") (emphasis

24  omitted). The Court scheduled a virtual hearing to take place on August 13, 2025 at 2PM PST. *Id.*

25

26  _____

    [2] Plaintiffs specify the following: "(i) the honoring of civil immigration detainer requests; (ii) cooperation

27  with administrative warrants for purposes of immigration enforcement; (iii) the sharing of information
    with federal immigration authorities other than immigration or citizenship status; (iv) the use of local law

28  enforcement to arrest or detain individuals solely for civil immigration violations; or (v) the use of local
    resources to assist with civil immigration enforcement activities." Pl. Br. 2.

1    The Court also included a footnote that it would hear argument on the parties' further briefing on

2    "the nexus between the HUD Continuum of Care grant conditions and the grant programs to which they

3    applied." Dkt. No. 186 at 4, n.3.

4    **DEFENDANTS' RESPONSE**

5    As noted above, the terms Plaintiffs seek in the second Preliminary Injunction are the same as

6    those sought in the first Preliminary Injunction. Plaintiffs ask that the Court extend the current Preliminary

7    Injunction to cover the thirty-four (34) new Plaintiffs. As such, while Defendants preserve their objections

8    articulated in their opposition to Plaintiffs' first Preliminary Injunction motion and such related filings,

9    *see* Dkt. Nos. 93, 132, 143 at 4–8, 179, Defendants recognize that the Court has rejected these arguments.

10   Therefore, Defendants respectfully file this response in opposition to an extension of the preliminary

11   injunction to cover the thirty-four (34) new plaintiffs,[3] and incorporate their previous filings by reference.

12   However, Defendants will not seek further briefing on Plaintiffs' second preliminary injunction motion.

13   *See* Dkt. No. 186 at 17–18.

14   Moreover, Defendants maintain their position regarding the viability of the HUD Continuum of

15   Care grant conditions and intend to present argument at the August 13, 2025 hearing in support of

16   Defendants' briefing that HUD has both statutory authority and a nexus for their immigration related

17   funding conditions. *See* Dkt. No. 166.

18   Finally, Defendants hereby preserve the argument that if this Court extends the Preliminary

19   Injunction to the new Plaintiffs, any decision by the Ninth Circuit on the validity of the Preliminary

20   Injunction would be applicable to all Plaintiffs, regardless of when they joined this case, as well as to

21   HUD, should the Court find that HUD is enjoined from applying immigration related conditions to its

22   CoC grant agreements to Plaintiffs.

---

[3] Defendants also maintain and preserve their reasoning in their opposition to Plaintiffs' motion for leave to file a second amended complaint, *see* Dkt. No. 173.

Dated: August 11, 2025        Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

GLENN GIRDHARRY
Acting Deputy Director

ELIANIS PEREZ
Assistant Director

LAUREN FASCETT
Senior Litigation Counsel

ANGEL FLEMING
LINDSAY ZIMLIKI
VICTORIA TURCIOS
Trial Attorney

*/s/ Caroline McGuire*
CAROLINE MCGUIRE
NY Bar No. 5854823
Trial Attorney
U.S. Department of Justice
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
*Attorneys for Defendants*

6

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on this 11th day of August 2025, I electronically filed the foregoing with the

3    Clerk of Court by using the CM/ECF system, which provided an electronic notice and electronic link of

4    the same to all attorneys of record through the Court's CM/ECF system.

5

6                                                                    */s/ Caroline McGuire*
                                                                      Caroline McGuire
7                                                                     Trial Attorney
                                                                      United States Department of Justice
8                                                                     Office of Immigration Litigation
                                                                      General Litigation and Appeals Section
9                                                                     *Attorney for Defendants*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A