TONY LOPRESTI, SBN 289269
County Counsel
KAVITA NARAYAN, SBN 264191
Chief Assistant County Counsel
MEREDITH A. JOHNSON, SBN 291018
Lead Deputy County Counsel
RAPHAEL N. RAJENDRA, SBN 255096
HANNAH M. GODBEY, SBN 334475
Deputy County Counsels
70 West Hedding Street, East Wing, Ninth Floor
San José, CA 95110-1770
Telephone: (408) 299-5900
E-Mail: Raphael.Rajendra@cco.sccgov.org
 Hannah.Godbey@cco.sccgov.org

DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 175394
Chief Deputy City Attorney
MOLLIE M. LEE, SBN 251404
Chief of Strategic Advocacy
SARA J. EISENBERG, SBN 269303
Chief of Complex and Affirmative Litigation
DAVID S. LOUK, SBN 304654
STEVEN A. MILLS, SBN 328016
Deputy City Attorneys
Fox Plaza
1390 Market Street, 7th Floor
San Francisco, CA 94102-5408
Telephone: (415) 355-3308
E-Mail: David.Louk@sfcityatty.org
 Steven.Mills@sfcityatty.org

*Attorneys for Plaintiff*
*County of Santa Clara*

*Attorneys for Plaintiff*
*City and County of San Francisco*

[additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, COUNTY OF SANTA CLARA, CITY OF PORTLAND, MARTIN LUTHER KING, JR. COUNTY, CITY OF NEW HAVEN, CITY OF OAKLAND, CITY OF EMERYVILLE, CITY OF SAN JOSÉ, CITY OF SAN DIEGO, CITY OF SACRAMENTO, CITY OF SANTA CRUZ, COUNTY OF MONTEREY, CITY OF SEATTLE, CITY OF MINNEAPOLIS, CITY OF ST. PAUL, CITY OF SANTA FE, COUNTY OF ALAMEDA, CITY OF ALBANY, CITY OF ALBUQUERQUE, COUNTY OF ALLEGHENY, CITY OF BALTIMORE, CITY OF BEND, CITY OF BENICIA, CITY OF BERKELEY, CITY OF BOSTON, CITY OF CAMBRIDGE, CITY OF CATHEDRAL CITY, CITY OF CHICAGO, CITY OF COLUMBUS, CITY OF CULVER CITY, COUNTY OF DANE, CITY AND COUNTY OF DENVER, CITY OF HEALDSBURG, COUNTY OF HENNEPIN, CITY OF LOS ANGELES, COUNTY OF MARIN, CITY OF MENLO PARK, MULTNOMAH COUNTY, CITY OF PACIFICA, CITY OF PALO ALTO, CITY OF PETALUMA, PIERCE COUNTY, CITY | Case No. 3:25-cv-01350-WHO<br><br>**SANTA CLARA PLAINTIFFS' OPPOSITION TO MOTION FOR A STAY OF THE DEADLINE TO FILE A RESPONSE TO MOTION TO RELATE CASES** |

OF RICHMOND, CITY OF ROCHESTER, CITY OF ROHNERT PARK, COUNTY OF SAN MATEO, CITY OF SANTA ROSA, COUNTY OF SONOMA, CITY OF WATSONVILLE, CITY OF WILSONVILLE,

Plaintiffs,

v.

DONALD J. TRUMP, President of the United States, UNITED STATES OF AMERICA, PAMELA BONDI, Attorney General of the United States, EMIL BOVE, Acting Deputy Attorney General, UNITED STATES DEPARTMENT OF JUSTICE, KRISTI NOEM, Secretary of United States Department of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, RUSSELL VOUGHT, Director of United States Office of Management and Budget, UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, DOES 1-100,

Defendants.

Plaintiffs in the action *County of Santa Clara, et al. v. Noem, et al.*, No. 3:25-cv-08330 (N.D. Cal.) (the "Action," and, as to the plaintiffs to the Action, "*Santa Clara* Plaintiffs") oppose Defendants' request to stay the deadline to file their response to *Santa Clara* Plaintiffs' Motion to Relate Cases (Dkt. No. 233) pending the conclusion of the lapse in federal appropriations that began on October 1, 2025. ECF No. 234.

As the *Santa Clara* Plaintiffs indicated in their Motion for Preliminary Injunction filed on October 1, 2025, the *Santa Clara* Plaintiffs are facing ongoing irreparable harm due to the budget uncertainty caused by the *Santa Clara* Defendants' placement of unlawful conditions on the federal funding for disaster planning, response, and recovery at issue in this case. The urgency is a function of the *Santa Clara* Defendants' imposition of the conditions themselves as well as the timelines the *Santa Clara* Defendants have imposed on the *Santa Clara* Plaintiffs. The *Santa Clara* Plaintiffs must accept their awards as early as 3:47 p.m. Pacific Time on October 24, 2025, or else irreparably lose access to the awarded funding; they therefore need relief before that time. *See County of Santa Clara v. Noem*, 25-cv-08330 (N.D. Cal.) (ECF 19) ("PI Motion") at 23-24. Indeed, the threat of looming injury to Plaintiffs is sufficiently imminent that even the default briefing schedule for disposition of preliminary injunction motions established under Local Rule 7-2(a) would be insufficient to afford the *Santa Clara* Plaintiffs the relief they seek in the time they need it.  Thus, Plaintiffs have filed a Motion to Shorten Time to expedite the briefing schedule so that the court overseeing the Action could hold a hearing on the motion and render a decision before 3:47 p.m. Pacific Time on October 24. *See* Motion to Shorten Time, *County of Santa Clara v. Noem*, 25-cv-08330 (N.D. Cal.) (ECF 21), at 4. Because of the urgency the *Santa Clara* Plaintiffs face, and for the same reasons discussed further below, they intend to oppose any stay or delay of the Action.  Should the preliminary injunction proceedings continue, any stay and delay in resolution of the motion to relate would waste the resources of both this Court and the court that ultimately oversees the Action and thus thwart the purpose of the motion to relate, which seeks to preserve judicial resources and avoid unduly

burdensome duplication of labor and expense or conflicting results. And this Court's local rules themselves underscore the importance of addressing potential relation promptly. *E.g.*, Civ. L.R. 3-12(b) (requiring that motions be filed "promptly"); *id.* 3-12(f)(1) (recognizing "the need for parties and affected Judges to have a speedy determination of the motion [to relate]").

In support of their motion, Defendants assert that a stay is necessary because, under 31 U.S.C. § 1342, "Department of Justice attorneys and employees of the federal Defendants are prohibited from working, even on a voluntary basis, except in very limited circumstances. ECF No. 234 at 2. However, counsel for Defendants may continue working on this case if otherwise "authorized by law." 31 U.S.C. § 1341(a)(1)(B). The Department of Justice interprets this provision (as DOJ has in past government shutdowns) to mean that DOJ attorneys must generally request a stay of ongoing litigation, but "[i]f a court denies such a request and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." U.S. Department of Justice FY 2026 Contingency Plan, at 3 (Sept. 29, 2025) ("DOJ Contingency Plan") at 3, *available at* https://perma.cc/UNK2-F7SE. "With respect to litigation, the Department's [contingency] plan assumes that the Judicial Branch will continue to operate, though possibly at a reduced level, through the lapse." *Id.*; *see also Kornitzky Group, LLC v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (Srinivasan, J., concurring) (concluding that the denial of a stay amounts to legal authorization for DOJ attorneys to continue working).

Courts regularly deny requests by the federal government to stay briefing or argument due to a government shutdown. *Id.* at 638–39; *see also People for the Ethical Treatment of Animals v. U.S. Dep't of Agric.*, 912 F.3d 641 (D.C. Cir. 2019); *Air Transp. Ass'n of Am., Inc. v. FAA*, 912 F.3d 642 (D.C. Cir. 2019); *Priests For Life v. U.S. Dep't of Health and Human Servs.*, No. CV 13-1261, 2013 WL 5572730, at *1 (D.D.C. Oct. 2, 2013). And courts have done so in response to similar stay motions from Department of Justice attorneys in the past few days. *See, e.g.*, *AFGE v. Trump*, No. 3:25-cv-03698, ECF No. 276 (N.D. Cal Oct. 3, 2025); *FreeState Justice v. EEOC*, No. 1:25-cv-02482, ECF No. 23 (D. Md. Oct. 3, 2025); *District of Columbia v.*

Santa Clara Pltfs' Opp. to Mtn. for a Stay
CASE NO. 3:25-cv-01350-WHO                4

*Trump*, No. 1:25-cv-03005, Minute Order (D.D.C. Oct. 2, 2025) (denying federal government's motion to stay deadlines for briefing "related to the preliminary injunction motion," including in light of the alleged "ongoing irreparable harm to the" plaintiffs (cleaned up)); *R.I. Coalition Against Domestic Violence v. Kennedy*, No. 1:25-cv-00342, Text Order (D. R.I. Oct. 1, 2025); *People for the Ethical Treatment of Animals v. U.S. Dep't of Agric.*, 912 F.3d 641 (D.C. Cir. 2019); *Air Transp. Ass'n of Am., Inc. v. FAA*, 912 F.3d 642 (D.C. Cir. 2019); *Priests For Life v. HHS*, No. CV 13-1261, 2013 WL 5572730, at *1 (D.D.C. Oct. 2, 2013). Counsel for Defendants may therefore lawfully continue working if the Court denies the requested stay.

The same is true for agency counsel and support staff. Defendants' motion equivocates that work by agency staff may also only occur "in very limited circumstances." ECF No. 234 at 2. But the same interpretation of 31 U.S.C. § 1342 in DOJ's contingency plan applies to all federal Defendants and agencies. Indeed, various agency contingency plans acknowledge that employees can receive exceptions from being furloughed to continue required litigation activities. In fact, DHS's own contingency plan estimates that *more than 84 percent* of FEMA's employees will continue to work during the lapse in appropriations. Dep't of Homeland Sec., *Procedures Relating to a Lapse in Appropriations* (Sept. 29, 2025), at 46, *available at* https://perma.cc/UXW6-4SRA; *id.* at 26 (recognizing that, although travel is generally prohibited during lapses, it is permissible during lapses when "necessary for ongoing litigation in Federal court for which a stay has not been issued").

Especially in light of these case-specific exigencies and the Local Rules' emphasis on expeditious disposition of motions to relate, Defendants' alternate request for five additional days, beyond the four provided under Civ. L.R. 7-11(b), has no basis.[1] It is not apparent why Defendants would require another full week to set out their position on the extent to which the Action and this case "concern substantially the same parties, property, transaction, or event" or

---

[1] Plaintiffs' Motion to Relate will be "deemed submitted for immediate determination" by Tuesday, October 7, 2025, which is "the day after the opposition is due." *See* Civ. L.R. 7-11(b), (c).

how reassignment to this Court would not reduce the possibility that would otherwise arise of "unduly burdensome duplication of labor and expense or conflicting results." Civ. L.R. 3-12(a). Defendants' alternate request presupposes this Court's denial of their request to stay the Motion to Relate altogether; but in that case, the appropriations lapse itself will have no bearing on Defendants' capacity to respond to the motion, since the DOJ will recognize the denial as "express legal authorization" for counsel to work on the litigation. *See* DOJ Contingency Plan at 3. And further delay of this Court's disposition of the Motion to Relate would not only prejudice judicial efficiency, but could also exacerbate the time-sensitivity of the issues raised in Plaintiffs' PI Motion, through which Plaintiffs seek relief from the budget uncertainty, risks to public safety, and the Hobson's choice they face because of Defendants' unlawful funding conditions.

In sum, given the importance and urgency of the relief sought in the Action, including the preliminary injunction, as well as the ways the Motion to Relate would preserve judicial resources and accelerate consideration of Plaintiffs' PI Motion, the *Santa Clara* Plaintiffs oppose Defendants' request to stay their deadline to respond to the Motion to Relate, just as they have opposed the *Santa Clara* Defendants' request to stay all proceedings in the Action. Because disposition of the Motion to Relate will determine which Court hears the preliminary injunction motion, for the reasons set forth herein, the *Santa Clara* Plaintiffs respectfully request that the Court deny Defendants' motion to stay their response deadline and not to delay the date on which that Motion is deemed submitted for immediate determination under Local Rule 7-11(c).

Respectfully submitted,

Dated: October 3, 2025

TONY LOPRESTI
County Counsel
KAVITA NARAYAN
Chief Assistant County Counsel
MEREDITH A. JOHNSON
Lead Deputy County Counsel
RAPHAEL N. RAJENDRA
HANNAH M. GODBEY
Deputy County Counsels

By: */s/ Raphael N. Rajendra*
    RAPHAEL N. RAJENDRA
    Deputy County Counsel

    Attorneys for Plaintiff
    COUNTY OF SANTA CLARA


    DAVID CHIU
    City Attorney
    YVONNE R. MERÉ
    Chief Deputy City Attorney
    MOLLIE M. LEE
    Chief of Strategic Advocacy
    SARA J. EISENBERG
    Chief of Complex and Affirmative Litigation
    DAVID S. LOUK
    STEVEN A. MILLS
    Deputy City Attorneys

By: */s/ David S. Louk*

    DAVID S. LOUK
    Deputy City Attorney

    Attorneys For Plaintiff
    CITY AND COUNTY OF SAN FRANCISCO

By: /s/ *Sharanya Mohan*
    SHARANYA (SAI) MOHAN (SBN 350675)
    ERIN MONJU*
    NAOMI TSU*
    TOBY MERRILL*
    Public Rights Project
    490 43rd Street, Unit #115
    Oakland, CA 94609
    Tel: (510) 738-6788
    sai@publicrightsproject.org
    erin@publicrightsproject.org
    naomi@publicrightsproject.org
    toby@publicrightsproject.org

Attorneys for Plaintiffs CITY OF ALAMEDA, CITY OF BELLINGHAM, CITY OF BERKELEY, CITY OF CULVER, KING COUNTY, COUNTY OF LOS ANGELES, LOS ANGELES COUNTY CONSOLIDATED FIRE PROTECTION DISTRICT, COUNTY OF MARIN, CITY OF OAKLAND, CITY OF PALO ALTO, CITY OF PASADENA, CITY OF PETALUMA, PIERCE COUNTY, CITY OF SACRAMENTO, CITY OF SAN DIEGO, SAN DIEGO COUNTY, CITY OF SAN JOSE, COUNTY OF SAN MATEO, CITY OF SANTA MONICA, CITY OF SANTA ROSA, COUNTY OF SONOMA, SONOMA COUNTY WATER AGENCY, SONOMA VALLEY COUNTY SANITATION DISTRICT, SONOMA COUNTY COMMUNITY DEVELOPMENT COMMISSION, SNOHOMISH COUNTY, CITY OF TUCSON

By: /s/ *Michael J. Dundas*
    MICHAEL J. DUNDAS (SBN 226930)
    Chief Assistant City Attorney
    JOSHUA M. TEMPLET (SBN 267098)
    Deputy City Attorney
    Office of the Los Angeles City Attorney
    200 North Main Street, Room 800
    Los Angeles, CA 90012
    Tel: (213) 978-8100
    mike.dundas@lacity.org
    joshua.templet@lacity.org

Attorneys For Plaintiff
CITY OF LOS ANGELES

*Application forthcoming for admission *pro hac vice*

**FILER'S ATTESTATION**

I, David S. Louk, am the ECF user whose identification and password are being used to file this Complaint for Declaratory and Injunctive Relief. Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that the other above-named signatories concur in this filing.

Dated: October 3, 2025

          DAVID CHIU
          City Attorney
          YVONNE R. MERÉ
          Chief Deputy City Attorney
          MOLLIE M. LEE
          Chief of Strategic Advocacy
          SARA J. EISENBERG
          Chief of Complex and Affirmative Litigation
          DAVID S. LOUK
          STEVEN A. MILLS
          Deputy City Attorneys

         By: */s/ David S. Louk*
          DAVID S. LOUK

         Attorneys for Plaintiff
         CITY AND COUNTY OF SAN FRANCISCO

**PROOF OF SERVICE**

I, CHRISTINE HOANG, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza, 1390 Market St, 7th Floor, San Francisco, CA 94102.

On October 3, 2025, I served the following document:

**SANTA CLARA PLAINTIFFS' OPPOSITION TO MOTION FOR A STAY OF THE DEADLINE TO FILE A RESPONSE TO MOTION TO RELATE CASES**

on the following persons at the locations specified:

**[See Attached "Service List"]**

in the manner indicated below:

☒   **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be served electronically through **ECF/PACER** in portable document format ("PDF") Adobe Acrobat.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed October 3, 2025, at San Francisco, California.

*Christine Hoang*
CHRISTINE HOANG

Santa Clara Pltfs' Opp. to Mtn. for a Stay
CASE NO. 3:25-cv-01350-WHO            10

# SERVICE LIST

cityattorney@sfcityatty.org; karun.tilak@sfcityatty.org; tony.lopresti@cco.sccgov.org; bill.nguyen@cco.sccgov.org; mollie.lee@sfcityatty.org; nancy.harris@sfcityatty.org; sara.eisenberg@sfcityatty.org; yvonne.mere@sfcityatty.org; Kavita.Narayan@cco.sccgov.org; meredith.johnson@cco.sccgov.org; rajiv.narayan@cco.sccgov.org; stefanie.wilson@cco.sccgov.org; jill@publicrightsproject.org; naomi.sheffield@portlandoregon.gov; erin@publicrightsproject.org; katiec@publicrightsproject.org; naomirtsu@gmail.com; David.hackett@kingcounty.gov; bdaluiso@martenlaw.com; paul.lawrence@pacificalawgroup.com; pking@newhavenct.gov; jill@publicrightsproject.org; jhulingdelaye@oaklandcityattorney.org; ledwards@oaklandcityattorney.org; mbee@oaklandcityattorney.org; John.Kennedy@emeryville.org; cao.main@sanjoseca.gov; mankcorn@sandiego.gov; jrau@sandiego.gov; avelasquez@cityofsacramento.org; kunderwood@cityofsacramento.org; kerala.cowart@seattle.gov; ann.davison@seattle.gov; dallas.lepierre@seattle.gov; rebecca.widen@seattle.gov; kristyn.anderson@minneapolismn.gov; sara.lathrop@minneapolismn.gov; sharda.enslin@minneapolismn.gov; anthony.edwards@ci.stpaul.mn.us; lyndsey.olson@ci.stpaul.mn.us; ekmcsherry@santafenm.gov; pabellon.carlos@danecounty.gov; gault@countyofdane.com; guile@wilsonvilleoregon.gov; brittany.mccormick@hennepin.us; rebecca.holschuh@hennepin.us; jonathan.salamas@piercecountywa.gov; kristal.cowger@piercecountywa.gov; mbayer@cambridgema.gov; smckendry@cambridgema.gov; fbrown@cityofberkeley.info; keiland@berkeleyca.gov; lmattes@berkeleyca.gov; shylas@berkeleyca.gov; donna.ziegler@acgov.org; jason.allen@acgov.org; scott.dickey@acgov.org; ileitheiser@bendoregon.gov; eoshel@bendoregon.gov; mgaffney@bendoregon.gov; mike.dundas@lacity.org; joshua.templet@lacity.org; rncoglianese@columbus.gov; katherine.jones@boston.gov; samuel.dinning@boston.gov;

mjenkins@heckerfink.com; mcraig@heckerfink.com; gamato@publiccounsel.org; jmaddox@publiccounsel.org; mrosenbaum@publiccounsel.org; rbrown@publiccounsel.org; swrench@publiccounsel.org; shar@heckerfink.com; traymond-sidel@heckerfink.com;

elianis.perez@usdoj.gov; angel.fleming@usdoj.gov; caroline.mcguire@usdoj.gov; christopher.i.pryby@usdoj.gov; Lauren.Fascett@usdoj.gov; victoria.e.turcios2@usdoj.gov; lindsay.zimliki@usdoj.gov; rmagee@albanyny.gov;

osellstrom@lawyersforcivilrights.org;