BRETT A. SHUMATE
Assistant Attorney General
Civil Division
DREW C. ENSIGN
Deputy Assistant Attorney General
GLENN GIRDHARRY
Acting Deputy Director
ELIANIS PEREZ
Assistant Director
LAUREN FASCETT
Senior Litigation Counsel
LINDSAY ZIMLIKI
CAROLINE MCGUIRE
ANGEL FLEMING
VICTORIA TURCIOS
Trial Attorneys
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | CASE NO. 3:25-CV-1350 (WHO) <br><br> **DEFENDANTS' OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (DKT. No. 233)** |

Pursuant to Civil Local Rules 3-12(e) and 7-11(b), the federal Defendants hereby oppose the administrative motion (the "Motion") (Dkt. No. 233) to relate the newly filed action of *County of Santa Clara, et al. v. Noem, et al.*, No.5:25-cv-08330-EJD (N.D. Cal.) ("*Santa Clara*") to the above-captioned case, ("*San Francisco*"), because the cases involve different plaintiffs and different legal challenges. Because the *Santa Clara* plaintiffs cannot show that these two cases are sufficiently related, the Court should reject the plaintiffs' use of the related-case mechanism, deny the plaintiffs' motion, and allow Judge Davila to continue presiding over that matter.

The Court's Local Rules state that actions are related only when (1) they "concern substantially the same parties, property, transaction, or event" and (2) "[i]t appears likely there will be an unduly

1

burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a). Neither circumstance exists here, so the cases should not be determined to be related.

*First*, the cases do not concern "substantially the same parties, property, transaction[s], or event[s]." Civil L.R. 3-12(a)(1). To start, the parties are not "substantially the same." A substantial number (12 out of 28) of the plaintiffs in *Santa Clara* are not involved in this proceeding at all. *See* Motion at 3 n.1 (*Santa Clara* plaintiffs concede not all plaintiffs are the same in both cases). More importantly, the "transaction[s]" and "event[s]" involved in the two cases are entirely different. *San Francisco* poses a facial challenge to immigration related conditions placed on federal funds by specific Executive Orders. *Santa Clara* challenges various provisions in the DHS Standard Terms as they are applied to nine particular grants. In *San Francisco*, this Court issued a preliminary injunction related to Executive Orders 14,159, 14,218, and 14, 287, that the Court found purported to instructed agencies to deny or limit funding in a wholesale, and overly broad manner to Plaintiffs based on their "sanctuary jurisdiction" policies. *See City & Cnty. of San Francisco v. Trump*, 783 F. Supp. 3d 1148, 1161 (N.D. Cal. 2025). This Court acknowledged that despite its injunction, Defendants are permitted to impose terms "on individual grants with a meaningful nexus to sanctuary jurisdiction policies," and that "[l]itigation may be necessary to determine whether the challenged immigration conditions are appropriate to that grant program." *City & Cnty. of San Francisco*, 2025 WL 1738675, at *3; *see also id.* at *1 n.4 (citing "law enforcement grant programs" as an example where such conditions may be appropriate); Dkt. No. 136 at 4 ("[T]he Preliminary Injunction was 'not designed to freeze litigation over the propriety of 'sanctuary' policies or immigration-related conditions on particular government grants and contracts.'").

The claims that will be litigated in *Santa Clara,* by contrast, do not relate to a similar transaction or event. The *Santa Clara* plaintiffs challenge DHS's grant terms as they are applied to nine specific grants that they allege (1) prohibit recipients from using funds to "operate any programs that advance or promote DEI, DEIA, or discriminatory equity ideology" because those conflict with federal anti-discrimination laws, and (2) require recipients to comply with Presidential Executive Orders related to grants. *See* Motion for Preliminary Injunction, *Cnty. of Santa Clara v. Noem*, No. 5:25-cv-8330-EJD (ECF No. 19) at 5-6. Further, while the *Santa Clara* Complaint includes allegations related to civil

immigration conditions contained in standard DHS grant terms, (*see* Dkt. No. 233-1 at Ex.1 ¶¶ 169-170, 172, 183-190), the *Santa Clara* plaintiffs specifically chose not to seek a preliminary injunction on any conditions related to immigration or assert any argument relating to them. *See* Motion, Dkt. No. 233 at 5, n.2 ("The Plaintiffs in the Action intend to seek preliminary relief, but do not intend to move for such relief as to the immigration conditions at this time . . . . In addition, while the grant agreements received by the Plaintiffs to date have contained the immigration provisions, they have, by and large, also contained provisions stating that the immigration conditions would not apply."); *see also* Motion for Preliminary Injunction, *Cnty. of Santa Clara v. Noem*, No. 5:25-cv-8330-EJD (ECF No. 19) at 4-5 n.5.

      To get around the fact that the events and transactions relevant to this litigation are distinct from *Santa Clara*, the plaintiffs argue that they challenge the grant conditions on "many of the grounds asserted in *San Francisco*." Motion at 4. But whether the claims involve the same legal theories is not part of this Court's analysis—instead, the focus is on the facts as the Court determines whether the case involves "substantially the same parties, property, transaction[s], or event[s]." Civil L.R. 3-12(a)(1). Similarly, the plaintiffs argue that "the actions concern[] substantially the same event (namely, the issuance and application of the DHS Terms and Conditions)," Motion at 4-5, but that reading is too broad—under the plaintiff's reading, every DHS grant lawsuit would be "related" even at a high level of generality. But the Court's rules indicate that the purpose is to determine whether the cases are "substantially the same," not merely tangentially related.

      *Second*, it is unlikely that "there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a)(2). Simply put, the *San Francisco* Plaintiffs brought a "facial challenge to the Executive Orders" generally that they claimed sought to punish jurisdictions with sanctuary policies. Dkt. Nos. 22, 193 (First and Second Amended Complaints), *see* Dkt. No. 233 at 4. Conversely, the *Santa Clara* plaintiffs seek to challenge grant terms as applied on a grant-by-grant basis. Thus, their challenges should proceed in their separate and unrelated lawsuit. In fact, this Court distinguished such challenges from the legal issue in *San Francisco*. *See* Dkt. No. 147, n.4 ("There may be individual law enforcement grant programs, for example, that have a sufficient relationship to the sanctuary jurisdiction policies that immigration-related conditions may be legal. That is a different matter altogether than efforts like the Executive Orders and

3

challenged standard terms and conditions to coerce the Cities and Counties to change their so-called sanctuary policies.").

Further, while the *Santa Clara* plaintiffs claim that the Court's prior analysis of the constitutionality of DHS' standard terms generally "will undoubtedly inform its analysis of those terms as applied to particular grants," the plaintiffs admit that the *San Francisco* preliminary injunction extends to DHS's "Standard Terms and Conditions" for federal grant agreements, only insofar as those terms and conditions implement the enjoined sections of the EOs challenged in this case. *See City & Cnty. of San Francisco v. Trump*, No. 25-CV-01350-WHO, 2025 WL 1738675, at *1 (N.D. Cal. June 23, 2025). Additionally, based on the plaintiffs' own representation, the *Santa Clara* case will require a court to analyze not just DHS Standard Terms and Conditions as applied to specific FEMA grants, but also terms requiring "recipients to certify that they do not operate any programs that 'advance or promote DEI, DEIA, or discriminatory equity ideology in violation of Federal anti-discrimination laws,' among other discrimination-related provisions"—none of which are at issue in *San Francisco*.

Finally, despite the plaintiffs' claim that "[t]here is no benefit to requiring that another court take on from scratch an analysis this Court has already conducted and develop the expertise this Court has already amassed," all district court judges are well versed in assessing challenges under the Constitution's separation of powers, spending power, and the Administrative Procedure Act.

In sum, the *Santa Clara* case involves different facts and specific grant terms and statutory authority to apply them to specific grants—all of which differ from this Court's analysis of the Executive Orders and the alleged broad implementation therefrom. Thus, the plaintiffs have not shown that *Santa Clara* concerns substantially the same parties, transaction, or event, or that proceeding before Judge Davila would be an unduly burdensome duplication of labor and expense.

Wherefore, the Court should deny the Motion.

DATED: October 6, 2025                                       Respectfully submitted,

                                                                                                    BRETT A. SHUMATE
                                                                                                    Assistant Attorney General
                                                                                                    Civil Division

DREW C. ENSIGN
Acting Deputy Assistant Attorney General

GLENN GIRDHARRY
Acting Deputy Director

ELIANIS PEREZ
Assistant Director
LINDSAY ZIMLIKI
VICTORIA TURCIOS
ANGEL FLEMING
CAROLINE MCGUIRE
Trial Attorneys

*/s/ Lauren Fascett*
LAUREN FASCETT
Senior Litigation Counsel
U.S. Department of Justice
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
202-353-5079
Lauren.Fascett@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of October 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which provided an electronic notice and electronic link of the same to all attorneys of record through the Court's CM/ECF system.

/s/ Lauren Fascett
LAUREN FASCETT
Senior Litigation Counsel
U.S. Department of Justice
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
202-353-5079
Lauren.Fascett@usdoj.gov