ELIZABETH B. WYDRA (BAR NO. 218200)
BRIANNE J. GOROD
BRIAN R. FRAZELLE
MIRIAM BECKER-COHEN
NINA HENRY
CONSTITUTIONAL ACCOUNTABILITY CENTER
1730 Rhode Island Ave. NW, Suite 1200
Washington, D.C. 20036
(202) 296-6889
elizabeth@theusconstitution.org

*Counsel for Amicus Curiae*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PRESIDENT DONALD TRUMP, *et al.*, <br><br> Defendants. | Case No. 3:25-cv-1350-WHO <br><br> **MOTION OF CONSTITUTIONAL ACCOUNTABILITY CENTER FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** <br><br> Hearing Date: November 5, 2025 <br> Time: 2:00 p.m. PST <br> Place: Courtroom 2 <br> Judge: Honorable William H. Orrick |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Constitutional Accountability Center (CAC) hereby respectfully moves the Court for leave to file a brief *amicus curiae* in the above-captioned case in opposition to Defendants' Motion to Dismiss. Plaintiffs have consented to the filing of this brief. Defendants take no position. A copy of the proposed *amicus curiae* brief is attached to this motion. In support of this motion, *amicus* states:

1. CAC is a think tank and public interest law firm dedicated to fulfilling the progressive promise of the Constitution's text and history. CAC works to improve understanding of the Constitution and accordingly has an interest in this case.

2. CAC has filed *amicus* briefs in this Court and other courts across the country addressing the Constitution's separation of powers, including Congress's plenary power of the purse, *see, e.g.*, Brief of Constitutional Accountability Center as *Amicus Curiae* in Support of Plaintiffs' Motion for Temporary Restraining Order, *American Federation of Government Employees, AFL-CIO v. President Donald Trump*, No. 3:25-cv-03698-SI (N.D. Cal. filed May 7, 2025); Brief of Constitutional Accountability Center as *Amicus Curiae* in Support of Plaintiffs-Appellees, *Global Health Council v. Trump & AIDS Vaccine Advocacy Coalition v. Department of State*, Nos. 25-5097, 25-5098 (D.C. Cir. filed June 13, 2025); Brief of Constitutional Accountability Center as *Amicus Curiae* in Support of Plaintiffs-Appellees, *The Sustainability Institute v. Trump*, No. 25-1575 (4th Cir. filed July 11, 2025). Accordingly, CAC has developed expertise relevant to the viability of constitutional claims challenging a President's effort to unilaterally impose non-statutory conditions on appropriated funds.

3. District courts have discretion to permit third parties to participate in an action as *amici curiae*, and courts have "exercised great liberality" in allowing *amicus* briefs. *Woodfin Suite*

1  *Hotels, LLC v. City of Emeryville*, No. 06-1254, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007)
2  (quoting *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991)).  District courts
3  frequently accept *amicus* briefs from non-parties when the legal issues in a case "have potential
4  ramifications beyond the parties directly involved" or if the *amicus* has "unique information or
5  perspective that can help the court."  *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F.
6  Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quotation marks omitted).  There are no strict prerequisites
7  that must be established to qualify for *amicus* status; the sole criterion is that the applicant make a
8  showing that its "participation is useful or otherwise desirable to the court."  *Woodfin Suite Hotels*,
9  2007 WL 81911, at *3 (quotation marks omitted).

10         3.      The proposed, attached *amicus curiae* brief satisfies these standards.  First, it
11  provides a unique historical perspective on Congress's plenary control over appropriations and
12  spending.  Second, it provides a detailed analysis of *Dalton v. Specter*, 511 U.S. 462 (1994), and
13  why that case does not foreclose judicial review of the separation-of-powers claim in this case.
14  Third, it zooms out from *Dalton v. Specter* to demonstrate how the Supreme Court has analyzed
15  constitutional claims alongside statutory violations and makes clear how constitutional review in
16  this case fits into the broader doctrinal backdrop.

17         4.      For the foregoing reasons, *amicus curiae* respectfully requests leave to file the
18  attached brief.  A proposed order is attached to this motion.

Dated:  October 7, 2025

Respectfully submitted,

*/s/ Elizabeth B. Wydra*
Elizabeth B. Wydra (Bar No. 218200)
Brianne J. Gorod
Brian R. Frazelle
Miriam Becker-Cohen
Nina Henry
Constitutional Accountability Center
1730 Rhode Island Ave. NW, Suite 1200
Washington, D.C. 20036
(202) 296-6889
elizabeth@theusconstitution.org

*Counsel for Amicus Curiae*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2025, the foregoing document was filed with the Clerk of the Court, using the CM/ECF system, causing it to be served on all counsel of record.

Dated: October 7, 2025

<u>*/s/ Elizabeth B. Wydra*</u>
Elizabeth B. Wydra
